IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATHANIEL SHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-CV-606-ID |
| ) | [WO] |
| ) | |
| D. T. MARSHALL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Nathaniel Shaw ["Shaw"], an inmate confined in the Montgomery County Detention Facility, challenges the constitutionality of medical treatment provided to him and conditions of confinement at the aforementioned facility. Shaw further complains that police officers used excessive force during his arrest. On July 19, 2007, Shaw filed a motion for preliminary injunction in which he seeks referral to an eye specialist and provision of an after dinner diabetic snack. *Court Doc. No. 5* at 1-2.

**I. STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction if Shaw demonstrates the following: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury to Shaw outweighs the potential

damage the requested injunction may cause the non-moving parties; and (4) the injunction would be in the public interest. *Palmer,* 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

## II. DISCUSSION

In his motion for preliminary injunction, Shaw challenges the medical treatment provided to him at the Montgomery County Detention Facility and the failure of jail personnel to provide him a diabetic snack after his evening meal. Pursuant to the orders

of this court, the defendants filed responses and probative evidentiary materials which refute the plaintiff's allegations. Specifically, the defendants maintain that Shaw has received appropriate treatment for his eye and, therefore, referral to an outside specialist is not warranted. *Affidavit of Dr. Johnny E. Bates - Court Doc. No. 13* at 2-4 (On May 12, 2007, inmate Shaw is evaluated and "his [prescribed] medications started. His blood sugar was checked for two weeks twice daily and, after determining that his blood sugar was under good control, the order was changed to once daily. (The patient is a Type II Diabetic with good control, not requiring close glucose monitoring).... The inmate was examined [on June 8, 2007 for complaints related to his left eye and numbness on his left side] and, at that time, he had vision in his left eye on confrontation (a method of checking for vision not reliant upon the patient's compliance). He stated that he could see and count my fingers held in front of him, but that they were blurry. The inmate was not wearing his prescription glasses at the time.... Although the inmate complained of left arm and left side numbness, his neurological exam was normal. It is to be noted that if the inmate was correct and he sustained an injury to the left side of his head, any neurological deficit would have occurred on his right side. I did not feel my exam on that day was adequate, so I had the inmate brought back for a re-exam so that I could dilate his pupil and get a good look at the fundus of the eye to rule out a treatable cause for his perceived decreased vision. This re-exam occurred on June 18, 2007 and I dilated his pupil and did a fundoscopic exam, which did not reveal an abnormality which could lead to the patient's complaint. In

particular I saw no evidence of retinal detachment, severe diabetic retinopathy or cupping of the disc (suggestive of glaucoma).... Despite the normal exam I felt that one additional test was warranted, that being a measurement of his ocular pressure to further rule out the possibility of glaucoma.... [H]is pressures were measured on July 2, 2007 and found to be 2, which is completely normal.... In my judgment there was no treatable condition that would warrant an offsite evaluation. His neurological complaints also did not appear to be legitimate, as he has a normal neurological exam, and his complaints are highly unlikely, given the scenario of the injury he describes.... [T]he inmate's decreased vision is likely due to decreased visual activity from a refractive error, which is correctable with the use of his glasses."). Shaw is in possession of his eye glasses. *Affidavit of Silas Orum, III - Court Doc. No. 16-2*. The defendants further assert that Shaw's diabetes is controlled by his oral medication and he therefore does not require additional food or snacks. *Affidavit of Dr. Johnny E. Bates - Court Doc. No. 13* at 2; *Affidavit of Barbara Palmer-Byrd - Court Doc. No. 16-2*.

     Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Shaw has proven a substantial likelihood of success on the merits. Having reviewed Shaw's request for preliminary injunctive relief and the probative evidentiary materials filed by the defendants, the court concludes that Shaw has failed to carry his burden. Other than self-serving, conclusory allegations of constitutional violations, Shaw presents no proof or objective evidence that the actions about which he

4

complains violated or are now violating his constitutional rights. Essentially, the court has nothing other than Shaw's mere conclusions of law and unsupported factual allegations as to whether the medical treatment and meal plan challenged in his motion for preliminary injunction run afoul of the Constitution. Shaw has therefore failed to establish a substantial likelihood of success on the merits.

Shaw also fails to demonstrate that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. As noted, Shaw provides no proof or objective evidence in support of his allegations concerning the actions about which he complains. The third factor, balancing potential harm to the parties, is basically a neutral factor at this juncture. Finally, the pleadings before the court are devoid of any evidence which shows that issuance of an injunction would serve the public interest. Thus, Shaw has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff on July 19, 2007 (Court Doc. No. 5) be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before August 22, 2007, the parties may file objections to the

Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE, this 9th day of August, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE