IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

(1.)

RECEIVED
2007 AUG 15  A 9: 22

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

NATHANIEL SHAW,
   PLAINTIFF,

V.

D.T. MARSHALL, et al,
   DEFENDANTS,

CIVIL ACTION NO. 2:07-CV-606-ID
[WO]

## OBJECTION TO FINDINGS IN RECOMMENDATION

COMES NOW PLAINTIFF NATHANIEL SHAW, "PRO SE" PURSUANT TO THE APPROPRIATE RULE AND AUTHORITY HEREIN RESPECTFULLY SUBMITS HIS WRITTEN OBJECTION TO THE RECOMMENDATION OF THIS HONORABLE MAGISTRATE JUDGE FOR RECONSIDERATION.

THE PLAINTIFF DOES IN FACT ASSERT THAT HE DOES HAVE EVIDENCE THAT HIS CONSTITUTIONAL RIGHTS WERE AND STILL ARE BEING VIOLATED. THE PLAINTIFF STATES THAT HE WILL SHOW PROOF AND WILL ESTABLISH A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS.

THE PLAINTIFF WOULD LIKE TO SPECIFICALLY IDENTIFY THAT HE OBJECTS TO DR. BATES SWORN AFFIDAVIT WHERE DR. BATES' RECOMMENDATION THAT THERE IS NO NEED FOR A SPECIALIZED

(2)

EVALUATION AND TREATMENT FROM AN INDEPENDENT TRAINED OPTHAMOLOGIST IS UNNECESSARY.

DR. BATES, INCONSISTENT STATEMENTS (SEE DR. BATES, AFFIDAVIT) WHERE DR. BATES, STATED THAT THE PLAINTIFF NEVER COMPLAINED OF AN EYE INJURY OR VISUAL PROBLEMS. THE PLAINTIFF ASSERTS THAT DURING THE INITIAL INTERVIEW BY NON-MEDICAL STAFF OF THE MONTGOMERY COUNTY DETENTION FACILITY (SEE OFFICER/INMATE QUESTIONAIRE) THE PLAINTIFF DID ATTEST THAT HE DID IN FACT HAVE AN INJURY TO HIS LEFT EYE CAUSED BY OFFICERS OF THE MONTGOMERY POLICE DEPARTMENT AND DID ASK FOR IMMEDIATE MEDICAL TREATMENT, AND THAT IF DR. BATES, HAD PAID ATTENTION TO THE QUESTIONAIRE, HE WOULD HAVE KNOWN THAT THE PLAINTIFF HAD MADE A FORMAL AND DOCUMENTED COMPLAINT OF INJURY.

TO FURTHER REFUTE DR. BATES CLAIM THAT NO OTHER OUTSIDE TREATMENT IS NEEDED DR. BATES, ASSERTS THAT "INMATE DENIED ANY PROBLEMS AT THE TIME OF A PHYSICAL ASSESSMENT BY MEDICAL STAFF." (SEE INTAKE SCREENING BY JANE LAWRENCE R.N. DATED MAY 12, 2007.)

(3)

as consistent with Dr. Bates' lack of diligence and neglect. He paid no attention to a form labeled QCHC Initial Inmate Health Assessment: Subject Eleven (11) Eye-Disease was checked in the positive. On June 4th 2007 a request was submitted by the plaintiff complaining of blindness and numbness on left side yet, four (4) days later 06-08-2007 during a preliminary hearing for criminal charges related to this case, the Honorable Judge Sharon G. Yates, was made aware of the Montgomery County Detention Facilities blatant disregard for the plaintiff's physical condition and upon her own initiative instructed the bailiff to order the Montgomery County Detention Facility to provide medical treatment ASAP. (See Exhibit A)

The plaintiff asserts that Dr. Bates did in fact carry out the test he described in his affidavit. However, in keeping with his specialty as an <u>Enternist</u>. And even then Dr. Bates still wasn't sure of his own expertise - See affidavit. Where Dr. Bates stated "I did not feel my exam

