IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

NATHANIEL SHAW,                    *
                                   *
        Plaintiff,                 *
                                   *   Civil Action No.
vs.                                *   2:07-CV-606-ID
                                   *
D. T. MARSHALL, et al.,            *
                                   *
        Defendants.                *

## SPECIAL REPORT

COME NOW the Defendants D. T. Marshall, Sheriff of Montgomery County, Alabama, and Gina M. Savage, Director of the Montgomery County Detention Facility, and submit the following Special Report to this Court.

## DOCUMENTS

Affidavit of D.T. Marshall

Affidavit of Gina M. Savage

Affidavit of Silas Orum, III

Affidavit of Barbara Palmer Byrd

Affidavit of Johnny E. Bates, M.D. (previously filed with the Court on August 7, 2007)

## PLAINTIFF'S ALLEGATIONS

In Count I of the Complaint, Plaintiff claims that he was subjected to physical abuse by the members of the police department on May 9, 2007. (Complaint, Count I) In Count II, Plaintiff claims that he was denied access to the courts because the original of his complaint filed in this case was not mailed to the clerk's office. (Complaint, Count II) In Count III of the Complaint, Plaintiff claims that he has been subjected to cruel and

unusual punishment at the Montgomery County Detention Facility because the facility has little or no ventilation and is infested with spiders that are biting inmates.  Plaintiff also claims that he is being subjected to cruel and unusual punishment because he is only given recreation once a month.  Plaintiff further claims that he is being denied medical treatment for his left eye.  (Complaint, Count III, p. 2)   For relief, Plaintiff requests the following:

    a.    that the Court order an investigation of the Montgomery Police Department's arrest procedures and the taking of property;

    b.    a full scale investigation and audit be held "to see where the federal funds are being spent for each inmate daily;"

    c.    relocation of Plaintiff to a federal holding facility;

    d.    an order directing the Defendants "not to harass the plaintiff or place Plaintiff in threating (sic) positions;"

    e.    an order directing the Defendants "to provide Plaintiff will full medical treatment to save the vision in his let eye" or that Plaintiff be taken to a V.A. Medical Facility for treatment;

    f.    $75,000 in punitive damages from each Defendant, and $50,000 for pain and mental anguish suffered.

## FACTS

Plaintiff is a pre-sentenced inmate who was incarcerated at the Montgomery County Detention Facility ("MCDF") on May 8, 2007 charged with three counts of Possession of Forged Instrument, Theft of Property 1st, Trafficking Stolen Identities and Possession of Controlled Substance.  (Affidavit of Gina Savage, ¶ 3)  His total bond was set at $80,000.  (Affidavit of Gina Savage, ¶ 3)  There is a hold on the Plaintiff for the Prattville Police Department and for the State of Florida.  (Affidavit of Gina Savage, ¶ 3)

A list of mail transactions for Plaintiff is attached and shows that four separate mailings to the United States District Court for the Middle District of Alabama were mailed by the MDCF for the Plaintiff in June of 2007:

1.     June 26, 2007: Office of the Clerk United States District Court POB 711, Montgomery, AL 36101-0711; mailed June 26, 2007;

2.     June 26, 2007: Officer of the Clerk United States District Court POB 711, Montgomery, AL 36101-0711; mailed June 26, 2007;

3.     June 27, 2007: Officer of the Clerk United States District Court POB 711 Montgomery, AL 36101-0711; mailed June 27, 2007;

4.     June 27, 2007; Officer of the Clerk United States District Court POB 711, Montgomery AL; mailed June 27, 2007

(Affidavit of Gina Savage, ¶ 4, Ex. 1, p. 1)  Two pieces of mail were shredded in June of 2007 because they were addressed in ink.  (Affidavit of Gina Savage, ¶ 4, Ex. 1, p. 2) One of these was a piece of mail addressed to the Office of the Clerk of the United States.

