IN THE DISTRICT COURT OF THE UNITED **RECEIVED**

FOR THE MIDDLE DISTRICT OF ALABAMA 2007 SEP 5 A 9 20

NORTHERN DIVISION

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

NATHANIEL SHAW,

    PLAINTIFF,

      CIVIL CASE NO. 2:07-CV-606-ID

V.

D.T. MARSHALL, et al.,

    DEFENDANTS,

## PLAINTIFF AND DEFENDANT LISTING

**PLAINTIFF**

NATHANIEL SHAW

REPRESENTED BY NATHANIEL SHAW

MONTGOMERY COUNTY DETENTION FACILITY

P.O. BOX 4599

MONTGOMERY, AL 36103

**DEFENDANTS**

D.T. MARSHALL     SHERIFF

GINA SAVAGE     JAIL ADMINISTRATOR

ADDENDUM DEFENDANT   C. SMITH   DETENTION OFF.

ADDENDUM DEFENDANT SONDRA WRIGHT MAIL CLERK

REPRESENTED BY

CONSTANCE C. WALKER
HASKELL, SLAUGHTER, YOUNG &
GALLION LLC

305 S. LAWRENCE STREET

MONTGOMERY, AL 36104

**DEFENDANT**

DOCTOR JOHNNY E. BATES

DOCTOR MONTGOMERY COUNTY

DETENTION FACILITY

REPRESENTED BY WAYNE P. TURNER
ATTORNEY AT LAW

1505 MADISON AVE

PLAINTIFF AND DEFENDANT LISTING CONT.

DEFENDANTS

ART BAYLOR   CHIEF OF POLICE                    REPRESENTED BY

C.J. COUGHLIN     MONTGOMERY POLICE          ALLISON HALE HIGHLEY
(Sgt.)
                                              CITY OF MONTGOMERY

DETECTIVE HALL     MONTGOMERY POLICE          P.O. BOX 1111
(ADDENDUM DEFENDANT)                          MONTGOMERY, AL 36101-1111

DATE SEPTEMBER 3rd 2007              S _Nathaniel Shaw_
                                       NATHANIEL SHAW
                                       PRO SE
                                       BOOKING # 89354 MCOF
                                       P.O. BOX 4599
                                       MONTGOMERY, AL
                                                 36103

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 SEP 3 A 9:20

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

NATHANIEL SHAW,
    PLAINTIFF,

V.

D.T. MARSHALL, et al.,
    DEFENDANTS,

CASE NO. 2:07-CV-606-ID

## MOTION FOR LEAVE TO AMEND

COMES NOW THE PLAINTIFF, NATHANIEL SHAW, [PRO-Se] IN THE ABOVE STYLED CAUSE, RESPECTIVELY SEEKING TO MOVE THIS HONORABLE COURT TO ALLOW PLAINTIFF TO AMEND THE ORIGINAL COMPLAINT FILED IN THIS HONORABLE DISTRICT COURT FOR THE PURPOSE OF CURING ANY AND ALL DEFECTS, DEFICIENCIES AND ERRORS. THE PLAINTIFF. PRAYS THAT THIS HONORABLE COURT GRANTS THIS MOTION FOR LEAVE TO AMEND HIS SUPPLEMENTAL COMPLAINTS.

IT IS SO PRAYED
   UNDER THE PENALTY OF PERJURY

DATE. SEPTEMBER 3rd, 2007

SIGNED Nathaniel Shaw

BOOKING # 79354

M.C.D.E.

P.O. BOX 4599

MONTGOMERY, ALABAMA
36103 - 4599

INMATE MAIL

LEGAL MAIL

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA
36101-0711

USA 41
USA 41
USA 41
USA 41

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

NATHANIEL SHAW,
     PLAINTIFF,

V.

D. T. MARSHALL, et al.,
     DEFENDANTS.

)
)
)  CASE NO. 2:07-CV-606-ID
)
)
)
)
)
)

## SUPPLEMENTAL ADDENDUM
### AND/OR
## AMENDED COMPLAINT

COMES NOW THE PLAINTIFF, NATHANIEL SHAW,
[PRO-se] IN THE ABOVE STYLED CAUSE PURSUANT
TO THE APPROPRIATE RULE AND AUTHORITY
SUBMITS THIS SUPPLEMENTAL ADDENDUM AND/OR
AMENDMENT TO HIS ORIGINAL CIVIL RIGHTS
SECTION 1983 COMPLAINT FILED 6-29-2007
AND WILL SHOW THE FOLLOWING:

## ALLEGATIONS AND CLAIMS

COUNT ONE: THE PLAINTIFF STATES THAT ON
MAY 9th 2007 THE NAMED DEFENDANTS;
C.J. COUGHLIN, AND DETECTIVE HALL (AS
HE IS KNOWN TO THE PLAINTIFF; ALSO THIS

COUNT ONE CONT.

DEFENDANT IS AN ADDENDUM TO THIS AMENDED COMPLAINT. THE PLAINTIFF PRAYS THAT THE COURT WILL ASSIST PLAINTIFF IN GAINING FULL KNOWLEDGE OF DETECTIVE HALL'S NAME.) THE PLAINTIFF HAS YET TO RECEIVE A COPY OF THE ARREST REPORT AND THE WARRANT FOR THE ARREST, THE DETECTIVES ACTING IN THEIR OFFICIAL CAPACITY DID ILLEGALLY ARREST THE PLAINTIFF WITHOUT JUST CAUSE AND WITHOUT AN ARREST WARRANT IN VIOLATION OF STATE AND FEDERAL LAW AND DURING SAID ARREST INTENTIONALLY AND WITH MALICE INFLICTED BODILY HARM IN EXCESS OF FORCE REQUIRED TO SUBDUE A PERSON UNDER ARREST. THIS EXCESSIVE FORCE BY C. J. COUGHLIN, AND DET. HALL, NOT ONLY VIOLATED THE PLAINTIFF CIVIL RIGHTS BUT LEFT THE PLAINTIFF WITH AN INJURY TO HIS EYE THAT APPEARS TO BE IRREPARABLE. DUE TO THE ABOVE DEFENDANTS ACTIONS THE PLAINTIFF IS SEEKING RELIEF.

