**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **NATHANIEL SHAW**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. **2:07-CV-606-ID-SRW** |
| | ) | |
| **D.T. MARSHALL**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## SUPPLEMENTAL SPECIAL REPORT AND ANSWER

COME NOW Defendants Art Baylor, C. J. Coughlin and J. W. Hall respectfully submit this Supplemental Special Report and Answer.

## I. PLAINTIFF'S ALLEGATIONS

1.     In his Amended Complaint, Plaintiff Nathaniel Shaw sets out Ground One, which is directed at MPD officers. Plaintiff sets out numerous allegations in Ground Two and his Conclusion, however none involve the Montgomery Police Department. Also, because Plaintiff makes no allegations against Defendant Baylor in his Amended Complaint, this Supplemental Special Report is limited to Defendants Coughlin and Hall. Plaintiff's claims against Defendants Coughlin and Hall are summarized below:

2.     <u>Count One</u>. Plaintiff alleges that Defendants Coughlin and Hall "acting in their official capacity did illegally arrest the plaintiff without just cause and without an arrest warrant in violation of state and federal law."

3.     <u>Count Two</u>. Plaintiff goes on to allege that "during said arrest [Defendants Coughlin and Hall] intentionally and with malice inflicted bodily harm in excess of force required to subdue a person under arrest," and that the force used caused what he feels is

an irreparable injury to Plaintiff's eye. Plaintiff claims that Defendants Coughlin and Hall "slammed and mauled the plaintiff [sic] head, face down on the hood of their truck and maliciously held the plaintiff head in that position for an unnecessarily prolonged period of times [sic] without provaction [sic] from the plaintiff…"

4.    <u>Count Three</u>. Plaintiff also claims Defendants Coughlin and Hall used their uniforms and badges to "rob and steal from the plaintiff namely: personal property (1) over one thousand dollars in American money (2) a wallet (3) a gold chain necklace with gold cross and medallion (4) all expensive gold watch made by Elgin (5) a solid gold Masonic ring."

5.    <u>Count Four</u>. Plaintiff claims Defendant Coughlin and Hall committed perjury during his preliminary hearing, when they testified that the Plaintiff was "high and drugged out on crack cocaine." Plaintiff goes on to say Defendants Coughlin and Hall testified that they had not arrested Plaintiff on May 9, 2007. Plaintiff claims he was never tested for any drug or alcohol, that there were no Miranda Warning or official charges by the defendants, and that he was not officially booked into the Montgomery City Jail where he was taken by defendants. Plaintiff asks why he was detained and then claims the Defendants themselves were guilty of criminal kidnapping.

6.    <u>Count Five</u>. Plaintiff claims it was illegal for Defendants Coughlin and Hall to transport Plaintiff to the Montgomery County Jail without transferring the personal property that had been seized from him.

7.    <u>Count Six</u>. Plaintiff claims Defendants Coughlin and Hall have withheld his receipt for the seized property.

8.     <u>Count Seven</u>. Plaintiff claims he had not done anything illegal or unduly suspicious and that arresting officers did not have probable cause or an arrest warrant. Plaintiff goes on to say that Defendant Hall "is the actual defendant that used the excessive force."

## II. FACTS

9.     Defendants Baylor, Coughlin and Hall incorporate by reference their prior Special Report, with attachments, as if fully set out herein.

10.     Defendant J. W. Hall is a sworn law enforcement officer employed in the Detective Division of the MPD. (Exhibit A – Affidavit of J. W. Hall).

11.     On May 9, 2007, Defendant Hall was at MPD headquarters when Sgt. Byrd with the Robbery Unit contacted him and to say he had a black male subject in possession of several checks in different names, and that the subject had just tried to present a counterfeit check to RCB bank. (Exhibit A – Affidavit of J. W. Hall; Exhibit B – Affidavit of K. L. Byrd[1]).

12.     The subject matched the description of a subject who had presented counterfeit checks as RCB bank on previous dates, and MPD had received a package of evidence from RCB bank with the subject's photo, affidavits of forgery and certified copies of checks. (Exhibit A – Affidavit of J. W. Hall). Defendant Hall obtained this package and confirmed that the subject in the photos presenting counterfeit checks was the same subject that Sgt. Byrd had in custody. (Exhibit A – Affidavit of J. W. Hall). The subject, Nathaniel Shaw, was taken into custody at that time, and Sgt. Byrd advised he would have Patrol transport Mr. Shaw to the Detective Division at MPD headquarters. (Exhibit A – Affidavit of J. W. Hall; Exhibit B – Affidavit of K. L. Byrd).

---

[1] Doc. 23-2, filed previously as Exhibit A to Doc 23, Special Report.

13.    Defendant Hall was notified when Mr. Shaw arrived at headquarters, and Defendant Hall met them outside. (Exhibit A – Affidavit of J. W. Hall). When Defendant Hall asked Mr. Shaw his name, he told Detective Hall that he had 28 names and did not know his real name. (Exhibit A – Affidavit of J. W. Hall). Based on his professional experience, it appeared to Defendant Hall that Mr. Shaw was under the influence of crack cocaine. (Exhibit A – Affidavit of J. W. Hall). Defendant Hall did not attempt to Mirandize or question Mr. Shaw at that time because any statements by Mr. Shaw while he was in that condition would not have been useful. (Exhibit A – Affidavit of J. W. Hall).

14.    Mr. Shaw was not robbed of his personal property, as he claims. Mr. Shaw's personal property was seized incident to his arrest and impounded under inventory numbers 277691, 277694, 278704, 279078, and vehicle impound 1419. (Exhibit A – Affidavit of J. W. Hall; Exhibit B – Property Inventories).