(4)

ON THAT DAY WAS ADEQUATE." THIS WAS ON JUNE 8th 2007. THE RE-EXAM OCCURRED ON JUNE 18th 2007 ONCE AGAIN DR. BATES DOUBTED HIS OWN EXAM AND (SEE AFFIDAVIT) "PURCHASED EQUIPMENT TO ACCOMPLISH THE TASK. DR. BATES, MADE A DECISION NOT TO REFER THE PLAINTIFF TO AN EYE SPECIALIST BASED UPON HIS OWN EXAMINATIONS WHICH EVEN HE WAS UNCOMFORTABLE WITH.

CONCERNING THE PROVISION OF AN AFTER DINNER DIABETIC SNACK - THE PLAINTIFF ASSERTS THAT BETWEEN 5:00 P.M. UNTIL 5:00 A.M. THE FACILITY DOES NOT PROVIDE A DIABETIC SNACK LEADING TO LOW BLOOD SUGAR LEVELS DURING THE A.M. CHECKS. THE ABSENCE OF SAID FOOD FOR NOT JUST THIS DIABETIC BUT FOR OTHER DIABETIC INMATES AS WELL - CAN CAUSE IRREPARABLE HARM. THIS SHOWS BENEFIT TO PUBLIC INTEREST. AGAIN DR. BATES REFUSES TO USE WRITTEN DOCUMENTED PROOF AS A BASIS FOR HIS OPINIONS. ALSO, THE PLAINTIFF ASSERTS THAT BLOOD SUGAR LEVELS ARE BASED ON AN INDIVIDUAL BASE LINE WHICH ARE NOT STANDARD DUE TO THE DIFFERENCE IN EACH INDIVIDUAL. THE PLAINTIFF ASSERTS THAT DUE TO THE ABOVE MERITS

(5)

THIS HONORABLE COURT SHOULD GRANT HIS REQUEST FOR INJUNCTIVE RELIEF. THE PLAINTIFF STATES THAT HE HAS TO THE BEST OF HIS ABILITY WITHOUT ANY BENEFIT OF AN ATTORNEY, HAS POINTED OUT FACTS IN THIS CASE THAT SHOULD SWAY THIS HONORABLE COURT TO GRANT INJUNCTIVE RELIEF. THE PLAINTIFF PRAYS THAT THIS HONORABLE COURT RECOGNIZES THAT THE PLAINTIFF HAS SATISFIED THE REQUISITE FOR:

(1) THE LIKELIHOOD OF SUCCESS ON THE MERITS AS DEMONSTRATED IN THE ABOVE MENTIONED FACTS

(2) THAT THE PLAINTIFF WILL SUFFER IRREPARABLE INJURY ABSENT ISSUANCE OF THE INJUNCTION. THIS REQUISITE IS A ISSUE THAT IS UNFOLDING EVEN AS THE PLAINTIFF RESPONDS TO THIS RECOMMENDATION OF THIS HONORABLE COURT. THE PLAINTIFF AT PRESENT IS EXPERIENCING SEVERE HEADACHES, BLURRED VISION - PHYSICAL FATIGUE, SLUGGISHNESS, ALONG WITH MENTAL ANGUISH - ANXIETY, FRUSTRATION AND FEAR OF SEEKING MEDICAL TREATMENT AT THIS FACILITY. THE PLAINTIFF HAS NO CHOICE

(6).

BUT TO ASK THE MEDICAL DEPARTMENT FOR RELIEF FROM THE ABOVE ALBEIT HIS LACK OF TRUST IN THE DOCTOR AND HIS STAFF'S PROFESSIONALISM. HOWEVER; THE PLAINTIFF CAN ONLY SURMISE THAT IF HE DOES NOT RECEIVE MORE EXPERIENCED AND EXPERT TREATMENT - HE FEARS TOTAL LOSS OF VISION IN HIS EYE ALSO, THAT WITHOUT THE PROPER FOOD SUPPLEMENT TO THE DIABETIC TREATMENT, THE PLAINTIFF'S PHYSICAL DECLINE CAN AND WILL LEAD TO DIABETIC COMA EVEN TO DEATH.