It is the policy of the MCDF that every effort will be made on the part of facility personnel to ensure safe custody, decent living conditions, and fair treatment for all inmates.  (Affidavit of D. T. Marshall, ¶ 3)  The MCDF is equipped with central heating and air conditioning.  (Affidavit of Gina Savage, ¶ 5)  There is no ventilation problem at the MCDF.  (Affidavit of Gina Savage, ¶ 5)  The MDCF is also under contract with an exterminating company and is treated every three months and more often if the need arises.  (Affidavit of Gina Savage, ¶ 5)  The MCDF is also inspected by the State of Alabama Health Department and the State of Alabama Department of Corrections and continuously ranks high in all areas.  (Affidavit of Gina Savage, ¶ 5)

The MCDF also employs a Recreation Technician who gives inmates an opportunity to participate in recreation.  (Affidavit of Gina Savage, ¶ 6)  Recreation was

available to Plaintiff on May 3, May 31, June 28 and July 16, 2007, however, Plaintiff did not participate.  (Affidavit of Gina Savage, ¶ 6)  Due to the number of inmates housed in the MCDF and the jail renovation currently underway, it is not possible to provide inmates with recreation on a daily basis.  (Affidavit of Gina Savage, ¶ 6)  Plaintiff has filed no grievances stating that he was being harassed, that he was threatened in any way or that he feared for his safety.  (Affidavit of Gina Savage, ¶ 8)

The MCDF also contracts medical services for county inmates to Quality Correctional Health Care.  (Affidavit of Gina Savage, ¶ 7)  Plaintiff has been treated by Dr. Johnny Bates with Quality Correctional Health Care.  (Affidavit of Gina Savage, ¶ 7) Dr. Bates has filed an affidavit with this Court regarding his treatment of the Plaintiff and Defendants adopt and incorporate herein the Affidavit of Johnny E. Bates, M.D., in support of this Special Report.  Dr. Bates testified that "the inmate's decreased vision is likely due to decreased visual acuity from a refractive error, which is correctable with the use of his glasses."  (Bates Affidavit, ¶ 3).  Dr. Bates further testified that in his opinion Plaintiff had "no treatable condition that would warrant an offsite evaluation."  (Bates Affidavit, ¶ 2).  Defendants further submit the attached affidavit of Silas Orum, III.  As set forth in the affidavit of Orum, Plaintiff now has his eyeglasses.  (Orum Affidavit, ¶ 2) Plaintiff is being monitored on an individual basis to determine his blood sugar levels and his levels remain in the normal range.  (Palmer-Byrd Affidavit, ¶ 2).

## DEFENSES

1.     The Complaint fails to state a claim against these Defendants upon which relief can be granted.

2.      Defendants did not violate any of the Plaintiff's constitutional rights afforded him under law.

3.      Defendants are entitled to immunity under the Eleventh Amendment to the United States Constitution with respect to Plaintiff's claims against them in their official capacities.

4.      All official capacity claims against these Defendants must be dismissed because in their official capacities, Defendants are not considered "persons" subject to liability under 42 U.S.C. § 1983.

5.      Defendants are entitled to qualified immunity with respect to Plaintiff's claims against them in their individual capacities.

6.      Defendants aver that they acted in a manner that was in accordance with previous court rulings regarding the operation of the MCDF.

7.      Defendants aver that the prison regulations in question were reasonably related to legitimate penological interests.

8.      Defendants aver that Plaintiff's claim for deliberate indifference to serious medical needs is due to be dismissed because Plaintiff was afforded more than adequate medical care by the Defendants.

9.      Plaintiff's claim for access to the courts is due to be dismissed because Plaintiff cannot show an actual injury.

10.     Plaintiff's claim for emotional distress is due to be dismissed because Plaintiff has not suffered any physical injury.

11.     Plaintiff's claims regarding prison conditions are due to be dismissed because he failed to exhaust administrative remedies.

12.     Plaintiff has failed to satisfy the requirements for injunctive relief therefore all claims for injunctive relief are due to be dismissed.