COUNT TWO: THE PLAINTIFF ALLEGES AND CLAIMS THAT AT ALL TIMES RELAVENT, THE DEFENDANTS ACTED DELIBERATEDLY OUTSIDE OF THEIR LEGAL CAPACITIES AND THE REGULATION OF THEIR PROFESSION. WHEN

COUNT TWO CONT

THEY ASSAULTED THE PLAINTIFF. THE DEFENDANTS, C.J. COUGHLIN, AND DET. HALL SLAMMED AND MAULED THE PLAINTIFF HEAD, FACE DOWN ON THE HOT HOOD OF THEIR TRUCK AND MALICIOUSLY HELD THE PLAINTIFF HEAD IN THAT POSITION FOR AN UNNECESSARILY PROLONGED PERIOD OF TIME WITHOUT PROVACATION FROM THE PLAINTIFF. THIS HEINOUS ACT DID CONSIDERABLE DAMAGE TO THE PLAINTIFF'S LEFT EYE - AT THAT TIME - HOWEVER; SINCE THIS EVENT, THE PLAINTIFF FEELS THAT HIS LEFT EYE HAS BEEN DAMAGED BEYOND REPAIR, WHICH THE PLAINTIFF IS SEEKING RELIEF FOR.

COUNT THREE : THE PLAINTIFF ALLEGES AND CLAIMS THAT THE DEFENDANTS DID ILLEGALLY ABUSE THEIR AUTHORITY AND USED THEIR UNIFORMS AND BADGES TO CLOAK THEIR MALICIOUS INTENT, AND THAT SAID UNIFORMS AND BADGES WERE USED AS WEAPONS TO ILLEGALLY ARREST THE PLAINTIFF, AND AND ROB AND STEAL FROM THE PLAINTIFF, NAMELY: PERSONAL PROPERTY, (1) OVER ONE THOUSAND DOLLARS IN AMERICAN MONEY (2) A WALLET (3) A GOLD CHAIN NECKLACE WITH GOLD CROSS AND MEDALLION (4) AN EXPENSIVE GOLD WATCH MADE BY ELGIN. (5) A SOLID GOLD

COUNT THREE CONT.

MASONIC RING

THE PLAINTIFF ASSERT THAT THE DEFENDANTS REFUSED TO GIVE PLAINTIFF A RECEIPT FOR SAID PROPERTY TAKEN FROM THIS PLAINTIFF PERSON ON THE DAY OF PLAINTIFF'S ARREST. THE PLAINTIFF SEEKS RELIEF FOR THIS ILLEGAL ACT.

COUNT FOUR

THE PLAINTIFF CLAIMS THAT THE DEFENDANTS C.J. COUGHLIN, AND DET. HALL, DID IN FACT INTENTIONALLY COMMIT PERJURY DURING THE PLAINTIFF PRELIMINARY HEARING. STATING: "THAT THE PLAINTIFF WAS HIGH AND DRUGGED OUT ON CRACK COCAINE" - THIS STATEMENT WAS USED BY THE DEFENDANTS TO SHOW CAUSE WHY THEY DETAINED THE PLAINTIFF, THE DEFENDANTS CLAIMED THAT THEY HAD NOT ARRESTED THE PLAINTIFF ON MAY 9th 2007. YET; THE DEFENDANTS NEVER TESTED THE PLAINTIFF FOR ANY DRUG; CRACK, OR ALCOHOL OR ANY CONTROLLED SUBSTANCE. THERE WAS NO MIRANDA WARNING OR OFFICIAL CHARGES BY THE DEFENDANTS NOR WAS HE OFFICIALLY BOOKED INTO THE MONTGOMERY CITY JAIL WHERE PLAINTIFF WAS TAKEN BY THE DEFENDANTS.

COUNT FOUR CONT.

WHAT WAS THE REASON BY LAW FOR THE PLAINTIFF DETENTION? THE PLAINTIFF ASSERTS THAT THE ACTIONS OF THE DEFENDANTS THEMSELVES WERE CRIMINAL, BEYOND VIOLATION OF HIS CIVIL RIGHTS. THEIR ACTIONS WERE MORE TANTAMOUNT TO KIDNAPPING; FOR WHICH THE PLAINTIFF SEEKS JUST RELIEF.

COUNT FIVE THE PLAINTIFF ALLEGES AND CLAIMS THAT THE DEFENDANTS CONTINUED TO ACT ILLEGALLY UNDER COLOR OF STATE LAW, WHEN THEY TRANSFERRED PLAINTIFF FROM THE CITY JAIL TO THE MONTGOMERY COUNTY DETENTION FACILITY AND FAILED TO; REFUSED TO TRANSFER ANY OF PLAINTIFF'S PERSONAL PROPERTY TAKEN OFF HIS PERSON ON THE DAY OF HIS ARREST. WITH PLAINTIFF TO THE MONTGOMERY COUNTY JAIL. FOR WHICH PLAINTIFF NOW SEEK JUST RELIEF.