15.    Defendants Coughlin and Hall did not commit perjury at Mr. Shaw's preliminary hearing when they testified under oath that Mr. Shaw was under the influence at the time of his arrest. (Exhibit A – Affidavit of J. W. Hall). Based on Defendants' professional experience, Mr. Shaw exhibited symptoms consistent with being high on crack cocaine. (Exhibit A – Affidavit of J. W. Hall; Exhibit C – Affidavit of C. J. Coughlin[2]). Also, a substance believed at the time to be crack cocaine was found in Mr. Shaw's immediate possession, along with related drug paraphernalia. (Exhibit A – Affidavit of J. W. Hall; Exhibit C – Affidavit of C. J. Coughlin).

16.    Mr. Shaw was not booked into the Montgomery City Jail because the charges against him were all felonies, requiring him to be booked into the Montgomery

_____

[2] Doc. 23-3, filed previously as Exhibit B to Doc 23, Special Report.

County Detention Facility ("MCDF"). (Exhibit A – Affidavit of J. W. Hall; Exhibit C – Affidavit of C. J. Coughlin).

17.    The property seized incident to Mr. Shaw's arrest has been impounded by MPD and will be maintained in a secure facility until it is needed for criminal prosecution or released to its owner. (Exhibit A – Affidavit of J. W. Hall; Exhibit C – Affidavit of C. J. Coughlin). Property impounded by MPD officers is not, as a matter of course, transferred to the Montgomery County Sheriff's Department if its owner is transferred to the MCDF. (Exhibit A – Affidavit of J. W. Hall).

### III. DEFENSES

18.    Defendants Baylor, Coughlin and Hall assert the following defenses:

19.    Defendants generally deny all material allegations of the Complaint, demand strict proof thereof, and deny that Plaintiff is entitled to any relief.

20.    Defendants aver that Plaintiff's Complaint fails to state a cause of action against these Defendants upon which relief can be granted.

21.    Defendants plead the general issue and deny any allegations not specifically denied.

22.    Defendants Baylor, Coughlin and Hall are not correct parties in interest.

23.    Defendants plead that Plaintiff's claims are barred for failure to comply with *Code of Alabama* §11-47-23 (1975).

24.    Defendants plead that Plaintiff's claims are barred for failure to comply with *Code of Alabama* §11-47-192 (1975).

25.    Defendants plead qualified immunity.

26.    Defendants aver that they are immune under *Code of Alabama* §6-5-338

(1975).

27.     Defendants aver that they are immune under *Code of Alabama* §36-22-7 (1975).

28.     Defendants plead estoppel, waiver and unclean hands.

29.     Defendants reserve the right to amend these defenses as allowed by the Court.

### A. Defenses Specific to Baylor

30.     Plaintiff has not made any allegations against Defendant Baylor in his Amended Complaint. Therefore, Defendant Baylor incorporates herein by reference his previously submitted Affidavit (Exhibit E – Affidavit of Art Baylor[3]), and re-asserts each and every defense set out on his behalf in his previous Special Report (Doc. 23).

### B. Defenses Specific to Coughlin

31.     Plaintiff has explicitly stated that Defendant Hall "is the actual defendant that use the excessive force" against him during the arrest. Defendant Coughlin was not present at the arrest and is not Defendant Hall, so the excessive force claim against Coughlin is due to be dismissed.

### C. Defenses Specific to Hall

32.     Again, Plaintiff has explicitly stated that Defendant Hall "is the actual defendant that use the excessive force" against him during the arrest. Defendant Hall was not present at the arrest, so the excessive claim force against Hall is due to be dismissed.

### IV. ARGUMENT

33.     Defendants incorporate by reference their previous argument (Doc. 23) regarding excessive force claims, qualified immunity, discretionary function immunity,

---

[3] Doc. 23-5, filed previously as Exhibit D to Doc 23, Special Report.

6

respondeat superior and sovereign immunity, and apply those arguments to the allegations contained in Plaintiff's Amended Complaint as those claims relate to each defendant. Furthermore, Defendants Baylor, Coughlin and Hall submit the following arguments, responding to Plaintiff's claims, in the order in which they are presented in his Amended Complaint:

### A. Count One

34.    Plaintiff alleges that Defendants Coughlin and Hall "acting in their official capacity did illegally arrest the plaintiff without just cause and without an arrest warrant in violation of state and federal law."

35.    It is clear from the record that there was probable cause to arrest Mr. Shaw (Exhibit A – Affidavit of J. W. Hall; Exhibit B – Affidavit of K. L. Byrd), and warrants issued for Mr. Shaw's arrest. (Exhibit F – Warrants of Arrest).

### B. Count Two

36.    Plaintiff claims that "during said arrest [Defendants Coughlin and Hall] intentionally and with malice inflicted bodily harm in excess of force required to subdue a person under arrest," and that the force used caused what he feels is an irreparable injury to Plaintiff's eye. Plaintiff claims that Defendants Coughlin and Hall "slammed and mauled the plaintiff [sic] head, face down on the hood of their truck and maliciously held the plaintiff head in that position for an unnecessarily prolonged period of times [sic] without provaction [sic] from the plaintiff…"

37.    None of the MPD defendants were present at the scene of the arrest. (Exhibits A, B, C, D and E), and none of the MPD defendants had any physical contact with or used any force against Mr. Shaw (Id.). Defendants Baylor, Coughlin and Hall did

not use excessive force against Plaintiff Shaw.

### C. Count Three

38.     Plaintiff also claims Defendants Coughlin and Hall used their uniforms and badges to "rob and steal from the plaintiff namely: personal property (1) over one thousand dollars in American money (2) a wallet (3) a gold chain necklace with gold cross and medallion (4) all expensive gold watch made by Elgin (5) a solid gold Masonic ring."

39.     As explained above, Mr. Shaw's personal property was seized incident to his arrest and impounded under inventory numbers 277691, 277694, 278704, 279078, and vehicle impound 1419. (Exhibit A – Affidavit of J. W. Hall; Exhibit B – Property Inventories). MPD does have possession of Mr. Shaw's personal property, but only for the purpose of safeguarding it as evidence.