(3) THE COURT FEELS THAT BALANCING POTENTIAL HARM TO THE PARTIES IS A NEUTRAL FACTOR. HOWEVER; THE PLAINTIFF WHO'S A VETERAN OF THIS COUNTRY'S ARMED FORCES ASKS THIS COURT TO DETERMINE IF TREATMENT BY AN EYE SPECIALIST AT THE VETERANS ADMINISTRATION AT NO COST TO THIS COUNTY EXCEPT TRANSPORTATION WOULD CAUSE ANY HARM OTHER THAN TO <u>DR. BATES EGO</u>. THE PLAINTIFF HAS RAISED THIS ALTERNATIVE BEFORE TO THIS STAFF TO NO AVAIL AND WISHES THE COURT TO CONSIDER THE LOGIC AS SOUND.

(4) THIS INJUNCTIVE RELIEF IS IN THE PUBLIC INTEREST INSOFAR AS TO MAKE SURE THAT DR. BATES AN INTERNIST STAYS WITHIN HIS LEVEL OF EXPERTISE AND STARTS PAYING ATTENTION

WITH DILIGENCE TO THE INMATES AT THIS FACILITY WITHOUT MAKING RUSHED DIAGNOSIS. TO GIVE PROPER TREATMENT WITHOUT PERSUASION FROM THE COURTS

## IN CONCLUSION

THE PLAINTIFF RE-ASSERTS THAT HE MET THE REQUISITE TO THE BEST OF HIS ABILITY THE BURDEN OF PERSUASION IN HIS PURSUIT FOR INJUNCTIVE RELIEF. THE PLAINTIFF REITERATES THAT THIS INJUNCTIVE RELIEF IS NOT ONLY ESSENTIAL BUT SHOULD BE GRANTED FORTHWITH, THAT SPECIALIZED TREATMENT IS NECESSARY IMMEDIATELY. THE PLAINTIFF UNDERSTANDS THAT THE LEGAL PROCESS IS A PROCESS HOWEVER; THE PLAINTIFF IS IN PHYSICAL DISTRESS EVEN AS HE WRITES THIS OBJECTION.

THE PLAINTIFF RE ASSERTS THAT DR. BATES HAS SHOWN DELIBERATE INDIFFERENCE, LACK OF DILIGENCE AND INADEQUATE MEDICAL TREATMENT. THE PLAINTIFF HAS SPECIFIED THESE CLAIMS WITH EVIDENCE IN THE ABOVE OBJECTION. PLAINTIFF BELIEVE THAT ONCE OUTSIDE TREATMENT IS MADE AVAILABLE, THE FINDINGS FROM THE EXAMINATION WILL SHOW

(8)

DR. BATES, WAS WRONG IN HIS ASSESSMENTS AND OPINIONS, WHICH THE PLAINTIFF SHOWED AND DR. BATES, ADMITTED HE WAS NOT CONFIDENT IN. PLAINTIFF STAND FIRM UPON THE PASSWORD OF TRUTH, AND PAIN AT THIS PRESENT MOMENT CAUSE THE PLAINTIFF TO BE STRAIGHT FORWARD IN STATING THAT DR. BATES, HAS COMMITTED PERJURY IN A FEDERAL SWORN AFFIDAVIT A CRIME PUNISHABLE BY IMPRISONMENT. TRULY IT IS HARD TO BELIEVE THAT COUNSEL FOR THE DEFENDANT WOULD ALLOW HIS CLIENT TO SO BLATANTLY COMMIT PERJURY BEFORE THIS HONORABLE COURT. PERHAPS, THE COURT MAY HAVE OVER LOOKED THIS FACT, HOWEVER, THE PLAINTIFF BEING IN DIRE NEED OF MEDICAL TREATMENT IS LEFT NO CHOICE BUT TO PRAY THAT THIS HONORABLE COURT GRANT THE MOTION FOR INJUNCTIVE RELIEF. AND FURTHERMORE, THE PLAINTIFF IS OF THE OPINION THAT DR. BATES, ACTIONS REFLECT AN INTENT TO COVER UP THE FACT THAT THE PLAINTIFF WAS IN FACT INJURED BY THE EXCESSIVE FORCE OF THE MONTGOMERY POLICE DEPARTMENT WHICH IN ITSELF IS A VIOLATION OF THE PLAINTIFF CIVIL RIGHTS. THE PLAINTIFF HAS PLACED