## MEMORANDUM OF LAW

### A.     <u>The Eleventh Amendment bars all official capacity claims.</u>

Plaintiff's claims against Sheriff Marshall and Director Savage, in their official capacities, must be dismissed because they are entitled to immunity pursuant to the Eleventh Amendment to the United States Constitution. The Eleventh Amendment prohibits suits in federal court against States and state officials in their official capacities. *Kimel v. State of Florida Bd. of Regents,* 139 F.3d 1426, 1429 (11th Cir. 1998); *Parker v. Williams,* 862 F.2d 1471 (11th Cir. 1989).    Under Alabama law, sheriffs are state officers, and tort claims brought against sheriffs based on their official acts constitute suits against the State of Alabama. *Lancaster v. Monroe County,* 116 F.3d 1419, 1429 (11th Cir. 1997); *Parker v. Williams,* 862 F.2d 1471 (11th Cir. 1989), *rev'd on other grounds, Turquitt v. Jefferson County,* 137 F.3d 1285 (11th Cir. 1998).   Under Alabama law, jailers carry out the sheriff's duty to maintain the legal custody and charge of the jail and all prisoners committed thereto. *Ala.Code* § 14-6-1 (1975).   Therefore, Savage, is also entitled immunity pursuant to the Eleventh Amendment with respect to the § 1983 claims asserted against her in her official capacity. *Lancaster v. Monroe County,* 116 F.3d at 1429-30.

Plaintiff's claims against Defendants Marshall and Savage, in their official capacities under 42 U.S.C. §1983, should also be dismissed because in their official capacities, Defendants are not considered "persons" subject to liability under 42 U.S.C §

1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed. 2d 45 (1989); *Adams v. Franklin,* 111 F.Supp.2d 1255 (M.D.Ala. 2000).

### B.    Qualified Immunity.

For liability under § 1983, specific acts of personal involvement in the deprivation must be shown. *Respondeat superior* liability is not cognizable under § 1983. *Braddy v. Florida Dep't of Labor & Employment Sec.,* 133 F.3d 797, 801 (11th Cir. 1998); *Smith v. State of Alabama,* 996 F.Supp. 1203, 1212 (M.D.Ala. 1998). If the complaint does not allege that a defendant personally participated in the alleged constitutional deprivation, it should demonstrate an affirmative causal connection between the defendant's acts and the alleged constitutional deprivation in order to state a cause of action under § 1983. *Braddy,* 133 F.3d at 801-802; *Smith,* 996 F.Supp. at 1212.

The Eleventh Circuit has also imposed a "heightened pleading requirement" on plaintiffs when evaluating claims of qualified immunity. *GJR Investments, Inc. v. County of Escambia,* 132 F.3d 1359, 1367 (11th Cir. 1998). This requires that the plaintiff's complaint contain detailed allegations and specific facts concerning each defendant, which indicates what each defendant did to violate the plaintiff's rights. "Otherwise, the court must conclude that the named defendants, sued in their individual capacities, are entitled to qualified immunity from claims under both §§ 1981 and 1983." *Smith v. State of Alabama,* 996 F.Supp. 1203, 1212 (M.D.Ala. 1998).

Plaintiff's Complaint fails to set forth any facts of any personal involvement of Defendants Marshall and Savage in the alleged constitutional deprivations complained of by Plaintiff. There is also no allegation demonstrating a causal connection between the acts or omissions of these Defendants and the Plaintiff's injuries. It further appears that

Sheriff Marshall and Detention Facility Director Savage are sued solely because they had supervisory authority over the personnel at the detention facility.  Because there are no facts demonstrating any personal involvement by these Defendants, they are entitled to qualified immunity.

"Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known." *Gonzales v. Lee County Housing Authority,* 161 F.3rd 1290, 1295 (11th Cir. 1998).  Defendants were acting within the scope of their discretionary authority, and the burden is therefore on the Plaintiff to demonstrate that Defendants' actions rise to a constitutional violation, and that Defendants violated clearly established law.  *Hope v. Pelzer,* 536 U.S. 730 (2002).  "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz,* 533 U.S. 194, 202 (2001). The applicable law "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  *Anderson v.Creighton,* 483 U.S. 635, 640 (1987).  In determining whether the unlawfulness of an official's actions was clearly established, "the salient question . . . is whether the state of the law [at the time of the unconstitutional act] gave [the official] fair warning that [his] alleged treatment of [the plaintiff] was unconstitutional." *Williams v. Consol. City of Jacksonville,* 341 F.3d 1261, 1270 (11th Cir. 2003) *quoting Hope,* 536 U.S. at 741.  Plaintiff cannot meet this burden; therefore, his claims should be dismissed.