COUNT SIX THE PLAINTIFF ALLEGES AND CLAIMS THAT THE NAMED DEFENDANTS AS OF THIS DAY CONTINUE TO WITHHOLD RECEIPT FOR THE PLAINTIFF'S PERSONAL PROPERTY AND MONEY TAKEN FROM HIM ON THE DAY OF ARREST. WHICH PLAINTIFF SEEKS RELIEF FOR.

COUNT SEVEN THE PLAINTIFF ALLEGES AND CLAIMS THAT THE DEFENDANTS, DID IN FACT

## COUNT SEVEN CONT.

ILLEGALLY ARREST THE PLAINTIFF. THE PLAINTIFF ASSERTS THAT HE IN FACT HAD NOT DONE ANY THING OUTSIDE OF THE LAW. THE PLAINTIFF FURTHER ASSERTS THAT THERE WAS NO PROBABLE CAUSE, UNDUE SUSPICIOUS BEHAVIOR, NOR AN ARREST WARRANT TO PROMPT THE DEFENDANTS TO ARREST THE PLAINTIFF; LET ALONE DO AND COMMITT BODILY HARM TO THIS PLAINTIFF WHICH HAS RESULTED IN PHYSICAL AS WELL AS MENTAL INJURY. WHICH THE PLAINTIFF SEEKS JUST RELIEF FOR. THE PLAINTIFF ASSERTS THAT ADDENDUM DEFENDANT MENTION (SUPRA) IS THE ACTUAL DEFENDANT THAT USE THE EXCESSIVE FORCE DETECTIVE HALL.

## GROUND TWO: MEDICAL NEGLIGENCE

THE PLAINTIFF ASSERTS THAT MEDICAL NEGLIGENCE HAS BEEN PROVEN, AND FURTHER THAT AN INTERNIST, DR. JOHNNY E. BATES, IN HIS CONTACT WITH THE PLAINTIFF AS A MEDICAL PROVIDER HAS BEEN NEGLIGENT, HAS SHOWN A TOTAL DISREGARD TO THIS PLAINTIFF'S HEALTH ISSUES AND HAS KNOWINGLY LIED ON A SWORN AFFIDAVIT CONCERNING HIS CARE OF THOSE SAME HEALTH ISSUES. THE PLAINTIFF HAS GONE TO GREAT PAINS TO SHOW THIS HONORABLE COURT THAT HE IS STILL SUFFERING FROM THE INJURIES COMMITTED DURING HIS ARREST AND THAT BECAUSE OF

MEDICAL NEGLIGENCE cont.

DOCTOR JOHNNY E. BATES LIES; PROVEN LIES WITHIN DR. BATES PERJURED AFFIDAVIT THE PLAINTIFF IS STILL BEING DENIED ADEQUATE MEDICAL TREATMENT AS OF THIS DATE. THE PLAINTIFF AFTER HAVING SHOWN THE COURT THAT PERJURY DOES IN FACT EXIST IN DR. BATES, SWORN AFFIDAVIT ADD INSULT TO INJURY. THE PLAINTIFF IS IN PAIN AND MEDICAL NEGLIGENCE IS THE FOUNDATION OF THIS MASSIVE COVER-UP TO HIDE THE TRUTH WITH A LIE WHICH IS A FEDERAL CRIME COMMITTED WITHIN THIS CIVIL ACTION CASE.

COUNT ONE: MEDICAL NEGLIGENCE

THE DEFENDANT DR. JOHNNY E. BATES, THE MEDICAL SPOKESMAN AND "EXPERT" WITNESS FOR THE DEFENDANTS DID IN FACT COMMITT PERJURY ON A SWORN AFFIDAVIT. THE DEFENDANT WITH CONSIDERABLE INDIFFERENCE TOWARD THE TRUTH MADE STATEMENTS THAT HAS DENIED THE PLAINTIFF ADEQUATE MEDICAL TREATMENT.

THE DEFENDANT'S CRIMINAL ACT SHOULD BE ADDRESSED BY THIS HONORABLE COURT WITH THE PRESCRIBED CRIMINAL CHARGE AND THE PRESCRIBED PENALTIES. THE PLAINTIFF UNDERSTANDS THAT THIS IN FACT IS A CIVIL PROCEEDING, HOWEVER; THE PLAINTIFF KNOWS THAT THIS HONORABLE COURT SHOWS NO FAVORITISM OR BIAS ESPECIALLY WHEN

<u>COUNT ONE CONT. MEDICAL NEGLIGENCE</u>

IT COMES TO THE LETTER OF THE LAW IN CRIMINAL MATTERS ESPECIALLY WHEN SAID CRIMINAL ACT INFLUENCES THE OUTCOME OF AN IMPORTANT DECISION. AS WAS THE CASE, IN THE MATTER OF DENYING THIS PLAINTIFF ACCESS TO EXPERT MEDICAL TREATMENT. HAVING COME TO THIS CONCLUSION AND ALONG WITH THE FACT THAT DOCTOR BATES, DID NOT TRUST HIS OWN JUDGEMENT IN HIS EXAMINATIONS - THE PLAINTIFF SEEKS RELIEF SOUGHT AS SOON AS POSSIBLE SO THAT HE CAN BE DIAGNOSED AND TREATED BY AN EXPERT IN OPTHAMOLOGY AND OR AN EYE SPECIALIST.