### D. Count Four

40.     Plaintiff claims Defendant Coughlin and Hall committed perjury during his preliminary hearing, when they testified that the Plaintiff was "high and drugged out on crack cocaine." Based on Defendants' professional experience, Mr. Shaw exhibited symptoms consistent with being high on crack cocaine. (Exhibit A – Affidavit of J. W. Hall; Exhibit C – Affidavit of C. J. Coughlin). Also, a substance believed at the time to be crack cocaine was found in Mr. Shaw's immediate possession, along with related drug paraphernalia. (Exhibit A – Affidavit of J. W. Hall; Exhibit C – Affidavit of C. J. Coughlin).

41.     Plaintiff goes on to say Defendants Coughlin and Hall testified that they had not arrested Plaintiff on May 9, 2007. The record reflects that Coughlin and Hall did

not, in fact, arrest Mr. Shaw.

42.     Plaintiff claims he was never tested for any drug or alcohol, that there were no Miranda Warning or official charges by the defendants, and that he was not officially booked into the Montgomery City Jail where he was taken by defendants. Under the circumstances, a drug test was not warranted. Defendant Hall concluded that Mr. Shaw was on crack cocaine and decided to wait until he came down off of the drug before attempting any substantive conversation with Mr. Shaw. (Exhibit A). Neither Defendant Coughlin nor Hall could administer a Miranda Warning because of Mr. Shaw's condition, and Mr. Shaw was escorted to a holding cell to await transport to the MCDF.  (Exhibits A and D).

43.     Plaintiff asks why he was detained and then claims the Defendants themselves were guilty of criminal kidnapping. Plaintiff was arrested for multiple counts of First Degree Theft. (Exhibit F). Defendants Baylor, Coughlin and Hall were at all times relevant acting wholly within the line and scope of their duties and discretion as sworn law enforcement officers, and none are guilty of any crime against Mr. Shaw.

**E. Count Five**

44.     Plaintiff claims it was illegal for Defendants Coughlin and Hall to transport Plaintiff to the Montgomery County Jail without transferring the personal property that had been seized from him.

45.     The property seized incident to Mr. Shaw's arrest has been impounded by MPD and will be maintained in a secure facility until it is needed for criminal prosecution or released to its owner. (Exhibits A and C). Property impounded by MPD officers is not, as a matter of course, transferred to the Montgomery County Sheriff's Department if its

owner is transferred to the MCDF. (Exhibit A).

### F. Count Six

46.     Plaintiff claims Defendants Coughlin and Hall have withheld his receipt for the seized property. Copies of the relevant Property Inventories are attached hereto as Exhibit B.

### G. Count Seven

47.     Plaintiff claims he had not done anything illegal or unduly suspicious and that arresting officers did not have probable cause or an arrest warrant. Plaintiff goes on to say that Defendant Hall "is the actual defendant that used the excessive force."

48.     Plaintiff Shaw claims police used excessive force, "mauling" him into the hood of a vehicle causing injury to his left eye. (Doc. 1; Doc. 28-2). The evidence reflects that Defendants Baylor, Coughlin and Hall were not present or involved in Shaw's apprehension and arrest. (Exhibits A, D, and E). Further, there is no indication that officers involved in Shaw's arrest used any force other that the de minimus force required to handcuff Shaw and place him in the police vehicle for transport. (Exhibits C and D).

49.     The evidence shows that Defendants Baylor, Coughlin and Hall applied no force to Plaintiff Shaw. Defendant Baylor has not had any contact with Shaw. (Exhibit E). Defendant Hall only spoke to Shaw briefly outside MPD headquarters and Defendant Coughlin has attempted to speak to Shaw on three occasions, but neither used any force or threat of force with regard to those contacts. (Exhibits A and D).

50.     The officers who were, in fact, involved in Shaw's arrest testified that Shaw was compliant and that the arrest was accomplished without incident. Clearly, the de minimus amount of force required to physically take a suspect into custody falls

within the acceptable level deemed reasonably proportionate.

## V. CONCLUSION

51.    Plaintiff cannot succeed on any claims for Fourth Amendment violations. It is clear in this case that Defendants Baylor, Coughlin and Hall were not present at the scene of the alleged injury. Therefore, Shaw's claims of constitutional violations are due to be dismissed as to Defendants Baylor, Coughlin and Hall.

52.    Discretionary function immunity under § 6-5-338 and qualified immunity under § 1983 protects police and municipal officials from tort liability when acting within the line and scope of their duties. MPD Defendants acted in the scope of their duties at all times relevant to the Complaint. Accordingly, Plaintiff's claims should be dismissed on the grounds of state and federal immunity.

53.    The MPD Defendants named here have not violated Plaintiff's constitutional rights. In light of the foregoing, Plaintiff's Amended Complaint is due to be dismissed to the extent it names Baylor, Coughlin and Hall as defendants.

Respectfully submitted this 9th day of October 2007.


/s/ Allison H. Highley
Allison H. Highley (HIG024)
Attorney for Defendants Baylor, Coughlin
and Hall

**OF COUNSEL**
City of Montgomery, Legal Department
Post Office Box 1111
Montgomery, Alabama 36101
(334) 241-2050 Telephone

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2007, I electronically filed the foregoing with the Clerk of Court which will cause e-mail notification to be sent to the following:

Wayne P. Turner, Esq.
Post Office Box 152
Montgomery, Alabama 36101

Constance C. Walker, Esq.
Thomas T. Gallion, III, Esq.
Haskell Slaughter Young & Gallion, LLC
305 South Lawrence Street
Montgomery, Alabama 36104

I further certify that on October 9, 2007, I mailed the foregoing via U.S. Mail,

first-class postage prepaid, addressed as follows:

Nathaniel Shaw
Montgomery County Detention Facility
Post Office Box 4599
Montgomery, Alabama 36103

/s/ Allison H. Highley
Of Counsel

Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

NATHANIEL SHAW,          )
                             )
      Plaintiff,          )
                             )
v.                       )     Case No. **2:07-CV-606-ID-SRW**
                             )
**D.T. MARSHALL**, et al.,       )
                             )
Defendants.         )

## AFFIDAVIT OF J. W. Hall

**STATE OF ALABAMA**        )

**COUNTY OF MONTGOMERY**   )

Before me, a Notary Public in and for said State and County, personally appeared **J. W. Hall** and, after first being duly sworn by me, did depose and state as follows:

1.     My name is J. W. Hall and I am over nineteen years of age. I have first-hand knowledge of the facts contained herein and am competent to testify thereto.