(9)

HIS LIFE ON THE LINE FOR THIS GREAT COUNTRY THAT FREEDOM AND EQUALITY SHOULD PREVAIL FOR ALL HUMANITY. THE PLAINTIFF STRONGLY FEEL THAT THE DEFENDANTS HAD IT'S TRAINED EXPERT IN DR. BATES, WHOM HAVE PERJURED HIMSELF MERELY TO PREVENT PLAINTIFF FROM HAVING HIS LEGAL RIGHT TO INDEPENTENT EXPERT OPINION ALSO. THEREFORE, IN ALL FAIRNESS THE PLAINTIFF HUMBLY PRAY THIS HONORABLE COURT IN ALL ITS WISDOM WILL RENDER THE FAIRNESS AND EQUALITY ENTITLE TO THE PLAINTIFF AS WELL DEFENDANTS, THE PLAINTIFF SHALL PREVAIL ON THE MERITS SIMPLY BECAUSE PLAINTIFF HAS AND STILL YET, IS SUFFERING IRREPARABLE HARM CAUSED BY THE DEFENDANTS. THE PLAINTIFF HUMBLY PRAYS THAT THIS HONORABLE COURT WILL GRANT RELIEF IN THIS CIRCUIT.

IT IS SO PRAYED

RESPECTFULLY SUBMITTED TO UNDER PENALY OF PERJURY ON AUGUST 13th 2007

S/ Nathaniel Shaw
NATHANIEL SHAW PRO
PLAINTIFF AFFIANT
M.C.D.F
P.O. BOX 4599

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CIVIL ACTION NO: 2:07-CV-606-ID

CERTIFICATE OF SERVICE

I, NATHANIEL SHAW, DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING HAS BEEN FURNISHED BY US MAIL ON THIS 13th DAY OF AUGUST 2007 TO;

(1) WAYNE P. TURNER, P.O. BOX 152, MONTGOMERY, ALABAMA 36101-0152 COUNSEL FOR DR JOHNNY E. BATES

(2) ALLISON H. HIGHLEY, CITY OF MONTGOMERY, LEGAL DEPT. P.O. BOX 1111, MONTGOMERY, ALABAMA 36101-1111 COUNSEL FOR ARTHUR BAYLOR M.P.D.

(3) CONSTANCE C. WALKER, HASKELL SLAUGHTER YOUNG + GALLION, LLC P.O. BOX 4660 MONTGOMERY, ALABAMA 36103-4660 COUNSEL FOR D.T. MARSHALL; GINA SAVAGE + C.J. COUGHLIN

DATE AUGUST 13th, 2007

SIGNED *Nathaniel Shaw*
NATHANIEL SHAW,
BOOKING # 89354
M.C.D.F
P.O. BOX 4599
MONTGOMERY, AL
36103-4590

NATHANIEL SHAW
BOOKING # 89354
M.C.D.F.
P.O. BOX 4599
MONTGOMERY, ALABAMA
36103-4599

INMATE MAIL

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
P.O. BOX 711
MONTGOMERY, ALABAMA
36103-0711