Defendants are also entitled to qualified immunity because Plaintiff has failed to allege or demonstrate a constitutional violation. In evaluating the defense of qualified immunity, the court must first determine whether the complaint states a claim for a constitutional violation. *Siegert v. Gilley*, 500 U.S. 226 (1991).

**Denial of access to the Courts**.

Plaintiff's Complaint should also be dismissed because Plaintiff has failed to demonstrate that he suffered an "actual injury" as a result of any actions of the Defendants. Without proof of an "actual injury," Plaintiff lacks standing to allege a violation of the right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996).

> "The doctrine of standing requires that an inmate alleging a violation of the right of access to the courts must show an actual injury. *See Lewis*, 518 U.S. at 349-50, 116 S.Ct. at 2179. The injury which the inmate must demonstrate is an injury to the right asserted, i.e. the right of access. Thus, the prison officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts **to pursue a nonfrivolous legal claim**. *See Lewis*, 518 U.S. at 352-54, 116 S.Ct. at 2181. **Further, the legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action.**" *See Lewis*, 518 U.S. at 352-57, 116 S.Ct. at 2181-82.

*Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (emphasis added). In *Wilson v. Blakenship*, 163 F.3d 1284 (11th Cir. 1998), the court also noted that an inmate has no standing to allege a violation of access to the courts **unless he first shows actual injury in the pursuit of certain types of nonfrivolous cases**.

> [P]risoners have no inherit or independent right of access to a law library or to legal assistance. *See Lewis*, 518 U.S. at 349-51, 116 S.Ct. at 2179-80. Instead, they must show actual injury in a pursuit of specific types of nonfrivolous cases: direct or collateral attack on sentences and challenges to conditions of confinement." *Id* at 355-57, 116 S.Ct. at 2182. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id* at 355, 116

S.Ct. at 2182.  With respect to access-to-court claims, *Lewis* clarifies that a Plaintiff must first show actual injury before seeking relief under *Bounds*. *See Bass v. Singletary*, 143 F.3d 1442, 1444 (11th Cir 1998). **This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a <u>nonfrivolous</u>, post-conviction claim or civil rights action.**

*Wilson v. Blakenship*, 163 F.3d 1284, 1290 (11th Cir. 1998)(emphasis added).

Plaintiff's Complaint merely states that his Complaint in this case was not delivered to the district court clerk.  The Complaint fails to state that Plaintiff suffered actual injury as a result thereof.  In fact, the Complaint has been filed with the Court, and this Court has issued an order to the Defendants directing them to respond to the Complaint.  Plaintiff has therefore failed to demonstrate an actual injury as a result of any acts of the Defendants.  *See Bass v. Singletary*, 143 F.3d 1442, 1445-46 (11th Cir. 1998).

### <u>Deliberate Indifference to Serious Medical Needs</u>.

In *Farmer v Brennan,* 511 U.S. 825, 837 (1994), the Supreme Court held that the standard of deliberate indifference equated to that of "subjective recklessness" as that term is defined in criminal law.  The official must know of an excessive risk to inmate health and disregard that risk.  *Id*. at 837-383. In other words, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id*.  An official's failure to respond to a significant risk that he should have perceived but did not is not deliberate indifference. *Id.*  Summary judgment must be granted for the official unless the plaintiff presents evidence of the official's "subjective knowledge" of a substantial risk of serious harm. *Campbell v. Sikes,* 169 F.3d 1353, 1364 (11th Cir. 1999).   In addition, "[m]edical treatment violates the Eighth Amendment only when it is 'so grossly incompetent,

10

inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'  Mere incidents of negligence or malpractice do not rise to the level of constitutional violations." *Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir. 1991).