<u>COUNT TWO MEDICAL NEGLIGENCE</u>

THE PLAINTIFF ASSERTS THAT SINCE THE FILING OF THE OBJECTION PLAINTIFF HAS BASICALLY BEEN FORCED NOT TO TAKE MEDICATION AT ALL FROM THE MANY DIFFERENT NUMBERS ON THE PILLS THAT ARE SUPPOSE TO BE METFORMIN HCL 500 mg GLUCOPHAGE 500 mg THESE ARE THE NUMBER SERIES (12-A) (357) (397) (957) THE PLAINTIFF WONDER IF THIS MANY BRANDS OF THIS MEDICATION ARE MANUFACTURED TO BE GLUCOPHAGE 500 mg. TRULY PLAINTIFF IS AT RISK WHERE MEDICAL TREATMENT IS CONCERNED. PLAINTIFF SEEK RELIEF FROM THE STRESS THE MEDICAL DEPARTMENTS DAILY CHANGES IN PLAINTIFF MEDICATIONS ARE CAUSING.

GROUND THREE: DENIAL OF ACCESS TO THE COURT

ON MAY 28, 2007 - THE PLAINTIFF GAVE THE ORIGINAL OF THIS VERY COMPLAINT TO CORRECTIONAL OFFICER C. SMITH, [OFFICER C. SMITH, IS A ADDENDUM DEFENDANT] TO BE MAILED TO THE UNITED STATES DISTRICT COURT. HOWEVER; NO ONE IN THE CLERK'S OFFICE SEEMS TO HAVE RECEIVED IT. THE PLAINTIFF HAD ATTACHED AN EXHIBIT (A) TO THE ORIGINAL COMPLAINT, HOWEVER, UPON PURCHASE OF HIS CASE FILE AND OTHER DETAILS FROM THE CLERK'S OFFICE THIS (EXHIBIT A) IS MISSING.

THE PLAINTIFF ATTESTS THAT THE INTEGRITY OF THIS FACILITIES MAILING SYSTEM IS BELOW ANY STANDARD SET BY FEDERAL LAW. AN EXAMPLE OF THE BEHAVIOR OF THIS STAFF'S REGARD FOR ITS DETAINEES' CIVIL RIGHTS IS FURTHER EXHIBITED BY OFFICER C. SMITH.

(AMENDMENT) THE PLAINTIFF ALLEGES AND CLAIMS THAT HIS MAIL WAS ILLEGALLY CONFISCATED ON THE ABOVE DATE BY OFFICER C. SMITH TO FRUSTRATE AND PREVENT THE PLAINTIFF FROM EXERCISING HIS RIGHT TO PURSUE THIS CAUSE OF ACTION.

(AMENDMENT) THE PLAINTIFF ALLEGES AND CLAIMS THAT CORRECTIONAL OFFICER C. SMITH, DID IN FACT WITH MALICIOUS INTENT ON JULY 17, 2007 DID ATTEMPT TO INCITE OTHER INMATES TO ASSAULT

<u>DENIAL OF ACCESS TO COURT CONT.</u>

AND DO BODILY HARM TO THIS PLAINTIFF IN RETALIATION FOR THE PLAINTIFF FILING OF AN ADMINISTRATIVE COMPLAINT IN AN ATTEMT TO EXHAUST ADMINISTRATIVE REMEDIES WHICH HAS PLACED PLAINTIFF'S HEALTH AND SAFETY IN HARMS WAY. THE PLAINTIFF FURTHER ASSERTS THAT BECAUSE OF THE ABOVE INCIDENT, HIS FAMILY HAS SOUGHT A <u>PROTECTIVE ORDER</u> FROM THIS HONORABLE COURT.

THE PLAINTIFF FURTHER ALLEGES AND CLAIMS THAT THE MONTGOMERY COUNTY JAIL OFFICIALS ARE ILLEGALLY AND MALICIOUSLY RETALIATING AGAINST THE PLAINTIFF OPENLY AND SUBTLY, BY ATTEMPTING TO PHYSICALLY HARM PLAINTIFF BY GIVING HIM WRONG DIABETIC MEDICINE AS WELL. WHICH LEADS US TO →

<u>GROUND FOUR: CRUEL AND UNUSUAL PUNISHMENT</u>

THE PLAINTIFF ATTESTS THAT HE IS BEING HOUSED IN A FACILITY THAT HAS LITTLE OR NO VENTILATION. THAT THIS FACILITY IS INFESTED WITH SPIDERS, GNATS, AND STAPH INFECTIONS. THIS FACILITY PROVIDES RECREATION ALBEIT ONCE A MONTH. **DR. JOHNNY** E. BATES, HAS IN HIS CONTACT WITH THE PLAINTIFF AS A MEDICAL PROVIDER BEEN NEGLIGENT, HAS SHOWN A TOTAL DISREGARD TO THIS PLAINTIFF

HEALTH ISSUES AND HAS KNOWING LIED ON
A SWORN AFFIDAVIT PERJURY CONCERNING
HIS CARE OF THOSE SAME HEALTH ISSUES. CRUEL
AND UNUSUAL PUNISHMENT IS AT ITS WORST
LEVEL THROUGH OUT THE CONFINES OF THE
MONTGOMERY COUNTY DETENTION FACILITY
AND AN INVESTIGATION IS EMINENT TO THE
INMATE POPULATION AS A WHOLE. THE PLAINTIFF
SEEK RELIEF TO THESE MISCARRIAGES
OF JUSTICE.