2.     I am a sworn law enforcement officer employed in the Detective Division of the Montgomery Police Department ("MPD").

3.     On May 9, 2007, I was at MPD headquarters when Sgt. Byrd with the Robbery Unit contacted me and told me he had a black male subject in possession of several checks in different names, and that the subject had just tried to present a counterfeit check to RCB bank.

4.     Sgt. Grandison then contacted me and said the subject matched the description of a subject that had presented counterfeit checks as RCB bank on previous dates, and that he had a package of evidence from RCB bank with the subject's photo,

affidavits of forgery and certified copies of checks. I went and obtained this package and confirmed that the subject in the photos presenting counterfeit checks was the same subject that Sgt. Byrd had in custody. The subject, Nathaniel Shaw, was taken into custody at that time, and Sgt. Byrd then told me he would have Patrol transport Mr. Shaw to the Detective Division at MPD headquarters.

5.     When he arrived at headquarters, the transporting officers called me and I came outside to meet them. I asked Mr. Shaw his name, and he told me he had 28 names and did not know his real name. Based on my professional experience, it appeared to me that Mr. Shaw was under the influence of crack cocaine. I did not attempt to Mirandize or question Mr. Shaw at that time because any statements by Mr. Shaw while he was in that condition would not be useful to the investigation.

6.     An inventory search conducted incident to the arrest produced eight different identification cards, either on Shaw's person or in the vehicle he was driving. One of the identifications was a Veterans Affairs ID card in the name of Nathaniel Shaw, DOB 03/01/1949, SSN 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. This information was run through NCIC which revealed criminal history in Florida and Georgia.

7.     During the inventory search of the vehicle, a black eyeglass case was located in the driver's side floorboard. Inside this case was a substance believed to be crack cocaine, so the Narcotics Unit was contacted and the substance along with drug paraphernalia were turned over to them.

8.     I did not rob Mr. Shaw of his personal property, as he claims. Mr. Shaw's personal property was seized incident to his arrest and impounded under inventory numbers 277691, 277694, 278704, 279078, and vehicle impound 1419.

9.     I did not commit perjury at Mr. Shaw's preliminary hearing. Mr. Shaw was under the influence at the time of his arrest, and based on my professional experience, he exhibited symptoms consistent with being high on crack cocaine. Further, a substance believed at the time to be crack cocaine was found in Mr. Shaw's possession, along with corresponding drug paraphernalia. I do not know if Mr. Shaw was tested for drug or alcohol intoxication when he was booked.

10.     Mr. Shaw was not booked into the Montgomery City Jail, because his offenses, which were all felonies, required him to be booked into the Montgomery County Detention Facility ("MCDF"), where he was transported after MPD officers completed their documentation regarding the arrest.

11.     Once property has been seized by MPD officers incident to arrest, MPD maintains it in a secure facility until it is needed for criminal prosecution or released to its owner. Property impounded by MPD officers is not, as a matter of course, transferred to the Montgomery County Sheriff's Department regardless of whether its owner is transferred to the MCDF.

12.     I have not violated Mr. Shaw's constitutional rights.

**Further Affiant saith not.**

Cpl. JC - Hall 1316
J. W. Hall
Montgomery Police Department

SWORN to and SUBSCRIBED before me this the 9th day of October, 2007.

_____
Notary Public
My commission expires:

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Feb 22, 2010
BONDED THRU NOTARY PUBLIC UNDERWRITERS

3

Exhibit B

# MONTGOMERY POLICE DEPARTMENT
## P R O P E R T Y   I N V E N T O R Y

Date 5/5/2007  Time 14 14    A.M.

☐ A.M.
✓ P.M.

| OFFICE USE ONLY | | |
|---|---|---|
| Property No. | 277691 | |
| Area/Bin No. | | |

### W E A P O N S   O N L Y

| | | | | | | | Type Property: | Evidence | ✓ |
|---|---|---|---|---|---|---|---|---|---|
| Ex-Felon Check | YES | | NO | NCIC CHECK | YES | | NO | | |
| Ex-Felon | YES | | NO | If Stolen attach Print Out | | | | Personal | |
| DOB | | / / | | Stolen | YES | | NO | | |
| | | | | Removed from NCIC | YES | | NO | Found | |

Officers Name  G.W. Smits          266      Det        2831

Name                ID        Division        PX

Where Found _____

Property Owner _____

Name          Address          Zip Code    Telephone

Offense  Theft 1st , ID Theft trafficing, CFPI

Report No.

Defendant's Name  Nathaniel Shaw

Description of Property: Box A  Bag A  ids, green shirt, keys, wallets, U.S. Currency
$ 1,017 ³¹/₁₀₀ XXX Bag B  ids receipt Regions Bank Daphne XXX
Bag C  three cell phones, numerous checks 15⁰⁰ dollars US Currency
XXX  Bag D  Jewelry  2 watches gold/silver  one gold ring
XXX  tag UQY LBH  FL XXX Bag  one cell phone
Box B

Black nylon bag Assort records (red cross on front) XXX Black nylon back
Pack, (2) bags Assorted records.

Release Authorization: Release to  Any Detective         BY  G.W. Smits

DATE  5/7/2007          TIME  1430

PERSONAL OR FOUND PROPERTY NOT CLAIMED WITHIN 30 DAYS WILL BE DISPOSED OF (334) 241-2523

Property Received By: _____

WHITE COPY-SUPPLY/GREEN COPY-OWNER/BLUE COPY-OFFICER

SHEET _2_ OF _____          ORIGINAL PROPERTY NO. _277691_

DATE: _5/9/2007_ TIME: _1414_ AM ___ (PM)    ORIGINAL REPORT NO. _____

OFFICER SUBMITTING _G.W. Suits_    DIVISION _Detective_

BIN NO. OR OTHER _____

_Box C_
XXX _Black bag Nylon Eastsport Assorted paperwork + IDs_
_Black garage bag Assorted items_
_Clear bag Assorted clothing items_

PROPERTY RECEIVED BY: _____
(attach to white property sheet)

MPD form 020

# MONTGOMERY POLICE DEPARTMENT
## P R O P E R T Y   I N V E N T O R Y

Date 5/9/2007   Time 1442

| | A.M. |
| | ✓ P.M. |

Property No. 277694

Area/Bin No.