In the present case, there is no allegation that Defendants Marshall or Savage had any knowledge of the Plaintiff's eye problems, and that with knowledge of this condition, these Defendants knowing or recklessly disregarded Plaintiff's alleged medical condition by failing to provide medical attention.  The undisputed evidence is that Plaintiff has been examined and treated by Dr. Bates who has testified that Plaintiff's decreased vision is correctable with the use of his glasses, and that there is no condition that warrants an offsite evaluation.  (Bates Affidavit, ¶ 3)  Plaintiff's deliberate indifference claims against Defendants Marshall and Savage should therefore be dismissed.

### Plaintiff's remaining complaints about prison conditions do not amount to a constitutional violation.

Although the Plaintiff alleges that there is lack of ventilation, spiders, and insufficient recreation at the MCDF, and that he wants to be free from threats and harassment, these allegations are not sufficient to give rise to a constitutional violation. These claims should also be dismissed pursuant to 42 U.S.C. § 1997e(c)(1).  In order to succeed on these claims, the conditions must be "sufficiently serious," *Farmer v. Brennan,* 511 U.S. 825, 834 (1994), and the prison officials must exhibit "deliberate indifference" to prisoner health or safety.  *Id.; see also Wilson v. Seiter,* 501 U.S. 294, 301-305 (1991).  Only a deprivation that denies "the minimal civilized measure of life's necessities," *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), is grave enough to violate the Eighth Amendment.  *Wilson,* 501 U.S. at 298-99.  "Nothing so amorphous as "overall

conditions can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id.* at 305.

Additionally, a prison official is liable for deliberate indifference only if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer,* 511 U.S. at 834. The known risk of injury must also be "a strong likelihood, rather than a mere possibility" before a prison official's failure to act can constitute deliberate indifference. *Edwards v. Gilbert,* 867 F.2d 1271, 1276 (11th Cir. 1989).

The Plaintiff's claims do not rise to a constitutional violation. Moreover, the Plaintiff cannot demonstrate that the conditions at the facility are sufficiently serious, that he suffered an injury as a result of these conditions, or that the Defendants were deliberately indifferent to his health or safety. The Plaintiff has merely established that he has some discomfort while in jail, which does not give rise to a constitutional violation.

        C.     **Failure to allege physical injury.**

Pursuant to the Prison Litigation Reform Act, 42 U.S.C. §1997e(c)(1), the court, on its own motion, shall dismiss a case challenging prison conditions, if the court determines that an action is frivolous or fails to state a claim on which relief may be granted. 42 U.S.C. §1997 e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injuries suffered while in custody without a prior showing of physical injury." These provisions were enacted by Congress to control and curtail the flood of inmate suites that are filed in the courts. *See Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002)("The

purpose of the PLRA is to curtail abusive prisoner litigation.")  In accordance with this provision, the PLRA prevents recovery "for mental or emotional injury . . . without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  *See also, Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1312 (11th Cir. 2002).

The Plaintiff was confined at the MCDF at the time he filed this lawsuit.  Plaintiff alleges no physical injury as a result of the living conditions at the MDCF.  He merely alleges that the MCDF is not adequately ventilated, that he does not get enough recreation, and that the MCDF has spiders.  Because Plaintiff has failed to allege a physical injury, his claims should be dismissed.

**D.     Failure to exhaust administrative remedies as to claims regarding prison conditions.**

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), inmates must exhaust their administrative remedies before filing suit against prison officials.  The exhaustion requirement of the PLRA is a "mandatory exhaustion requirement." *Alexander v. Hawk*, 159 F. 3d 1321, 1324 (11th Cir. 1998).  The Eleventh Circuit has held that the exhaustion of administrative remedies under the PLRA is a **"pre-condition to suit." *Id.*** at 1325-1326; *see also Harris v. Garner*, 190 F. 3d 1279, 1286 (11th Cir. 1999)("For the reasons stated therein, we reaffirm that § 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies first"); *Brown v Toombs,* 139 F.3d 1102, 1104 (6th Cir. 1998), *cert. denied,* 522 U.S. 833 (1998)("District courts should enforce the exhaustion requirement *sua sponte* if not raised by the defendant.")  Plaintiff's Complaint fails to allege that he exhausted his administrative remedies prior to filing this lawsuit against the Defendants.  Defendant has also provided undisputed testimony that Plaintiff did not file any grievance stating that he

was being harassed, that he was threatened in any way or that he feared for his safety prior to filing the present lawsuit. Plaintiff's Complaint against all Defendants should therefore be dismissed.