15 OF 28

## IN CONCLUSION

THE PLAINTIFF PRAYS THAT THIS HONORABLE
COURT ACCEPTS HIS AMENDED COMPLAINT WITHOUT
BIAS. THE PLAINTIFF ALSO ASSERTS THAT WITH THE
ADDITION OF A SPECIAL REPORT BY THE DEFENDANTS,
FURTHER PROOF HAS BEEN OFFERED BY THE DEFENDANTS
BY THEIR OWN HAND AS TO WHY THE PLAINTIFF SHOULD
PREVAIL IN THIS LITIGATION. THE PLAINTIFF HAS SHOWN
THAT DR. BATES LIED ON HIS AFFIDAVIT AND THAT DIRECTOR
GINA SAVAGE IS USING LIES TO REFUTE AND DISCOUNT
THE PLAINTIFF'S CLAIMS BY USING LIBELOUS STATEMENTS
AS ARGUMENTS.

THE PLAINTIFF WISHES TO POINT OUT AS
AN EXAMPLE REGARDING HIS CLAIM OF BEING
DENIED ACCESS TO THE COURTS! ON PAGE THREE (3)
OF SPECIAL REPORT; FROM THE AFFIDAVIT OF GINA
SAVAGE, "TWO PIECES OF MAIL WERE SHREDD IN JUNE
OF 2007 BECAUSE THEY WERE ADDRESSED IN INK"
"ONE OF THESE WAS TO THE CLERK OF THE UNITED
STATES DISTRICT COURT".

SONDRA WRIGHT, THE OUTGOING MAIL CLERK,
PRODUCED A LIST OF OUTGOING MAIL AND THE MAIL
THAT WAS SHREDDED - THIS LIST WAS LABELED AS EXHIBIT
(1) IN THE SPECIAL REPORT. MS. WRIGHT NOTED THAT
THE REASON THE MAIL WAS SHREDDED ON JUNE 15, 2007
WAS ON AUTHORITY OF THE INMATE HANDBOOK
PAGE 11 ITEM NUMBER -6- (OUTGOING MAIL

NOT PROPERLY (ADDRESSED WILL BE DESTROYED.)
WE PRAY THAT THIS HONORABLE COURT RECOGNIZES
HOW THE DEFENDANTS AND THEIR COUNSEL TWISTS THE
WORDS OF THE INMATE HANDBOOK. THE PLAINTIFF
ATTESTS THAT THE ADDRESSES OF SAID OUTGOING
MAIL WAS CORRECT AND THAT MS. SONDRA WRIGHT WITH
THE PERMISSION OF GINA SAVAGE DID AID AND ABBET
IN DENYING THE PLAINTIFF RIGHT TO ACCESS TO
THE COURT

THE PLAINTIFF FURTHER ATTESTS THAT
ON PAGE (10) ITEM NUMBER (3) THREE - WHICH
STATES THAT: NORMALLY OUTGOING MAIL WILL
NOT BE OPENED FOR INSPECTION UNLESS THERE
IS REASONABLE CAUSE TO SUSPECT IT CONTAINS CONTRABAND
THAT MAY AFFECT THE SECURITY OF THE FACILITY,
INMATES AND/OR STAFF, SUCH SUSPECTED MAIL WILL
BE OPENED ONLY BY ORDER OF THE "DIRECTOR
OR ASSISTANT DIRECTOR" AND THEN ONLY IN THE
PRESENCE OF THE SENDER. BASED UPON
THE ABOVE THIS SHOWS CAUSE FOR THE PLAINTIFF'S
COMPLAINT AND ACCORDING TO THE ABOVE RULE
DIRECTOR SAVAGE DID IN FACT PERSONALLY

PARTICIPATE IN THE PLAINTIFF'S CONSTITUTIONAL DEPRIVATION BY ACT OR OMISSION OF ORDERING SONDRA WRIGHT, TO DESTROY THE PLAINTIFF'S "LEGAL" AND PERSONAL MAIL ALBEIT VIOLATING THEIR OWN RULE BY OPENING THE POSTED MAIL OF THE PLAINTIFF WITHOUT HIM BEING PRESENT SEE ABOVE STATEMENT, INMATE HANDBOOK PAGE 10 ITEM 3. THE PLAINTIFF RE-ATTESTS THAT SAID LEGAL MAIL WAS PART OF AN ORIGINAL COMPLAINT THAT WAS MARKED AS EXHIBIT A. THE PLAINTIFF PURCHASED COPIES OF HIS ENTIRE FILE AND LEARNED OF THE ABSENCE OF SAID LEGAL PAPERS THRU ITS PERUSAL.

THE PLAINTIFF HAS SENT A QUESTIONNAIRE TO DEBRA HACKETT, (CLERK OF COURT) TO ASCERTAIN THE WHEREABOUTS OF SAID LEGAL MAIL - HOWEVER; DUE TO THE ADMISSION OF SONDRA WRIGHT, AND GINA SAVAGE, OF THE DESTRUCTION OF THE LEGAL MAIL SENT TO THE OFFICE OF THE CLERK, UNITED STATES DISTRICT COURT, P.O. BOX 711 MONTGOMERY, AL. 36101-0714 WHICH IS THE CORRECT ADDRESS (SEE EXHIBIT 1 PAGE 2) THE PLAINTIFF IS NOT DISCOUNTING THE FACT THAT PERSONAL CORRESPONDENCE WAS ILLEGALLY DESTROYED (WITH THE PROPER ADDRESS AS WELL. THE ISSUE AT HAND BEING DENIED

ACCESS TO THE COURTS IS PARAMOUNT ALONG
WITH DIRECTOR GINA SAVAGE'S, CAUSAL CONNECTION
WITH THE DEPRIVATION OF THIS PLAINTIFF'S RIGHT
TO ACCESS TO THE COURTS. BY THE DEFENDANTS
OWN ADMISSION THEY DENIED SAID ACCESS WITHOUT
LEGAL CAUSE ON JUNE 15TH 2007 NOT ONLY
WAS THIS CONSTITUTIONAL RIGHT DENIED BUT
A FEDERAL OFFENSE DID IN FACT OCCUR ALBEIT
THE DESTRUCTION OF MAIL WITH PROPER POSTAGE
AND ADDRESSES.