Type Property:
| Evidence | |
| Personal | ✓ |
| Found | |

### W E A P O N S   O N L Y

| Ex-Felon Check | YES | NO | NCIC CHECK | YES | NO |
| Ex-Felon | YES | NO | If Stolen attach Print Out | | |
| DOB | / / | | Stolen | YES | NO |
| | | | Removed from NCIC | YES | NO |

Officers Name   G.W. Suits   266   Det   2831
                Name          ID    Division   PX

Where Found   Nathaniel Shaw vehicle

Property Owner
            Name              Address              Zip Code   Telephone

Offense   Traffic ID Theft, CPFI,

Defendant's Name   N. Shaw        Report No.

Description of Property:   tackle box, 3 black plastic bag clothing
green nylon bag clothing items, Leather bag clothing

Release Authorization: Release to   Any Detective   BY   G.W Suits

DATE   5/5/2007   TIME   1450

PERSONAL OR FOUND PROPERTY NOT CLAIMED WITHIN 30 DAYS WILL BE DISPOSED OF (334) 241-2523

Property Received By: _____

# MONTGOMERY POLICE DEPARTMENT
# P R O P E R T Y   I N V E N T O R Y

Date 5/31/07  Time 1340  ☐ A.M.  ☒ P.M.

| OFFICE USE ONLY | | |
|---|---|---|
| Property No. | 278704 | |
| Area/Bin No. | | |
| Type Property: | Evidence | ☒ |
| | Personal | |
| | Found | |

### W E A P O N S   O N L Y

| Ex-Felon Check | YES | NO | NCIC CHECK | YES | NO |
|---|---|---|---|---|---|
| Ex-Felon | YES | NO | If Stolen attach Print Out | | |
| DOB | / / | | Stolen | YES | NO |
| | | | Removed from NCIC | YES | NO |

**Officers Name**  CJ Coughl.  1008  Det  241-2831
Name — ID — Division — PX

**Where Found**

**Property Owner**
Name — Address — Zip Code — Telephone

**Offense**  Trafficing stolen ID's  07-010054
Report No.

**Defendant's Name**  Nathanial Shaw

**Description of Property:**
12 ID's assorted
1- Providia Visa Card
1 Door Key
Assort Paperwork
1 Pocket Knife
1 -357 Bullet

**Release Authorization: Release to**  Any Det  BY  1008
**DATE**  5/31/07  **TIME**  1340

PERSONAL OR FOUND PROPERTY NOT CLAIMED WITHIN 30 DAYS WILL BE DISPOSED OF  (334) 241-2523

**Property Received By:** _____

WHITE COPY-SUPPLY/GREEN COPY-OWNER/BLUE COPY-OFFICER

# MONTGOMERY POLICE DEPARTMENT
# P R O P E R T Y   I N V E N T O R Y

Date 6/17/07  Time 0143  ☑ A.M.  ☐ P.M.

**OFFICE USE ONLY**

Property No. 279078

Area/Bin No.

### W E A P O N S   O N L Y

| | | | | | | |
|---|---|---|---|---|---|---|
| Ex-Felon Check | YES | NO | NCIC CHECK | YES | NO | |
| Ex-Felon | YES | NO | If Stolen attach Print Out | | | |
| DOB | | / / | Stolen | YES | NO | |
| | | | Removed from NCIC | YES | NO | |

Type Property:  Evidence ☒  Personal  Found

Officers Name: CJ Coughlin   Name   ID 1008   Division Det   PX 241-2808

Where Found:

Property Owner:   Name   Address   Zip Code   Telephone

Offense: TOP 1,7   Report No. 07-010054

Defendant's Name: Nathaniel Shaw

Description of Property: Case file paperwork

Release Authorization: Release to Any Det   BY Sgt. CJ Coughlin

DATE 6/17/07   TIME 0145

PERSONAL OR FOUND PROPERTY NOT CLAIMED WITHIN 30 DAYS WILL BE DISPOSED OF (334) 241-2523

Property Received By: Cpl Roney 983

**WHITE COPY-SUPPLY/GREEN COPY-OWNER/BLUE COPY-OFFICER**

## MONTGOMERY POLICE DEPARTMENT

### VEHICLE IMPOUND REPORT

'07MAY15:22

DATE **5-9-2007** TIME **1511**    IMPOUND RPT# **1419**

SAFE STREETS IMPOUND:  YES/NO    I/O#_____

VEH MAKE **FORD**    VEH MODEL **FOCUS**    VEH YEAR **02**

VEH BODY **4 DR**    VEH COLOR(S) **BLUE**

VIN# **1FAFP33P32W190284**    TAG# **Q44 ORQ**  ST **FL**  YEAR **07**

WHERE FOUND **PUBLIX  ON  ATLANTA  HIGHWAY**

REASON IMPOUNDED **DRIVER  NATHANIEL  SHAW**

OWNERS NAME **ANDREA CHEVEL**    DRIVER'S NAME **NATHANIEL  SHAW**

ADDRESS **1459 HELENA St**    ADDRESS **94145 CARBONDALE DR W**

CITY/ST **JACKSONVILLE  FL**    CITY/ST **JACKSONVILLE  FL**

PHONE _____    PHONE _____

NCIC CHECKED **YES**    NCIC RESULTS **NOT  ON  FILE**

IF STOLEN, OWNER NOTIFIED_____    DATE/TIME NOTIFIED_____

NOTIFIED BY_____  ID#____ KEYS W/VEHICLE **YES**

CAN VEHICLE BE RELEASED? **YES**    IF NO, WHY?_____

IMPOUNDING OFFICER **CPL  J.W. HALL**    ID# **1316**

TOWING FIRM **B & R**    TIME RELEASED TO WRECKER **1520** HRS

WRECKER DRIVER'S SIGNATURE _____

**************************************************

VEHICLE RELEASED TO: NAME_____

ADDRESS_____  CITY_____  ST___ ZIP_____

SIGNATURE_____  D/L#_____  ST_____

SAFE STREETS AUTHORIZED DRIVER (IF NOT OWNER) D/L#:_____

NAME:_____  SIGNATURE:_____

DATE/TIME RELEASED_____

OFFICER ISSUING RELEASE_____  ID#_____

Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

NATHANIEL SHAW,                    )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )     Case No. **2:07-CV-606-ID-SRW**
                                   )
**D.T. MARSHALL**, et al.,         )
                                   )
Defendants.                        )

<u>AFFIDAVIT OF K. L. BYRD</u>

**STATE OF ALABAMA**          )

**COUNTY OF MONTGOMERY**   )

    Before me, a Notary Public in and for said State and County, personally appeared **K. L. Byrd** and, after first being duly sworn by me, did depose and state as follows:

    1.    My name is K. L. Byrd and I am over nineteen years of age. I have first-hand knowledge of the facts contained herein and am competent to testify thereto.

    2.    I am currently a Sergeant for the Montgomery Police Department, and am currently assigned to the Detective Division.

    3.    At approximately 11:10 a.m. on May 9, 2007, the Montgomery Police Department dispatcher requested a patrol unit to the 5300 block of Atlanta Highway in reference to a black male subject wanted for committing fraud.

    4.    Sgt. Davis and I responded to the call, and as we turned into the Publix parking lot, we observed Mr. Shaw exiting the blue Ford Focus described in the dispatch call. We approached Mr. Shaw and asked him to step to the police vehicle, which he did. While we conducted a pat down search of Mr. Shaw down for weapons, the complainant pulled up beside us and identified Mr. Shaw as the man wanted for bank fraud.

5.    Mr. Shaw refused to identify himself at the scene of the arrest, but was otherwise compliant. We had no problems handcuffing Mr. Shaw or getting him into the police vehicle. During his apprehension and arrest, Mr. Shaw was not injured, nor did he complain of any injuries. The arrest occurred without incident, and Mr. Shaw was taken to MPD headquarters for questioning in the Detective Division.

6.    I have not violated Mr. Shaw's constitutional rights.

**Further Affiant saith not.**

Sgt. K. L. Byrd #130
Sgt. K. L. Byrd
Montgomery Police Department

SWORN to and SUBSCRIBED before me this the 4th day of September 2007.

Notary Public
My commission expires: NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Feb 22, 2010
BONDED THRU NOTARY PUBLIC UNDERWRITERS

2

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NATHANIEL SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. **2:07-CV-606-ID-SRW** |
| | ) | |
| **D.T. MARSHALL**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF C. J. COUGHLIN

**STATE OF ALABAMA**              )

**COUNTY OF MONTGOMERY**    )

Before me, a Notary Public in and for said State and County, personally appeared

**C. J. Coughlin** and, after first being duly sworn by me, did depose and state as follows:

1.      My name is C. J. Coughlin and I am over nineteen years of age.  I have first-hand knowledge of the facts contained herein and am competent to testify thereto.

2.      I am a Sergeant in the Montgomery Police Department, and am currently assigned to the Detective Division.

3.      On May 9, 2007, I was tasked with investigating the fraud and identity theft charges against Nathaniel Shaw, a black male who had been taken into custody earlier that day. As the detective assigned to investigate the case, I prepared most of the paperwork in Mr. Shaw's investigative file.

4.      I was not present at Mr. Shaw's apprehension or arrest. My first contact with Mr. Shaw occurred when he was brought into the MPD Detective Division for questioning, shortly after his arrest. I escorted Mr. Shaw into my office and attempted to obtain a statement from him. Mr. Shaw told me that he did not know his name and that he

was too high on crack cocaine to know anything. I did not see any sign of injuries on Mr. Shaw's face or person, and he did not complain of any injuries or mistreatment.

5.    After this, Mr. Shaw was placed back in a holding cell and subsequently transported and booked into the Montgomery County Detention Facility ("MCDF").

6.    MPD impounded Mr. Shaw's vehicle and conducted an inventory search which revealed multiple identification cards in various names, and what appeared to be crack cocaine in an eyeglass case found on the floorboard of the vehicle. The eyeglass case was turned over to the Narcotics Bureau for analysis.

7.    On May 11, 2007, I went to the MCDF with another MPD Detective and attempted to interview Mr. Shaw, but Mr. Shaw refused to acknowledge his Miranda rights and I terminated the conversation.

8.    On May 24, 2007, I went back to the MCDF, accompanied by a United States Secret Service agent. I provided the MCDF personnel with Mr. Shaw's glasses and attempted to interview Mr. Shaw again, but he again refused to acknowledge his Miranda rights and I terminated the conversation.

9.    I have not violated Mr. Shaw's constitutional rights.

**Further Affiant saith not.**

_C. J. Coughlin_ _1008_
C. J. Coughlin
Montgomery Police Department

SWORN to and SUBSCRIBED before me this the _4th_ day of _September_ 2007.

_Susan A. Grant_
Notary Public
My commission expires: _07/11/11_

2

Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

NATHANIEL SHAW,                    )
                                   )
      Plaintiff,                  )
                                   )
v.                                 )        Case No. **2:07-CV-606-ID-SRW**
                                   )
**D.T. MARSHALL**, et al.,         )
                                   )
Defendants.                        )

## <u>AFFIDAVIT OF A. D. BAYLOR</u>

**STATE OF ALABAMA**              )

**COUNTY OF MONTGOMERY**   )

      Before me, a Notary Public in and for said State and County, personally appeared **A. D. Baylor** and, after first being duly sworn by me, did depose and state as follows:

      1.      My name is A. D. Baylor and I am over nineteen years of age.  I have first-hand knowledge of the facts contained herein and am competent to testify thereto.