Respectfully submitted this 28th day of August, 2007.

    /s/Constance C. Walker
Thomas T. Gallion, III  (ASB-5295-L74T)
Constance C. Walker (ASB-5510-L66C)
Attorneys for Defendants D. T. Marshall and
Gina M. Savage

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.**
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 (fax)

## CERTICATE OF SERVICE

I hereby certify that on the 28th day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the **CM/ECF** system that will send notification of such filing to the following counsel:

Wayne P. Turner
Post Office Box 152
Montgomery, Alabama  36101-0152

Allison H. Highley
City of Montgomery
Legal Department
Post Office Box 1111
Montgomery, Alabama  36101

_____/s/Constance C. Walker
Of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document upon the following by causing a true and complete copy of same to be deposited in **the United States Mail,** sufficient first class postage prepaid, on this the 28th day of August, 2007, addressed as follows:

Nathaniel Shaw
Montgomery County Detention Facility
Post Office Box 4599
Montgomery, Alabama  36103

_____/s/ Constance C. Walker
Of Counsel

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| **NATHANIEL SHAW** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 2:07-CV-606-ID** |
| | ) | |
| **D. T. MARSHALL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF D. T. MARSHALL

Before me, a Notary Public, personally appeared D. T. Marshall and after being duly sworn, did say as follows

1.    My name is D. T. Marshall and I am Sheriff of Montgomery County, Alabama.

2.    I have not violated the constitutional rights of Inmate Nathaniel Shaw.

3.    It is the policy of the Montgomery County Detention Facility that every effort will be made on the part of facility personnel to ensure safe custody, decent living conditions, and fair treatment for all inmates.

4.    The total, daily operations of the jail are managed by the Director of the Detention Facility, employed by the Montgomery County Sheriff's Office.

_____
D. T. Marshall

Sworn to and subscribed before me this _7th_ day of _August_ , 2007.


_Lisa Hines Cates_

Notary Public
My Commission Expires September 13, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

NATHANIEL SHAW,                    )
                                   )
     Plaintiff,                    )
                                   )     CIVIL ACTION NO.: 2:07-CV-606-
ID                                 )
v.                                 )
                                   )
D. T. MARSHALL, et al.,            )
                                   )
     Defendants.                   )

AFFIDAVIT OF GINA M. SAVAGE

Before me, a Notary Public, personally appeared Gina M. Savage and after being duly sworn, did say as follows.

1.     My name is Gina Savage. I am Director of the Montgomery County Sheriff's Office Detention Facility.

2     I have not violated the constitutional rights of Inmate Nathaniel Shaw.

3.     Nathaniel Shaw is a pre-sentenced inmate. He was incarcerated on May 8, 2007, charged with three counts of Possession of Forged Instrument, Theft of Property 1st, Trafficking Stolen Identities and Possession of Controlled Substance. His total bond was set at $80,000.00. There is a Hold on him for the Prattville Police Department and for the State of Florida.

4.     Inmate Shaw alleges that he sent mail to the Clerk's Office but that it was not delivered. A list of all mail transactions by the inmate is attached.

5.     Inmate Shaw alleges that he is housed in a facility with little or no ventilation and infested with spiders. The Montgomery County Detention Facility is equipped with central

heating and air conditioning. There is not a ventilation problem in the facility.

The facility is under contract with an exterminating company and is treated every three months and more often if the need arises.

The facility is inspected by the State of Alabama Health Department and the State of Alabama Department of Corrections. We continuously rank high in all areas.