THE DEFENDANTS WISH AND DESIRE TO
GAIN IMMUNITY, (QUALIFIED IMMUNITY) IN
THEIR OFFICIAL CAPACITY. THE PLAINTIFF
HAS SHOWN THAT GINA SAVAGE DID IN FACT
BY ACT OR OMISSION WAS A PERSONAL PARTICIPANT
BY ORDERING SONDRA WRIGHT TO DESTROY THE
PLAINTIFF'S MAIL. THEREFORE ; HENCE ESTABLISHED
GINA SAVAGE DOES NOT QUALIFY FOR ANY TYPE
OF IMMUNITY DURING THIS PROCEEDING REAL
OR IMAGINED. THE PLAINTIFF FEELS THAT
THE ADMINISTRATION HAVE TAKEN ADVANTAGE
OF THEIR OFFICIAL CAPACITY TO THE POINT
THAT THEY FEEL THAT THEY ARE IMMUNE TO
ANY RECOURSE FOR THEIR ILLEGAL ACTS — AS
LONG AS THEY CAN CLOTHE TRUTH WITH FASLEHOOD
AS LONG AS THEY CAN TWIST THEIR OWN RULES

TO COVER UP THEIR INDISCRETIONS - THIS SHOULD
NOT BE SO.

THE PLAINTIFF ASSERTS THAT HE IS
AWARE OF LAWSUITS AND LITIGATION THAT
CONTAIN UNFOUNDED PERJURY PROSECUTIONS
AND ALLEGATIONS. HOWEVER, THIS PLAINTIFF
HAS PRESENTED AS A MATTER OF FACT THE
DEFENDANT'S OWN STATEMENTS AS EVIDENCE.
AND THAT THE FALSE STATEMENTS WERE AND
ARE MATERIAL TO THIS PROCEEDING. WHICH
IS THE DEFINITION OF PERJURY IN THE FIRST (1ST)
DEGREE. THE PLAINTIFF PRAYS THAT THIS HONORABLE
COURT RECOGNIZES THE LOGIC PUT FORTH BY THE
PLAINTIFF IN REGARDS TO THE DEFENDANTS
STATEMENTS AND HOW IF DEEMED TRUE (WHICH THE
PLAINTIFF HAS POINTED OUT TO BE FASLE) COULD
AFFECT THE OUTCOME OF THIS OFFICIAL PROCEEDING.

THE PLAINTIFF WISHES TO POINT OUT SOME
NEW FACTS IN THIS COMPLAINT REGARDING WHAT
APPEARS TO BE IF NOT ACTUAL COVERING UP
OF CRIMINAL ACTIVITY BY THE DEFENDANTS
REGARDING THE PLAINTIFF'S MAIL. THE
PLAINTIFF HAS FOUND A PATTERN OF MISCONDUCT
BY THE DEFENDANTS THAT IS NO LESS THAN
CONSPIRATORIAL IN THEIR ACTIONS. HERE ARE
THE FACTS!

(1) THE PLAINTIFF HAD TO SUBMIT HIS COMPLAINT THREE TIMES BEFORE IT REACH THE UNITED STATES DISTRICT COURT CLERKS OFFICE.

(2) THE PLAINTIFF HAS PROOF IN POSSESSION THAT HE HAD IN FACT SENT MAIL NOT ONLY TO THE FEDERAL COURT BUT TO HIS SISTER AS WELL - THE PLAINTIFF WILL SUBMIT HIS SISTER'S RESPONSE ON DEMAND THAT WILL STATE THE DATE OF HER RESPONSE.

(3) THESE STATEMENTS ARE MATERIAL TO THIS LITIGATION IN THAT THEY ESTABLISH THE PATTERN OF MISCONDUCT BY THE MONTGOMERY COUNTY DETENTION FACILITY DEFENDANTS. NAMELY: THAT SONDRA WRIGHT, ON EXHIBIT "1" OF THE SPECIAL REPORT LISTED FROM MAY 9th 2007 - MAY 20th 2007 AND JUNE 1st 2007 JUNE 21, 2007 THERE WAS NO OUTGOING MAIL THE PLAINTIFF BEGS TO DIFFER WITH FURTHER PROOF - THE PLAINTIFF DIRECTS THE COURT TO A LETTER WRITTEN BY HIM CONCERNING HIS BELIEF THAT HIS MAIL WAS NOT BEING FORWARDED TO ITS DESTINATIONS. THIS LETTER WAS WRITTEN ON JUNE 12th 2007 AND RECEIVED BY THE CLERK ON JUNE 15th 2007. THE LETTERS' TEXT