      2.      I am the Chief of Police for the Montgomery Police Department, and have been since I was appointed to the position on November 29, 2004. As Chief of Police, I oversee all police action within the City of Montgomery, but I was not the direct supervisor of Sgt. C. J. Coughlin or the officers who arrested Nathaniel Shaw on May 9, 2007.

      3.      I first learned of Mr. Shaw's allegations when I was served with his lawsuit. I was not present at the scene where Nathaniel Shaw was apprehended and arrested on May 9, 2007. I did not place Mr. Shaw into custody, nor did I receive any reports, written or oral, regarding Mr. Shaw's arrest. To date, I have never spoken to or met Mr. Shaw. Put simply, I have had no personal involvement in Mr. Shaw's case.

4.    The City of Montgomery has no custom or policy to deprive criminal suspects of their constitutional rights. To the contrary, the Montgomery Police Department has been charged with enforcing the laws, and does so to the best of its ability.

5.    I have not violated Mr. Shaw's constitutional rights.

**Further Affiant saith not.**

_A.O.B_

A. D. Baylor, Chief of Police
Montgomery Police Department

SWORN to and SUBSCRIBED before me this the 4th day of September, 2007.

Notary Public
My commission expires: 2-17-2010

NOTARY PUBLIC STATE OF ALABAMA AT ~~~~
MY COMMISSION EXPIRES: Feb 17, 2010
BONDED THRU NOTARY PUBLIC UNDERWRITERS

2

Exhibit F

| State of Alabama<br>Unified Judicial System | # WARRANT OF ARREST<br>(Felonies, Misdemeanors, or Violations) | Warrant Number<br>2007F00903 |
|---|---|---|
| Form CR-58 (front)    Rev. 8/98 | | Case Number |

**IN THE** _____**DISTRICT**_____ **COURT OF** _____**MONTGOMERY**_____ **, ALABAMA**
<br>(Circuit, District, or Municipal)          (Name of Municipality or County)

☒ STATE OF ALABAMA

☐ MUNICIPALITY OF MONTGOMERY v. _____ NATHANIEL SHAW (001064165A) _____
<br>Defendant (NWS Jacket Number)

---

### TO ANY LAW ENFORCEMENT OFFICER WITHIN THE STATE OF ALABAMA:

☒ Probable cause has been found on a Complaint filed in the court against (name or description of person to be arrested)

NATHANIEL SHAW

charging the offense of **THEFT OF PROPERTY, FIRST DEGREE**

_____ as described in the Complaint.

☐ An indictment has been returned by the grand jury of this county against (name or description of person to be arrested)

charging the offense of _____

_____ as described in the Complaint.

☒ **YOU ARE THEREFORE ORDERED** to arrest the person named or described above and bring that person before a judge or magistrate of this court to answer the charges against that person and have with you then and this Warrant of Arrest with your return thereon.

If a judge or magistrate of this court is unavailable, or if the arrest is made in another county, you shall then take the accused person before the nearest or most accessible judge or magistrate in the county of the arrest.

☒ You may release the accused person without taking the accused before a judge or magistrate:

☒ If the accused person enters into a bond in the amount of $   **20,000.00**   with sufficient sureties approved by an authorized officer or by depositing cash or negotiable bonds in the amount with the court clerk.

---OR---

☒ If the accused person posts an appearance bond in the amount of $   **20,000.00**

☐ On his or her personal recognizance.

Wednesday, May 09, 2007  03:24 PM
<br>Date

_Regina Watkins_
<br>Judge/Court Clerk/Magistrate/Warrant Clerk

| State of Alabama<br>Unified Judicial System | **WARRANT OF ARREST**<br>(Felonies, Misdemeanors, or Violations) | Warrant Number<br>2007F00904 |
|---|---|---|
| Form C65 (front)    Revised 11/92 | | Case Number |

IN THE    **DISTRICT**    **COURT OF**    **MONTGOMERY,**    **ALABAMA**
(Circuit, District, or Municipal)    Name of Municipality or County

[ X ] STATE OF ALABAMA    [  ] MUNICIPALITY OF    **MONTGOMERY**

v.    NATHANIEL SHAW    , Defendant

---

## TO ANY LAW ENFORCEMENT OFFICER WITHIN THE STATE OF ALABAMA:

[ X ] Probable cause has been found on Complaint filed in this Court Against (name or description of person to be arrested)

NATHANIEL SHAW

Charging: [description of offense(s)]    **POSSESSION OF FORGED INSTRUMENT SECOND DEGREE**

in violation of    §13A-9-6 Code of Alabama 1975    ; OR

[  ] An indictment has been returned by the Grand Jury of this county against (name of person to be arrested)

Charging: [description of offense(s)]

in violation of

[ X ] **YOU ARE THEREFORE ORDERED** to arrest the person named or described above and bring that person before a judge or magistrate of this Court to answer the charges against that person and have with you then and there this warrant with your return thereon.  If a judge or magistrate of this Court is unavailable, or if the arrest is made in another county, you shall take the accused person before the nearest or most accessible judge or magistrate in the county of arrest.

[ X ] You may release the accused person without taking the accused person before a judge or magistrate:

[ X ] If the accused person enters into a bond in the amount of $    10,000.00    with two good sureties approved by an authorized officer or by depositing cash or negotiable bonds in the amount with the court clerk; OR

[ X ] If the accused person posts an appearance bond in the amount of $    10,000.00

[  ] On his or her personal recognizance.