6.     The Montgomery County Detention Facility employs a Recreation Technician who gives inmates an opportunity to participate in recreation. Records show that recreation has been available to Inmate Shaw on May 3, May 31, June 28 and July 16 and that he has refused to participate. Due to the excessive number of inmates housed in the Detention Facility, as well as the jail renovation currently underway, it is impossible to provide inmates recreation on a daily basis.

7.     The Montgomery County Detention Facility contracts medical service for county inmates to Quality Correctional Health Care. On June 8, 2007, Judge Yates issued an Order for Inmate Shaw to receive medical treatment as soon as possible for his eyes. Our records show that Inmate Shaw was seen by Dr. Bates with Quality Correctional Health Care on that same date, June 8, 2007. He was also seen by Dr. Bates on June 18, 2007. Inmate Shaw filed a grievance on June 14, 2007, stating that he had not received any medication for his eye.

8.     Inmate Shaw has filed no grievances stating that he was being harassed, that he was threatened in any way or that he feared for his safety.

Gina M. Savage

Sworn to and subscribed before me this _7th_ day of _August_, 2007.


_____
Notary Public
My Commission Expires September 13, 2010



# D. T. MARSHALL, SHERIFF

## MONTGOMERY COUNTY DETENTION FACILITY

OFFICE: (334) 832-1386
FAX (334) 832-7171

July 26, 2007

Listed below is the listed information on Inmate Nathaniel Shaw #87859 outgoing mail and mail that was shredded.

| Date | Addressed To | |
|------|-------------|---|
| May 9, 2007-May 20, 2007 | XXXXXXXXXXXXXX | No outgoing mail |
| June 1, 2007-Jun 21, 2007 | XXXXXXXXXXXXXX | No outgoing mail |
| June 22, 2007 | Elaine Jenkins 615 John Adams Orange Park, Fl 302013 | Mailed June 22, 2007 |
| June 23, 2007 | Bobby Parker 7529 All Spice Cir North Jacksonville, FL 322141 | Mailed June 23, 2007 |
| June 24, 2007 | Alabama State Bar 415 Dexter Ave Montgomery, Al 36104 | Mailed June 25, 2007 |
| June 25, 2007 | Attorney Todd Anthony Carter 621 S Hull Street Montgomery, AL 36104 | Mailed June 26, 2007 |
| June 26, 2007 | Office of the Clerk United State District Court POB 711 Montgomery, Al 36101-0711 | Mailed June 26, 2007 |
| | Officer of the Clerk United State District Court POB 711 Montgomery, Al 36101-0711 | Mailed June 26, 2007 |
| June 27, 2007 | Officer of the Clerk United State District Court POB 711 Montgomery, Al 36101-0711 | Mailed 27, 2007 |
| | Officer of the Clerk United State District Court POB 711 Montgomery, Al | Mailed 27, 2007 |

EXHIBIT
1

|  | 36101-0711 |  |
|---|---|---|
| July 1, 2007-July 8, 2007 | XXXXXXXXXXXXXX | No outgoing mail |
| July 9, 2007 | Sarah Wee Rhodes 1152 Bertha St Jacksonville, Fl 32218 | July 9, 2007 |
|  |  |  |

Shredded Mail

| Month of May 2007 |  |  |
|---|---|---|
| No shredded Mail |  |  |
|  |  |  |
| Month of June 2007 |  |  |
| Sara Wess Rhodes | 1152 Bertha Street Jacksonville, Fl 32218 | Shredded June 15, 2007- Letter addressed in ink |
| Office of The Clerk United States District Court | PBO 711 Montgomery, AL 36101-0714 | Shredded June 15, 2007- letter addressed in ink |
| Month of July 2007 |  |  |
| No shredded mail as of this date (072607) |  |  |

*Listed in the Inmate Handbook page 11 item number 6-Outgoing mail not properly addressed will be destroyed.*

*Sondra Wright*
*Outgoing Mail Clerk*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| NATHANIEL SHAW, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07-CV-606-ID |
| | ) | |
| D. T. MARSHALL, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>AFFIDAVIT OF SILAS ORUM, III</u>

Before me, a Notary Public, personally appeared Silas Orum III, and after being duly sworn, did say as follows

1.      My name is Silas Orum, III.  I am a Sergeant employed with the Montgomery County Sheriff's Office Detention Facility.