CONTAINED STATEMENTS ALLUDED TO THE FACT THE PLAINTIFF HAD IN FACT MAILED A "1983" COMPLAINT TO THE CLERK ON MAY 28, 2007. THE CLERK RESPONDED BY SENDING A RECEIPT OF SAID CORRESPONDENCE ON JUNE 19, 2007 STATING THAT: WE HAVE NOT RECEIVED OR FILED A NEW COMPLAINT IN YOUR NAME. THIS REFERS TO PLAINTIFF'S "EXHIBIT A" WHICH OFFICER SMITH, WAS SUPOSED TO HAVE MAILED OUT MAY 28, 2007 DURING THE PROCESS OF OFFICER C. SMITH TAKING THE MAIL PROPERLY ADDRESSED TO THIS HONORABLE COURT, OFFICER C. SMITH, READ THE ADDRESS AND ASKED PLAINTIFF HAD HE ADDRESS THE ENVELOPE. THE PLAINTIFF STATED YES, OFFICER C. SMITH, STATED GO GET ME THE PEN YOU ADDRESS THIS LETTER WITH AND THE PLAINTIFF DID COMPLY, HOWEVER PLAINTIFF WAS UNAWARE THAT THIS FACILITY DOESN'T ALLOW ITS DETAINEES TO USE INK PENS THIS PEN WAS TAKEN MAY 28, 2007 THEREFORE, ANY OUTGOING MAIL AFTER THIS DATE WOULD HAVE BEEN WRITTEN IN PENCIL.

THE INMATE HANDBOOK DOES NOT STATE THAT PENS ARE CONTRABAND NOR WAS THE PLAINTIFF GIVEN A DISCIPLINARY FOR GIVING THE PEN TO OFFICER SMITH. THE PLAINTIFF ASSERTS THAT BECAUSE THE LITIGATION WAS AIMED AT THE DEFENDANT'S THEIR ACTIONS WERE AIMED

TO FRUSTRATE THE PLAINTIFF AND DENY AND DELAY HIS ACCESS TO THE COURTS.

THE PLAINTIFF ASSERTS THAT THE DEFENDANTS HAVE ADMITTED TO SHREDDING MAIL ON 6-15-2007 IN THE PROCESS OF SHREDDING MAIL THE SIZE OF THE LONG FORM 1983 COMPLAINT THE DEFENDANTS WOULD HAVE HAD TO HAVE BROKEN THE SEAL OF OUTGOING MAIL WHERE POSTAGE HAVING BEEN PAID BY PLAINTIFF AS THE SENDER, WITH THE ASSURANCE OF THE POSTMASTER GENERAL OFFICE AND FEDERAL LAW THAT IT SHALL REACH ITS DESTINATION OR BE POSTMARKED RETURN TO SENDER. IN THE PROCESS OF THIS DENIAL OF ACCESS TO THE COURTS THE DEFENDANTS WOULD HAVE GAINED UNFAIR ADVANTAGE OF READING THE COMPLAINT EVEN BEFORE THIS HONORABLE COURT ITSELF, AND TO NOT HAVE GIVEN THE PLAINTIFF NOTICE OF ITS DESTRUCTION WOULD CREATE A PLOT AND IF MORE THAN ONE DEFENDANT WAS INVOLVED IT WOULD THEN BECOME A CONSPIRACY TO COVER-UP THE ALLEGATIONS OF THE PLAINTIFF PRIOR TO THIS HONORABLE COURT HAVING EVER LOOKED UPON SAID ALLEGATIONS AND CLAIMS, FURTHER MORE WOULD BE ABLE TO STOP ANY FUTURE

OUTGOING MAIL PRESENTING A THREAT TO
DEFENDANTS WRONG DOING, WHICH INDEED
IS SHOWN BY THE MISSING FILE WITHIN THE
COURTS FILE WHERE PLAINTIFF STATES (SEE EXHIBIT A)
AND THERE IS NO (EXHIBIT A) WHY? BECAUSE THE
DEFENDANTS THEMSELVES HAVE SHREDDED IT
LEAVING THE COURT FILE INCOMPLETE AND THIS
FACT WOULD HAVE NEVER BEEN KNOWN UNLESS
THE PLAINTIFF HAD PURCHASE THE WHOLE CASE
FILE WHICH HE DID FINDING HIS (EXHIBIT A)
TO BE MISSING FROM THIS HONORABLE COURTS
FILE. FAIRNESS HAS BEEN CASTED ASIDE BY, SOME
OF THESE DEFENDANTS AND CRIMINAL ACTIVITY
IS AT A ALL TIME HIGH, TO PREVENT PLAINTIFF
OF HIS CONSTITUTIONAL RIGHT TO OPEN ACCESS
TO THE COURTS. THUS SAID AND THE MANY
GROSS CONSTITUTIONAL VIOLATIONS THE PLAINTIFF
THROUGH THE SUBSTANTIAL MERITS OF THE ABOVE
FACTS THE PLAINTIFF PRAYS THIS HONORABLE COURT
SHALL SEE TO IT THAT PLAINTIFF SHALL PREVAIL.

IT IS SO PRAY
UNDER THE PENALTY OF PERJURY.

S/ Nathaniel Shaw
NATHANIEL SHAW
BOOKING# 89354 M.C.D.F
P.O. BOX 4599
MONTGOMERY AL

DATE SEPTEMBER 3rd 2007

## RELIEF SOUGHT

WHAT THE PLAINTIFF DESIRE THE COURT TO DO FOR HIM.

(1.) THE PLAINTIFF REQUEST A FULL JURY TRIAL.

(2) THE PLAINTIFF SEEKS THE RETURN OF HIS PERSONAL PROPERTY, TAKEN OFF HIS PERSON DURING THE ALLEGED ARREST ON MAY 9th 2007 MONEY INCLUDED OVER ONE THOUSAND DOLLARS OF U.S. CURRENCY.

(3) PLAINTIFF REQUEST A DECLARATORY JUDGEMENT AGAINST EACH NAMED OR UNNAMED DEFENDANT FOUND GUILTY AS CHARGED.