Wednesday, May 09, 2007 at 3:27 PM
Date

Regina Watkins
Judge/Magistrate/Clerk

| State of Alabama<br>Unified Judicial System | **WARRANT OF ARREST**<br>(Felonies, Misdemeanors, or Violations) | Warrant Number<br>2007F00905 |
|---|---|---|
| Form C65 (front)    Revised 11/92 | | Case Number |

IN THE _____**DISTRICT**_____ COURT OF    **MONTGOMERY,**_____ **ALABAMA**
            (Circuit, District, or Municipal)                    Name of Municipality or County

[X] STATE OF ALABAMA    [ ] MUNICIPALITY OF ____    **MONTGOMERY**

v.    NATHANIEL SHAW _____, Defendant

---

### TO ANY LAW ENFORCEMENT OFFICER WITHIN THE STATE OF ALABAMA:

[X] Probable cause has been found on Complaint filed in this Court Against (name or description of person to be arrested)

 NATHANIEL SHAW

Charging: [description of offense(s)]  **POSSESSION OF FORGED INSTRUMENT SECOND DEGREE**

in violation of   §13A-9-6 Code of Alabama 1975 _____ ; OR

[ ] An indictment has been returned by the Grand Jury of this county against (name of person to be arrested)

Charging: [description of offense(s)] _____

in violation of _____

[X] **YOU ARE THEREFORE ORDERED** to arrest the person named or described above and bring that person before a judge or magistrate of this Court to answer the charges against that person and have with you then and there this warrant with your return thereon. If a judge or magistrate of this Court is unavailable, or if the arrest is made in another county, you shall take the accused person before the nearest or most accessible judge or magistrate in the county of arrest.

[X] You may release the accused person without taking the accused person before a judge or magistrate:

   [X] If the accused person enters into a bond in the amount of $  **10,000.00**    with two good sureties approved by an authorized officer or by depositing cash or negotiable bonds in the amount with the court clerk; OR

   [X] If the accused person posts an appearance bond in the amount of $  **10,000.00**

   [ ] On his or her personal recognizance.

Wednesday, May 09, 2007 at 3:19 PM
Date

_Freddie William_
Judge/Magistrate/Clerk

| State of Alabama<br>Unified Judicial System | **WARRANT OF ARREST**<br>(Felonies, Misdemeanors, or Violations) | Warrant Number<br>2007F00906 |
|---|---|---|
| Form C65 (front)    Revised 11/92 | | Case Number |

**IN THE** _____**DISTRICT**_____ **COURT OF** _____**MONTGOMERY,**_____ **ALABAMA**

(Circuit, District, or Municipal)     Name of Municipality or County

[X] STATE OF ALABAMA     [ ] MUNICIPALITY OF     MONTGOMERY

v.    NATHANIEL SHAW _____ , Defendant

---

### TO ANY LAW ENFORCEMENT OFFICER WITHIN THE STATE OF ALABAMA:

[X] Probable cause has been found on Complaint filed in this Court Against (name or description of person to be arrested)

NATHANIEL SHAW

Charging: [description of offense(s)]  **POSSESSION OF FORGED INSTRUMENT SECOND DEGREE**

in violation of  __§13A-9-6 Code of Alabama 1975_____ ; OR

[ ] .An indictment has been returned by the Grand Jury of this county against (name of person to be arrested)

Charging: [description of offense(s)] _____

in violation of _____

[X] **YOU ARE THEREFORE ORDERED** to arrest the person named or described above and bring that person before a judge or magistrate of this Court to answer the charges against that person and have with you then and there this warrant with your return thereon. If a judge or magistrate of this Court is unavailable, or if the arrest is made in another county, you shall take the accused person before the nearest or most accessible judge or magistrate in the county of arrest.

[X] You may release the accused person without taking the accused person before a judge or magistrate:

[X] If the accused person enters into a bond in the amount of $ __10,000.00__ with two good sureties approved by an authorized officer or by depositing cash or negotiable bonds in the amount with the court clerk; OR

[X] If the accused person posts an appearance bond in the amount of $ __10,000.00__

[ ] On his or her personal recognizance.

__Wednesday, May 09, 2007 at 3:16 PM__
Date

_Freddie Willis, Jr._
Judge/Magistrate/Clerk

| State of Alabama<br>Unified Judicial System<br><br>Form C65 (front)     Revised 11/92 | **WARRANT OF ARREST**<br>(Felonies, Misdemeanors, or Violations) | Warrant Number<br>2007F00909<br>Case Number |
| --- | --- | --- |

| IN THE | **DISTRICT** | **COURT OF** | **MONTGOMERY,** | **ALABAMA** |
| --- | --- | --- | --- | --- |
|  | (Circuit, District, or Municipal) |  | Name of Municipality or County | |

[X] STATE OF ALABAMA          [ ] MUNICIPALITY OF          MONTGOMERY

v.     NATHANIEL SHAW                                                          , Defendant

---

### TO ANY LAW ENFORCEMENT OFFICER WITHIN THE STATE OF ALABAMA:

[X] Probable cause has been found on Complaint filed in this Court Against (name or description of person to be arrested)

NATHANIEL SHAW

Charging: [description of offense(s)]   **TRAFFICKING IN STOLEN IDENTITIES**

in violation of   §13A-8-193 Code of Alabama 1975                                    ; OR

[ ]   An indictment has been returned by the Grand Jury of this county against (name of person to be arrested)

Charging: [description of offense(s)]

in violation of

[X] **YOU ARE THEREFORE ORDERED** to arrest the person named or described above and bring that person before a judge or magistrate of this Court to answer the charges against that person and have with you then and there this warrant with your return thereon. If a judge or magistrate of this Court is unavailable, or if the arrest is made in another county, you shall take the accused person before the nearest or most accessible judge or magistrate in the county of arrest.

[X] You may release the accused person without taking the accused person before a judge or magistrate:

[X]   If the accused person enters into a bond in the amount of $  **20,000.00**           with two good sureties approved by an authorized officer or by depositing cash or negotiable bonds in the amount with the court clerk; OR

[X]   If the accused person posts an appearance bond in the amount of $  **20,000.00**

[ ]   On his or her personal recognizance.

Wednesday, May 09, 2007 at 4:28 PM
Date

Regina Watkins
Judge/Magistrate/Clerk