2.      On Tuesday, August 7, 2007, I spoke with Inmate Nathaniel Shaw to determine whether or not he had his eye glasses in his possession.  Inmate Shaw stated that he does have his eye glasses.

_____
Silas Orum, III

Sworn to and subscribed before me this _7th_ day of _August_, 2007.

_____
Notary Public
My Commission Expires September 13, 2010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

NATHANIEL SHAW,           )
                                       )
            **Plaintiff,**      )
                                         )
      **v.**                         )     **CIVIL ACTION NO. 2:07-CV-606-ID**
                                         )
**D. T. MARSHALL, et al.,**     )
                                         )
           **Defendants.**     )

## AFFIDAVIT OF BARBARA PALMER-BYRD

Before me, a Notary Public, personally appeared Barbara Palmer-Byrd and after being duly sworn, did say as follows

1.       My name is Barbara Palmer-Byrd. I am Captain of Inmate Programs/Services with the Montgomery County Sheriff's Office Detention Facility.

2.       The Montgomery County Detention Facility does not have a policy regarding dispensing medication to inmates. Health care for inmates housed in the Montgomery County Detention Facility is contracted to an outside medical provider. According to this medical provider, inmates who are diagnosed as diabetic are monitored on an individual basis to determine their blood sugar level. Inmate Nathaniel Shaw takes an oral medication for his diabetes. His blood sugar level is monitored and remains in the normal range. Therefore Inmate Shaw does not require additional food or snacks.

_Barbara Palmer-Byrd_
Barbara Palmer-Byrd

Sworn to and subscribed before me this _____ day of _____, 2007.

_____
Notary Public
My Commission Expires September 13, 2010

## QCHC Follow-Up Daily and PRN Glucose-Checks

Name Shaw, Nathaniel                    ID/DOB  3/1/49

Blood Sugar Check ordered  BS ✓ Q (Am)

| Date | Time | Blood Sugar | Insulin | Dose | Site | Signature |
|------|------|-------------|---------|------|------|-----------|
| 7/13/07 | AM | 98 | Ø | Ø | Ø | R. Burkette, Jr |
| 14 July | AM | 119 | Ø | Ø | Ø | BU |
| 15 July | AM | 106 | Ø | Ø | Ø | Biglin |
| 16 July | AM | 129 | Ø | Ø | Ø | R. Burkette, Jr |
| 17 July | AM | 119 | Ø | Ø | Ø | R. Burkette, Jr |
| 18 July | AM | 102 | Ø | Ø | Ø | R. Burkette, Jr |
| 19 July | AM | 120 | Ø | Ø | Ø | R. Burkette, Jr |
| July 20 | AM | 124 | Ø | Ø | Ø | R. Burkette, Jr |
| 7/21/07 | AM | 105 | Ø | Ø | Ø | K. Bailey |
| 7/22/07 | AM | 106 | Ø | Ø | Ø | E. Clg |
| 7/23/07 | AM | 110 | Ø | Ø | Ø | R. Burkette, Jr |
| 7/24/07 | AM | 110 | Ø | Ø | Ø | R. Burkette, |
| 7/25/07 | AM | 118 | Ø | Ø | Ø | R. Burkette, Jr |
| 7/26/07 | AM | 96 | Ø | Ø | Ø | R. Burkette, Jr |
| 7/27/07 | AM | 120 | Ø | Ø | Ø | R. Burkette, Jr |
| 28 July | AM | 103 | Ø | Ø | Ø | BU |
| 29 July | AM | Refused | — | | | Biglin |
| 30 July | AM | 126 | Ø | Ø | Ø | R. Burkette, |
| 31 July | AM | Refused / No Show | | | | R. Burkette, Jr |
| 4 Aug | AM | 113 | Ø | Ø | Ø | R. Burkette, Jr |