(4) PLAINTIFF REQUEST A TEMPORARY INJUNCTION AGAINST THE DEFENDANTS DIRECTING THAT THEY TRANSFER PLAINTIFF TO EITHER ANOTHER COUNTY JAIL OR ALLOW PLAINTIFF TO BE RELEASE ON BOND.

(5) PLAINTIFF REQUEST THAT FEDERAL CRIMINAL CHARGES BE LODGE AGAINST DOCTOR JOHNNY E. BATES, FOR THE CHARGE OF PERJURY WHICH HE HAVE COMMITTED IN THIS CIVIL ACTION PRECEEDING.

(6) THE PLAINTIFF REQUEST COMPENSATIVE JUDGEMENT OF ONE MILLION FIVE HUNDRED THOUSAND

RELIEF SOUGHT CONT.
(\$1,500,000.00)

(7) PLAINTIFF REQUEST PUNITIVE JUDGEMENT OF TWO MILLION FIVE HUNDRED THOUSAND DOLLARS. (\$2,500,000.00)

8. PLAINTIFF REQUEST THAT A FULL SCALE INVESTIGATION OF THE MONTGOMERY POLICE DEPARTMENT ARREST PROCEDURE AND SECURING OF DETAINEE'S PROPERTY.

(9) ORDER A FULL SCALE INVESTIGATION OF THE MONTGOMERY COUNTY DETENTION FACILITY AND AN AUDIT BE HELD TO SEE WHERE FEDERAL FUNDS ARE BEING SPENT

(10) THE PLAINTIFF ASKS THE COURT TO ORDER THE MONTGOMERY COUNTY DETENTION FACILITY TO INSTRUCT IT'S STAFF TO CEASE AND DESIST FROM HARASSING AND RETALIATING IN ANY MANNER AGAINST PLAINTIFF.

(11) PLAINTIFF REQUEST TRANSPORT TO THE VETERAN'S ADMINISTRATION MEDICAL FACILITY IMMEDIATELY THE PLAINTIFF IS IN PAIN EVEN AS HE WRITES THIS DOCUMENT AND THE PLAINTIFF IS BEGINNING TO FEEL THAT THE COURT HAS LITTLE OR NO REGARD FOR HIS PHYSICAL WELL BEING — WE DO UNDERSTAND ABOUT THE JUDICIAL PROCESS — WITH ALL DUE RESPECT.
HOWEVER, THE INJUNCTIVE RELIEF

<u>RELIEF SOUGHT CONT.</u>

SOUGHT WAS SO SIMPLE AND NON-THREATENING THAT IT HAD BEEN DENIED DUE TO A PERJURED SWORN AFFIDAVIT WITHOUT A SECOND OPINION IS PLACING THE PLAINTIFF VISION AT PERIL. THE PLAINTIFF PRAYS THAT THIS HONORABLE COURT ACCEPTS THIS AMENDED COMPLAINT, THE PLAINTIFF PRAYS THIS HONORABLE COURT RULES IN FAVOR OF THE PLAINTIFF BASE UPON THE MERITS THAT PLAINTIFF HAS SHOWN AND RULE AGAINST THE FOUL PLAY OF THE DEFENDANTS IN THE OPEN DISPLAY OF <u>PERJURY</u> TO PREVENT JUSTICE.

IT IS SO PRAYED
UNDER THE PENALTY OF PERJURY

DATED ON SEPTEMBER 3RD 2007   S/ Nathaniel Shaw

NATHANIEL SHAW (PRO SE)
BOOKING # 89.354
P.O. BOX 4599
MONTGOMERY, AL
36103

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY UNDER THE PENALTY OF PERJURY THAT I HAVE ON THIS 3rd DAY OF SEPTEMBER 2007, SENT AN EXACT COPY OF THE FOREGOING DOCUMENT BY U.S. MAIL POSTAGE PREPAID AND PROPERLY ADDRESSED TO THE FOLLOWING:

CLERK OF COURT
UNITED STATES DISTRICT COURT
OF ALABAMA
P.O. BOX 711
MONTGOMERY ALABAMA
          36104-0711

CONSTANCE C. WALKER ESQ.
HASKELL SLAUGHTER YOUNG GALLION
  ATTORNEY FOR DEFENDANTS
  D.T. MARSHALL, GINA SAVAGE
  AND CO. C. SMITH (ADDENDUM)
  MAIL CLERK SONORA WRIGHT (ADDENDUM)
   305 S. LAWRENCE ST.
    MONTGOMERY. AL  36104

WAYNE P. TURNER ESQ.
  ATTORNEY FOR DEFENDANT
Dr. JOHNNY E. BATES
  150 5 MADISON AVE

<u>CERTIFICATE OF SERVICE</u> CONT.

ALLISON H. HIGHLEY ESQ.
FOR DEFENDANTS
ART BAYLOR, C.J. COUGHLIN,
DETECTIVE HALL (ADDENDUM)
CITY OF MONTGOMERY
P.O. BOX 1111
MONTGOMERY, ALABAMA
            36101-1111

                    S\ <u>Nathaniel Shaw</u> PROSE
                        NATHANIEL SHAW
                        BOOKING # 89354
                        PO BOX 4599
                        MONTGOMERY, AL
                            36123

BOOKING # 89354
M.C.D.
M.C.D.F.
P.O. BOX 4599
MONTGOMERY, ALABAMA
36103-4599

INMATE MAIL

(LEGAL MAIL)

OFFICE OF THE CLERK
UNITED STATES DISTRICT (M.D.)
P.O. BOX 711
MONTGOMERY, ALABAMA
36101-0711