IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

NATHANIEL SHAW,              *
                                       *
        Plaintiff,          *
                                       *   Civil Action No.
vs.                            *   2:07-CV-606-ID
                                          *
D. T. MARSHALL, et al.,      *
                                       *
        Defendants.      *

## SUPPLEMENTAL SPECIAL REPORT OF DEFENDANTS
## D.T. MARSHALL AND GINA M. SAVAGE

COME NOW the Defendants D. T. Marshall, Sheriff of Montgomery County, Alabama, and Gina M. Savage, Director of the Montgomery County Detention Facility, and submit the following Supplemental Special Report to this Court.

**DOCUMENTS**

Affidavit of D.T. Marshall

Affidavit of Gina M. Savage

Affidavit of Cassandra Smith

Affidavit of Sondra Wright

**PLAINTIFF'S ALLEGATIONS IN THE AMENDED COMPLAINT**

Plaintiff's Amended Complaint asserts the following new claims against these Defendants.  First, Plaintiff claims that he was "forced not to take medication" and that there are daily changes in his medication.  (Amended Complaint, p. 11) Plaintiff further claims that the Defendants have retaliated against him by giving him the wrong diabetic medicine.  (Amended Complaint, p. 13)

1

Second, Plaintiff claims that on May 28, 2007, the original version of this lawsuit was given to the Defendants to be mailed to the Court, but that Exhibit A to the lawsuit was not sent to the Clerk's Office. (Amended Complaint, p. 12) Third, Plaintiff claims that on July 17, 2007, Officer C. Smith attempted to incite other inmates to assault the Plaintiff. (Amended Complaint, pp. 12-13) Plaintiff does not allege that he was subjected to any type of bodily harm, but he asks the Court to enter an order directing the Defendants to cease and from harassing and retaliating against him. (Amended Complaint, pp. 25)

## SUBMISSION OF ADDITIONAL FACTS

The Montgomery County Detention Facility ("MCDF") contracts medical services for inmates to Quality Correctional Health Care. (Gina Savage Affidavit, ¶ 5) Quality Correctional Health Care is responsible for diagnosing and providing treatment for all inmates at the MCDF. Defendants are not aware of any instance when Plaintiff was forced not to take his medication. (Id.) Defendants are also not aware of any instance where Plaintiff received the wrong diabetic medication. (Gina Savage Affidavit, ¶ 9)

According to the records of the MCDF, Plaintiff never delivered any legal mail to be mailed on May 28, 2007 as claimed. (Gina Savage Affidavit, ¶ 6; Sondra Wright Affidavit, ¶ 2) A revised list of all mail transactions by Plaintiff shows that no mail was received from the Plaintiff on May 28, 2007. (Id.) Plaintiff also failed to file any grievance regarding this complaint, and thus failed to exhaust administrative procedures before filing this lawsuit. (Id.)

The shredding of Plaintiff's outgoing mail that was addressed in ink was proper. (Gina Savage Affidavit, ¶ 7; Sondra Wright Affidavit, ¶ 3)  It is the policy of the MCDF that all outgoing mail must be addressed in pencil or it will be destroyed.  (Id.)  Ink pens are also unauthorized by the MCDF and are considered contraband.  (Id.)  They are not available from the inmate canteen and are not provided by the MCDF.  (Id.)  Ink pens affect the security of the facility, inmates, and staff because they may be altered and used as weapons, or used for the destruction of county property.  (Id.)  They may also be used for tattooing and thus create a health hazard.  (Id.)  Only items issued to inmates by the MCDF or items available for purchase from the inmate canteen are allowed.  (Id.)  Policy No. E-601 of the MCDF further provides that the mail clerk should ensure that the "writing on each envelope is written in pencil," and that any items in violation of the policy should be shredded.  (Sondra Wright Affidavit, attachment thereto)

Officer C. Smith did not attempt to incite inmates to attack the Plaintiff. (Cassandra Smith Affidavit, ¶¶ 2-3)  Plaintiff also failed to file any complaint or grievance advising the jail Administration regarding this allegation.  (Gina Savage Affidavit, ¶¶ 8, 11)

## DEFENSES

1.      The Amended Complaint fails to state a claim against these Defendants upon which relief can be granted.

2.      Defendants did not violate any of the Plaintiff's constitutional rights afforded him under law.

3.      Defendants are entitled to immunity under the Eleventh Amendment to the United States Constitution with respect to Plaintiff's claims against them in their official capacities.

4.      All official capacity claims against these Defendants must be dismissed because in their official capacities, Defendants are not considered "persons" subject to liability under 42 U.S.C. § 1983.

5.      Defendants are entitled to qualified immunity with respect to Plaintiff's claims against them in their individual capacities.

6.      Defendants aver that they acted in a manner that was in accordance with previous court rulings regarding the operation of the MCDF.

7.      Defendants aver that the prison regulations in question were reasonably related to legitimate penological interests.

8.      Defendants aver that Plaintiff's claim for deliberate indifference to serious medical needs is due to be dismissed because Plaintiff was afforded more than adequate medical care by the Defendants.

9.      Plaintiff's claim for access to the courts is due to be dismissed because Plaintiff cannot show an actual injury.

10.     Plaintiff's claim for emotional distress is due to be dismissed because Plaintiff has not suffered any physical injury.

11.     Plaintiff's claims are due to be dismissed because he failed to exhaust administrative remedies.

12.     Plaintiff has failed to satisfy the requirements for injunctive relief therefore all claims for injunctive relief are due to be dismissed.

**MEMORANDUM OF LAW**

**A.    The Eleventh Amendment bars all official capacity claims.**

Plaintiff's claims against Sheriff Marshall and Director Savage, in their official capacities, must be dismissed because they are entitled to immunity pursuant to the Eleventh Amendment to the United States Constitution. The Eleventh Amendment prohibits suits in federal court against States and state officials in their official capacities. *Kimel v. State of Florida Bd. of Regents,* 139 F.3d 1426, 1429 (11th Cir. 1998); *Parker v. Williams,* 862 F.2d 1471 (11th Cir. 1989).    Under Alabama law, sheriffs are state officers, and tort claims brought against sheriffs based on their official acts constitute suits against the State of Alabama.  *Lancaster v. Monroe County,* 116 F.3d 1419, 1429 (11th Cir. 1997); *Parker v. Williams,* 862 F.2d 1471 (11th Cir. 1989), *rev'd on other grounds, Turquitt v. Jefferson County,* 137 F.3d 1285 (11th Cir. 1998).   Under Alabama law, jailers carry out the sheriff's duty to maintain the legal custody and charge of the jail and all prisoners committed thereto.  *Ala.Code* § 14-6-1 (1975).  Therefore, Savage, is also entitled immunity pursuant to the Eleventh Amendment with respect to the § 1983 claims asserted against her in her official capacity.  *Lancaster v. Monroe County,* 116 F.3d at 1429-30.

Plaintiff's claims against Defendants Marshall and Savage, in their official capacities under 42 U.S.C. §1983, should also be dismissed because in their official capacities, Defendants are not considered  "persons" subject to liability under 42 U.S.C § 1983.  *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed. 2d 45 (1989); *Adams v. Franklin,* 111 F.Supp.2d 1255 (M.D.Ala. 2000).

5

### B.     <u>Qualified Immunity</u>.

For liability under § 1983, specific acts of personal involvement in the deprivation must be shown.  *Respondeat superior* liability is not cognizable under § 1983.  *Braddy v. Florida Dep't of Labor & Employment Sec.,* 133 F.3d 797, 801 (11th Cir. 1998); *Smith v. State of Alabama,* 996 F.Supp. 1203, 1212 (M.D.Ala. 1998).  If the complaint does not allege that a defendant personally participated in the alleged constitutional deprivation, it should demonstrate an affirmative causal connection between the defendant's acts and the alleged constitutional deprivation in order to state a cause of action under § 1983. *Braddy,* 133 F.3d at 801-802; *Smith,* 996 F.Supp. at 1212.

The Eleventh Circuit has also imposed a "heightened pleading requirement" on plaintiffs when evaluating claims of qualified immunity.  *GJR Investments, Inc. v. County of Escambia,* 132 F.3d 1359, 1367 (11th Cir. 1998).  This requires that the plaintiff's complaint contain detailed allegations and specific facts concerning each defendant, which indicates what each defendant did to violate the plaintiff's rights. "Otherwise, the court must conclude that the named defendants, sued in their individual capacities, are entitled to qualified immunity from claims under both §§ 1981 and 1983." *Smith v. State of Alabama,* 996 F.Supp. 1203, 1212 (M.D.Ala. 1998).

Plaintiff's Amended Complaint fails to set forth any facts of any personal involvement of Defendants Marshall and Savage in the alleged constitutional deprivations complained of by Plaintiff.  There is also no allegation demonstrating a causal connection between the acts or omissions of these Defendants and the Plaintiff's injuries.  It further appears that Sheriff Marshall and Detention Facility Director Savage are sued solely because they had supervisory authority over the personnel at the detention

facility.  Because there are no facts demonstrating any personal involvement by these Defendants, they are entitled to qualified immunity.

"Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known." *Gonzales v. Lee County Housing Authority,* 161 F.3rd 1290, 1295 (11th Cir. 1998).  Defendants were acting within the scope of their discretionary authority, and the burden is therefore on the Plaintiff to demonstrate that Defendants' actions rise to a constitutional violation, and that Defendants violated clearly established law.  *Hope v. Pelzer,* 536 U.S. 730 (2002).  "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz,* 533 U.S. 194, 202 (2001). The applicable law "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987).  In determining whether the unlawfulness of an official's actions was clearly established, "the salient question . . . is whether the state of the law [at the time of the unconstitutional act] gave [the official] fair warning that [his] alleged treatment of [the plaintiff] was unconstitutional." *Williams v. Consol. City of Jacksonville,* 341 F.3d 1261, 1270 (11th Cir. 2003) *quoting Hope,* 536 U.S. at 741.  Plaintiff cannot meet this burden; therefore, his claims should be dismissed.

Defendants are also entitled to qualified immunity because Plaintiff has failed to allege or demonstrate a constitutional violation.  In evaluating the defense of qualified

immunity, the court must first determine whether the complaint states a claim for a constitutional violation. *Siegert v. Gilley*, 500 U.S. 226 (1991).

**Denial of access to the Courts.**

Plaintiff's Amended Complaint should also be dismissed because Plaintiff has failed to demonstrate that he suffered an "actual injury" as a result of any actions of the Defendants. Without proof of an "actual injury," Plaintiff lacks standing to allege a violation of the right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996).

> "The doctrine of standing requires that an inmate alleging a violation of the right of access to the courts must show an actual injury. *See Lewis*, 518 U.S. at 349-50, 116 S.Ct. at 2179. The injury which the inmate must demonstrate is an injury to the right asserted, i.e. the right of access. Thus, the prison officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts **to pursue a nonfrivolous legal claim**. *See Lewis*, 518 U.S. at 352-54, 116 S.Ct. at 2181. **Further, the legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action.**" *See Lewis*, 518 U.S. at 352-57, 116 S.Ct. at 2181-82.

*Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (emphasis added). In *Wilson v. Blakenship*, 163 F.3d 1284 (11th Cir. 1998), the court also noted that an inmate has no standing to allege a violation of access to the courts **unless he first shows actual injury in the pursuit of certain types of nonfrivolous cases**.

> [P]risoners have no inherit or independent right of access to a law library or to legal assistance. *See Lewis*, 518 U.S. at 349-51, 116 S.Ct. at 2179-80. Instead, they must show actual injury in a pursuit of specific types of nonfrivolous cases: direct or collateral attack on sentences and challenges to conditions of confinement." *Id* at 355-57, 116 S.Ct. at 2182. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id* at 355, 116 S.Ct. at 2182. With respect to access-to-court claims, *Lewis* clarifies that a Plaintiff must first show actual injury before seeking relief under *Bounds*. *See Bass v. Singletary*, 143 F.3d 1442, 1444 (11th Cir 1998). **This essential standing requirement means that prison officials' actions that allegedly**

**violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a <u>nonfrivolous</u>, post-conviction claim or civil rights action.**

*Wilson v. Blakenship*, 163 F.3d 1284, 1290 (11th Cir. 1998)(emphasis added).

Plaintiff's Amended Complaint merely states that Exhibit "A" to his Complaint in this case was not delivered to the district court clerk. The Amended Complaint fails to state that Plaintiff suffered actual injury as a result thereof. Plaintiff has in fact not demonstrated an actual injury. In fact, Plaintiff has failed to even identify or describe Exhibit "A." It is undisputed, however, that Plaintiff's Complaint has been filed with the Court, and that the Defendants are responding to the allegations of the Complaint and Amended Complaint. Plaintiff has failed to demonstrate how he has injured by the absence of Exhibit A, or that this absence is the result of any acts of the Defendants. Plaintiff has therefore failed to demonstrate an actual injury as a result of any acts of the Defendants. *See Bass v. Singletary*, 143 F.3d 1442, 1445-46 (11th Cir. 1998).

**<u>Deliberate Indifference to Serious Medical Needs</u>.**

In *Farmer v Brennan,* 511 U.S. 825, 837 (1994), the Supreme Court held that the standard of deliberate indifference equated to that of "subjective recklessness" as that term is defined in criminal law. The official must know of an excessive risk to inmate health and disregard that risk. *Id*. at 837-383. In other words, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. An official's failure to respond to a significant risk that he should have perceived but did not is not deliberate indifference. *Id.* Summary judgment must be granted for the official unless the plaintiff presents evidence of the official's "subjective knowledge" of a substantial risk of serious harm.

*Campbell v. Sikes,* 169 F.3d 1353, 1364 (11ᵗʰ Cir. 1999).    In addition, "[m]edical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'    Mere incidents of negligence or malpractice do not rise to the level of constitutional violations." *Harris v. Thigpen,* 941 F.2d 1495, 1505 (11ᵗʰ Cir. 1991).

In the present case, there is no allegation that Defendants Marshall or Savage had any knowledge that Plaintiff was allegedly not given medication or that he was given the wrong medication.  There is also no evidence that Defendants Marshall and Savage with knowledge of this condition, knowing or recklessly disregarded Plaintiff's alleged medical condition by failing to provide medical attention.

**Plaintiff's remaining complaints about prison conditions do not amount to a constitutional violation.**

Although the Plaintiff alleges that there is lack of ventilation, spiders, and insufficient recreation at the MCDF, and that he wants to be free from threats and harassment, these allegations are not sufficient to give rise to a constitutional violation. These claims should also be dismissed pursuant to 42 U.S.C. § 1997e(c)(1).  In order to succeed on these claims, the conditions must be "sufficiently serious," *Farmer v. Brennan,* 511 U.S. 825, 834 (1994), and the prison officials must exhibit "deliberate indifference" to prisoner health or safety.  *Id.; see also Wilson v. Seiter,* 501 U.S. 294, 301-305 (1991).  Only a deprivation that denies "the minimal civilized measure of life's necessities," *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), is grave enough to violate the Eighth Amendment.  *Wilson,* 501 U.S. at 298-99.  "Nothing so amorphous as "overall conditions can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id.* at 305.

Additionally, a prison official is liable for deliberate indifference only if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer,* 511 U.S. at 834. The known risk of injury must also be "a strong likelihood, rather than a mere possibility" before a prison official's failure to act can constitute deliberate indifference. *Edwards v. Gilbert,* 867 F.2d 1271, 1276 (11th Cir. 1989).

The Plaintiff's claims do not rise to a constitutional violation. Moreover, the Plaintiff cannot demonstrate that the conditions at the facility are sufficiently serious, that he suffered an injury as a result of these conditions, or that the Defendants were deliberately indifferent to his health or safety. The Plaintiff has merely established that he has some discomfort while in jail, which does not give rise to a constitutional violation.

C. **Failure to allege physical injury.**

Pursuant to the Prison Litigation Reform Act, 42 U.S.C. §1997e(c)(1), the court, on its own motion, shall dismiss a case challenging prison conditions, if the court determines that an action is frivolous or fails to state a claim on which relief may be granted. 42 U.S.C. §1997 e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injuries suffered while in custody without a prior showing of physical injury." These provisions were enacted by Congress to control and curtail the flood of inmate suites that are filed in the courts. *See Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002)("The purpose of the PLRA is to curtail abusive prisoner litigation.") In accordance with this provision, the PLRA prevents recovery "for mental or emotional injury . . . without a

prior showing of physical injury."  42 U.S.C. § 1997e(e).  *See also, Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1312 (11th Cir. 2002).

The Plaintiff was confined at the MCDF at the time he filed this lawsuit.  Plaintiff alleges no physical injury as a result of the living conditions at the MCDF.  He merely alleges that the MCDF is not adequately ventilated, that he does not get enough recreation, and that the MCDF has spiders.  Because Plaintiff has failed to allege a physical injury, his claims should be dismissed.

**D.  <u>Failure to exhaust administrative remedies as to claims regarding prison conditions.</u>**

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), inmates must exhaust their administrative remedies before filing suit against prison officials.  The exhaustion requirement of the PLRA is a "mandatory exhaustion requirement." *Alexander v. Hawk*, 159 F. 3d 1321, 1324 (11th Cir. 1998).  The Eleventh Circuit has held that the exhaustion of administrative remedies under the PLRA is a **"pre-condition to suit."** *Id.* at 1325-1326; *see also Harris v. Garner*, 190 F. 3d 1279, 1286 (11th Cir. 1999)("For the reasons stated therein, we reaffirm that § 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies first"); *Brown v Toombs,* 139 F.3d 1102, 1104 (6th Cir. 1998), *cert. denied,* 522 U.S. 833 (1998)("District courts should enforce the exhaustion requirement *sua sponte* if not raised by the defendant.")  Plaintiff's Amended Complaint fails to allege that he exhausted his administrative remedies prior to filing this lawsuit against the Defendants.  Defendants have also provided undisputed testimony that Plaintiff did not file any grievance rearguing the allegations in his Amended Complaint.  Plaintiff's Amended Complaint against the Defendants should therefore be dismissed.

Respectfully submitted this 9th day of October, 2007.

/s/Constance C. Walker
Thomas T. Gallion, III  (ASB-5295-L74T)
Constance C. Walker (ASB-5510-L66C)
Attorneys for Defendants D. T. Marshall
and Gina M. Savage

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.**
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 (fax)

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 9th   day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the **CM/ECF** system that will send notification of such filing to the following counsel:

Wayne P. Turner
Post Office Box 152
Montgomery, Alabama  36101-0152

Allison H. Highley
City of Montgomery
Legal Department
Post Office Box 1111
Montgomery, Alabama  36101

and that I caused a true and complete copy of same to be deposited in **the United States Mail,** sufficient first class postage prepaid, on this the 9th  day of October, 2007, addressed as follows:

Nathaniel Shaw
Montgomery County Detention Facility
Post Office Box 4599
Montgomery, Alabama  36103

s/Constance C. Walker
Of counsel

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **NATHANIEL SHAW** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 2:07-CV-606-ID** |
| | ) | |
| **D. T. MARSHALL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF D. T. MARSHALL

Before me, a Notary Public, personally appeared D. T. Marshall and after being duly sworn, did say as follows

1.    My name is D. T. Marshall and I am Sheriff of Montgomery County, Alabama.

2.    I have not violated the constitutional rights of Inmate Nathaniel Shaw.

3.    It is the policy of the Montgomery County Detention Facility that every effort will be made on the part of facility personnel to ensure safe custody, decent living conditions, and fair treatment for all inmates.

4.    The total, daily operations of the jail are managed by the Director of the Detention Facility, employed by the Montgomery County Sheriff's Office.

_____
D. T. Marshall

Sworn to and subscribed before me this _17th_ day of _September_, 2007.


_Lenn (Hines) Cates_
Notary Public
My Commission Expires September 13, 2010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **NATHANIEL SHAW,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 2:07-CV-606-ID** |
| ) | |
| **D. T. MARSHALL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>AFFIDAVIT OF GINA M. SAVAGE</u>

Before me, a Notary Public, personally appeared Gina M. Savage and after being duly sworn, did say as follows

1.     My name is Gina Savage.  I am Director of the Montgomery County Sheriff's Office Detention Facility.

2.     I have not violated the constitutional rights of Inmate Nathaniel Shaw.

3.     Nathaniel Shaw is a pre-sentenced inmate.  He was incarcerated on May 8, 2007, charged with three counts of Possession of Forged Instrument, Theft of Property 1st, Trafficking Stolen Identities and Possession of Controlled Substance.  His total bond was set at $80, 000.00.  There is a Hold on him for the Prattville Police Department and for the State of Florida.

4.     Inmate Shaw alleges that City of Montgomery Police Officers took property from him when he was arrested and has not returned it.  We do not know what items, if any, may have been taken by the Montgomery Police Department.  He had no personal property on his person when he was brought to the Montgomery County Detention Facility, only the clothing he was wearing.

5.     The Montgomery County Detention Facility contracts medical service for inmates to Quality Correctional Health Care. Quality Correctional Health Care is responsible for diagnosing and providing treatment for all inmates housed in the Montgomery County Detention Facility. I am not aware of Inmate Shaw being forced not to take his medication nor of his medications being changed.

6.     Inmate Shaw has not been denied access to the Courts. He alleges that on May 28, 2007, he gave a letter to a Correctional Officer to be mailed to the Clerk's Office but that the letter was never delivered. We have no record of, nor do I have any knowledge of him giving mail to an officer and that officer failing to handle the mail in the appropriate manner. A revised list of all mail transactions by Inmate Shaw is attached. The Montgomery County Detention Facility is in compliance with Federal Law as it relates to providing mail service to inmates. Inmate Shaw has not filed a grievance regarding this alleged incident.

7.     It is the policy of the Montgomery County Detention Facility that outgoing mail addressed in ink be considered improper and will be destroyed. Ink pens are unauthorized by this facility and are considered to be contraband. They are not available for sale from the canteen nor are they provided by this facility. Ink pens may affect the security of the facility, inmates and/or staff. They may be altered and used as weapons and for destruction of county property such as writing on walls, furniture, clothing, etc. They may also be used for tattooing, thus creating a health hazard. Only items issued to inmates by this facility or items available for purchase from the canteen are allowed.

8      I am not aware of Correctional Officer Cassandra Smith attempting to incite other inmates to assault Inmate Shaw. Inmate Shaw has not filed a complaint advising Administration of this allegation.

9.      The Montgomery County Detention Facility contracts medical service for county inmates to Quality Correctional Health Care. I have no knowledge of, there is no record of, nor is there any indication that Inmate Shaw received the wrong diabetic medication.

10.     Inmate Shaw alleges that he is housed in a facility with little or no ventilation and infested with spiders and strep infections. The Montgomery County Detention Facility is equipped with central heating and air conditioning. There is not a ventilation problem in the facility.

The facility is under contract with an exterminating company and is treated every three months and more often if the need arises.

The facility is inspected by the State of Alabama Health Department and the State of Alabama Department of Corrections.   We continuously rank high in all areas.

11.     I am not aware of Inmate Shaw being harassed or threatened in any way while incarcerated in the Montgomery County Detention Facility. He has not filed any grievances to substantiate his claim that he has been harassed or threatened or that he feared for his safety.

_____
Gina M. Savage

Sworn to and subscribed before me this _17th_ day of _September_, 2007.

_____
Notary Public
My Commission Expires September 13, 2010

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **NATHANIEL SHAW,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 2:07-CV-606-ID** |
| ) | |
| **D. T. MARSHALL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## AFFIDAVIT OF CASSANDRA SMITH

Before me, a Notary Public, personally appeared Cassandra Smith and after being duly sworn, did say as follows

1.     My name is Cassandra Smith. I am employed as a Corrections Officer with the Montgomery County Sheriff's Office Detention Facility.

2.     Inmate Shaw alleges that on May 28, 2007, I confiscated his mail to prevent it from being delivered to the District Court. On May 28, 2007, I was assigned to 3-North cellblock. Inmate Shaw was housed in the 3-South cellblock. I had no contact with Inmate Shaw. I did not pick up mail from Inmate Shaw. I have never and would never destroy mail belonging to any inmate.

3.      Inmate Shaw alleges that I attempted to incite other inmates to assault him because he filed a grievance.  I have never tried to incite inmates to assault Inmate Shaw or any other inmate.  I am not aware of any grievance he filed against me regarding destroying his mail or inciting other inmates to assault him.

*Cassandra Smith*
Cassandra Smith

Sworn to and subscribed before me this 25th day of September , 2007.

*Lena Hines Gates*
Notary Public
My Commission Expires September 13, 2010



# D. T. MARSHALL, SHERIFF

**MONTGOMERY COUNTY DETENTION FACILITY**

OFFICE: (334) 832-1386
FAX (334) 832-7171

September 10, 2007

This memorandum is in reference to the lawsuit in which I received on September 10, 2007. I checked my records for Inmate Nathaniel Shaw, #89354. Inmate Shaw entered into the facility on May 9, 2007 until the present date.

Listed below are my findings:

| Date | Addressed To | |
|---|---|---|
| May 9, 2007 | XXXXXXXXXXXXXXX | No outgoing mail |
| May 10, 2007 | XXXXXXXXXXXXXXX | No outgoing mail |
| May 11, 2007 | Sarah W Rhodes 1152 Bertha Street Jacksonville, Fl 32218 | XXXXXXXXXXXXXX |
| | Valerie Shaw Burton 9445 Carbondale Drive W Jacksonville, Fl 3220 | |
| May 12, 2007-May 15, 2007 | XXXXXXXXXXXXXXX | No outgoing mail |
| May 16, 2007-May 17, 2007 | XXXXXXXXXXXXXXX | No outgoing mail |
| May 18, 2007 | XXXXXXXXXXXXXXX | No outgoing mail |
| May 19, 2007 | XXXXXXXXXXXXXXX | No outgoing mail |
| May 20, 2007 | Sarah Webb Rhodes 1152 Butler St Jacksonville, FL 32218 | XXXXXXXXXXXXXX |
| May 21, 2007 | Sarah Webb Rhodes 1152 Butler St Jacksonville, FL 32218 | XXXXXXXXXXXXXX |
| May 22, 2007 | XXXXXXXXXXXXXXXX | No outgoing mail |
| May 23, 2007 –May 29, 2007 | XXXXXXXXXXXXXXXX | No outgoing mail |
| June 1, 2007-June 19, 2007 | XXXXXXXXXXXXXXXXX | No outgoing mail |
| June 20, 2007 | Sarah Rhodes 11521 Butler Street Jacksonville, FL 32218-6324 | XXXXXXXXXXXXXX |
| | United States District Court Middle Court of Alabama Office of Clerk POB 711 Montgomery, AL 36101-0711 | XXXXXXXXXXXXXX |
| | Elder Larry D Cannon 402 | XXXXXXXXXXXXXX |

| | Office of Clerk POB 711 Montgomery, AL 36101-0711 | |
| | Elder Larry D Cannon 402 South 10th Street Lakeland, GA 31635 | XXXXXXXXXXXXXXX |
| | Isaacs Camon 402 South 10th Street Lakeland, GA 31628 | XXXXXXXXXXXXXXX |
| June 21, 2007 | XXXXXXXXXXXXXXXXX | No outgoing mail |
| June 22, 2207 | Elaine Jenkins 615 John Adams Orange Park, FL 30203 | XXXXXXXXXXXXXXX |
| June 23, 2007 | Bobby Parker 7529 Allspice Cir N Jacksonville, FL 322141 | XXXXXXXXXXXXXXX |
| June 24, 2007 | Alabama State Bar 415 Dexter Ave Montgomery, AL 36104 | XXXXXXXXXXXXXXX |
| June 25, 2007 | Attorney Todd Anthony Carter 621 S Hull Street Montgomery, AL 36104 | XXXXXXXXXXXXXXX |
| June 26, 2007 | Office of the Clerk United State District Court POB 711 Montgomery Al 36101-0711 ( 2 letters) | XXXXXXXXXXXXXXX |
| June 27, 2007 | Office of the clerk United States District Court POB 711 Montgomery Al 36101-0711 (2 letters) | XXXXXXXXXXXXXXX |
| June 28, 2007-July 8, 2007 | XXXXXXXXXXXXXXXXXX | No outgoing mail |
| July 9, 2007 | Sarah Webb Rhodes 1152 Bertha St Jacksonville, FL 32218 | XXXXXXXXXXXXXXX |
| July 10, 2007-July 26, 20070 | XXXXXXXXXXXXXXXXXX | No outgoing mail |
| July 27, 2007 | Sara Webb Rhodes 1152 Bertha St Jacksonville, FL 32218 | XXXXXXXXXXXXXXX |
| July 30, 2007-August 31, 2007 | XXXXXXXXXXXXXXXXXX | No outgoing mail |
| August 2, 2007 | Sarah Webb Rhodes 115 S Bertha Street Jacksonville, FL 32218 | XXXXXXXXXXXXXXX |
| | Alabama State Bar Disciplinary Commission POB 6711 Montgomery, AL 36101-0671 | XXXXXXXXXXXXXXX |
| August 3, 2007 | XXXXXXXXXXXXXXXXXX | No outgoing mail |
| August 4, 2007 | Sarah Webb Rhodes 1152 Bertha Street Jacksonville, Fl 32218 | XXXXXXXXXXXXXXX |

| August 5, 2007 | Bishop Larry Canvor Full Circle Ministries POB 86 Lakeland, GA 31635 | XXXXXXXXXXXXXX |
|---|---|---|
| | Alvin Johnson 5730 Oprey St Apt. B Jacksonville, FL 32208 | XXXXXXXXXXXXXX |
| August 6, 2007- August 8, 2007 | XXXXXXXXXXXXXXXX | No outgoing mail |
| August 9, 2007 | Clerk Debra Hackett POB 711 Montgomery, AL 36101-0711 | XXXXXXXXXXXXXX |
| August 10, 2007 | Clerk Debra Hackett POB 711 Montgomery, AL 36101-0711 | XXXXXXXXXXXXXX |
| August 11, 2007- August 13, 2007 | XXXXXXXXXXXXXXXX | No outgoing mail |
| August 14, 2007 | Attorney Alison Highley City Montgomery Legal Department POB 1111 Montgomery, AL 36101-1111 | XXXXXXXXXXXXXX |
| | Office of the Clerk United States District Court Middle District of Alabama POB 711 Montgomery, AL 36103-0711 | XXXXXXXXXXXXXX |
| | Attorney Constance C Walker (for) DT Marshall, Gina Savage, CJ Cinghoun Haskell, Slaughter, Young, and Gallion POB 46560 Montgomery, Al | XXXXXXXXXXXXXX |
| | Attorney Wayne P. Turner c/o Dr. Johnny E. Bates POB 152 Montgomery, AL 36101-0152 | XXXXXXXXXXXXXX |
| August 15, 2007 | Southern Poverty Law Center 400 Washington Ave Montgomery, AL 36104 | XXXXXXXXXXXXXX |
| August 16, 2007-August 20, 2007 | XXXXXXXXXXXXXXX | No outgoing mail |
| August 21, 2007 | Anthony Fred Corey 104 W Northside Tuskegee, AL 360583 | XXXXXXXXXXXXXX |
| August 23, 2007 | Attorney Gillis Esq. 3121 Zelda Court Montgomery, A 36116 | XXXXXXXXXXXXXX |
| August 24, 2007 | Valerie Shaw Burton 9445 Canbondale Drive W Jacksonville, FL 32208 | XXXXXXXXXXXXXX |
| August 25, 2007 | Sarah Webb Rhodes 1152 Bertha Street Jacksonville, FL 32218 | XXXXXXXXXXXXXX |
| August 26, 2007-August | XXXXXXXXXXXXXXXXX | No outgoing mail |

| 27, 2007 | | |
|---|---|---|
| August 28, 2007 | Bishop Larry Camon 402 S 10th St Lakeland GA  31635 | XXXXXXXXXXXXXX |
| | Sarah Webb Rhodes 1152 Bertha St Jacksonville, FL 32218 | XXXXXXXXXXXXXX |
| August 29, 2007-September 3, 2007 | XXXXXXXXXXXXXXXXX | No outgoing mail |
| September 4, 2007 | Attorney Wayne P Turner POB 152 Montgomery, AL 36102-0152 | XXXXXXXXXXXXXX |
| | Office of the Clerk United States District Court POB 711 Montgomery, AL 36101-0711 | XXXXXXXXXXXXXX |
| | Attorney Constance C Wallace Esq Haskell Slaughter Young and Gaillion 305 S Lawrence St Montgomery,   Al  36104 | XXXXXXXXXXXXXX |
| | Attorney Allison of Montgomery POB 111 Montgomery, AL 36101-1111 | XXXXXXXXXXXXXX |
| | Sarah Webb Rhodes 1152 Bertha Street Jacksonville, Fl 32218 | XXXXXXXXXXXXXX |
| | Faulk Reed Attn:  Mr. Joe Reed 5245 Union Street Montgomery, AL  36105 | XXXXXXXXXXXXXX |
| | Anthony Gwendolyn Kennedy 3201 Bell Rd Montgomery, AL 36116 | XXXXXXXXXXXXXX |
| | Office of the Clerk Debra Hackett United States District Court POB 711 Montgomery, AL  36101-0711 | XXXXXXXXXXXXXX |
| September 5, 2007-September 6, 2007 | XXXXXXXXXXXXXXXXX | No outgoing mail |
| September 7, 2007 | Office of the Clerk United States District Court of Alabama POB 711 Montgomery, AL  36101-0711 | XXXXXXXXXXXXXX |
| | Attorney Allison Highley City Attorney PBO 1111 Montgomery, AL  36101-1111 | XXXXXXXXXXXXXX |
| | Attorney Wayne P. Turner 1505 Madison Ave Montgomery, AL | XXXXXXXXXXXXXX |

the Courts. If applicable, you will be permitted to communicate, without censorship, within reasonable limits, with the Attorney General, the Director of the Bureau of Prisons, the Pardon and Parole Attorneys, the United States Marshals, the United States District Judges, and any District Attorney or Circuit Court Judge.

2. Incoming communications addressed to you from any of the sources named above will not be subject to censorship. However, said communications will be opened in your presence by the officer/clerk delivering your mail for the purpose of checking for contraband.

3. Incoming or outgoing communication between you and your attorney (licensed to practice in the State of Alabama) will not be opened except in your presence and then only to check for contraband.

4. Your attorney is prohibited from mailing out any letter, document, or correspondence for you or any other inmate in this Facility.

**Outgoing Mail**

1. Normally you will be permitted to correspond with your family and friends. While awaiting trial, you may correspond with any individual you need to contact in the preparation of any defense. You are encouraged to maintain written contact with your family and friends while in the Montgomery County Detention Facility.

2. Contents of your letters shall be limited to matters of personal interest to friends and relatives. Other inmates in the Facility or Facility personnel are not to be discussed in outgoing mail. The use of profanity, threats, pornography, or diagrams of any part of this Facility is strictly prohibited.

3. Normally outgoing mail will not be opened for inspection unless there is reasonable cause to suspect it contains contraband that may affect the security of the Facility, inmates and/or staff. Such suspected mail will be opened only by order of the Director or Assistant Director, and then only in the presence of the sender.

4. Envelopes, stamps, pencils and paper supplies are avail-

10

able for purchase from the Canteen. If you wish to purchase writing supplies, complete a *Canteen Order Form* and submit it on the appropriate day. Handmade envelopes will not be accepted.

5. All outgoing mail must have a valid stamp affixed to the envelope. The following information must be written or printed in the upper left-hand corner of the envelope:
   First and Last Name *(No initials or nicknames)*
       Booking #_____ MCDF
       P. O. Box 4599
       Montgomery, Alabama 36103

6. You should ensure that the addresses section of outgoing mail contains full information, i.e. first and last name, street address, city, state and zip code. Outgoing mail not properly addressed will be destroyed.

**Incoming Mail**

1. During in processing, you may sign the Montgomery County Detention Facility *Inmate's Personal Property Envelope* (section pertaining to opening of mail) which authorizes the Sheriff or any of his officers to open all mail (with the exception of legal mail) that you may receive while incarcerated at the Montgomery County Detention Facility. If you refuse to sign the authorization, any mail addressed to you will not be accepted and will be returned to sender. This does not apply to legal mail.

2. To afford maximum privacy, incoming communications between you and any source will not be censored. However, it will be opened and examined for contraband, cash monies, money orders, business checks, dividend checks, government checks, etc. Any monies other than money orders or cashier's checks will be returned to sender.

3. Communications you receive after you have been released from the Montgomery County Detention Facility will be returned to sender.

4. The Montgomery County Detention Facility is not required to pay cost of "Postage Due" on any incoming mail. Correspondence received in this manner will be returned to sender.

11

| | 36105 Office of the Clerk United States District Court Al Montgomery, AL 36101-0711 | XXXXXXXXXXXXXX |
|---|---|---|

Shredded Mail

| Month of May 2007 | | |
|---|---|---|
| No shredded mail | | |
| | | |
| Month of June 2007 | | |
| Sara Webb Rhodes | 1152 Bertha Street Jacksonville, FL 32218 | Shredded June 15, 2007 Letter addressed in ink |
| Officer of the Clerk United States District Court | POB 711 Montgomery, AL 36101-0714 | Shredded June 15, 2007 Letter addressed in ink |
| | | |
| Month of July 2007 | | |
| No shredded mail | | |
| | | |
| Month of August 2007 | | |
| No shredded mail as of this date September 10, 2007 | | |
| | | |

In Mr. Shaw's conclusion on page 15 he stated *"two pieces of mail were shred in June of 2007"*. Mail should be written in pencil which is can be purchase off the commissary. (See attached highlighted parts)

On page Mr. Shaw's conclusion on page 15 he stated *"in the special report Ms. Wright noted that the reason the mail was shredded on June 15, 2007 was on authority of the inmate handbook"*. (See attached highlighted parts)

Mr. Shaw also stated on page 17 that mail was opening without him being present ( See attached memo)

_Signature_ 9/10/07

July 26, 2007

Listed below is the listed information on Inmate Nathaniel Shaw #87859 outgoing mail and mail that was shredded.

| Date | Addressed To | |
|---|---|---|
| May 9, 2007-May 20, 2007 | XXXXXXXXXXXXXX | No outgoing mail |
| June 1, 2007-Jun 21, 2007 | XXXXXXXXXXXXXX | No outgoing mail |
| June 22, 2007 | Elaine Jenkins 615 John Adams Orange Park, Fl 302013 | Mailed June 22, 2007 |
| June 23, 2007 | Bobby Parker 7529 All Spice Cir North Jacksonville, FL 322141 | Mailed June 23, 2007 |
| June 24, 2007 | Alabama State Bar 415 Dexter Ave Montgomery, Al 36104 | Mailed June 25, 2007 |
| June 25, 2007 | Attorney Todd Anthony Carter 621 S Hull Street Montgomery, AL 36104 | Mailed June 26, 2007 |
| June 26, 2007 | Office of the Clerk United State District Court POB 711 Montgomery, Al 36101-0711 | Mailed June 26, 2007 |
| | Officer of the Clerk United State District Court POB 711 Montgomery, Al 36101-0711 | Mailed June 26, 2007 |
| June 27, 2007 | Officer of the Clerk United State District Court POB 711 Montgomery, Al 36101-0711 | Mailed 27, 2007 |
| | Officer of the Clerk United State District Court POB 711 Montgomery, Al | Mailed 27, 2007 |

|  | 36101-0711 |  |
|---|---|---|
| July 1, 2007-July 8, 2007 | XXXXXXXXXXXXXX | No outgoing mail |
| July 9, 2007 | Sarah Wee Rhodes 1152 Bertha St Jacksonville, Fl 32218 | July 9, 2007 |
|  |  |  |

Shredded Mail

| Month of May 2007 |  |  |
|---|---|---|
| No shredded Mail |  |  |
|  |  |  |
| Month of June 2007 |  |  |
| Sara Wess Rhodes | 1152 Bertha Street Jacksonville, Fl 32218 | Shredded June 15, 2007-Letter addressed in ink |
| Office of The Clerk United States District Court | PBO 711 Montgomery, AL 36101-0714 | Shredded June 15, 2007-letter addressed in ink |
| Month of July 2007 |  |  |
| No shredded mail as of this date (072607) |  |  |

*Listed in the Inmate Handbook page 11 item number 6-Outgoing mail not properly addressed will be destroyed.*

*Sondra Wright*
*Outgoing Mail Clerk*

# D. T. MARSHALL, SHERIFF

## MONTGOMERY COUNTY DETENTION FACILITY

OFFICE: (334) 832-1386
FAX (334) 832-7171

## Memorandum

To:    Nathaniel Shaw
       Inmate #89354

From:  Ms. Wright
       Personnel Secretary

Re:    Response to request

Date:   September 7, 2007

This memo is in response to your request concerning your legal mail. Mr. Shaw when I brought you your legal mail to you I asked you to sign the form stating that you received your mail. After you sign the legal log sheet I informed you that I would have to open the mail in front of you to make sure that there was no contraband and I had to remove the staples. You stated "I do not think that mail coming from the district court would have contraband in it". I checked your legal mail and removed the staples and handed you your mail through the trap door. It clearly states in your inmate handbook on page 9 and 10 numbers 1and 2 that *you have a legal right to communication, without censorship, with counsel of your choice, public officials or the courts. If applicable, you will be permitted to communicate, without censorship, within reasonable limits, with the Attorney General, the Director of the Bureau of Prisons, the Pardon and Parole Attorneys, the United States Marshal, the United States District Judges, and any District Attorney or Circuit Court Judge.*

*Incoming communications addressed to you from any of the sources named above will not be subject to censorship. However, said communications will be opened in your presence by the officer/clerk delivering your mail for the purpose of checking for contraband.*

I followed the policy and procedure concerning proper handling of your legal mail. I am denying your request for a list of all your incoming mail/outgoing mail. You should have all mail that is mailed in to you and you should know and have record of who you are writing.

If you should have any questions or concerns feel free to contact me or Captain Byrd by request.

Cc:    Captain Palmer-Byrd
       File#89354

250 SOUTH MCDONOUGH STREET ★ MONTGOMERY, ALABAMA 36104 ★ MONTGOMERY COUNTY ALABAMA

*MS SONDRA WRIGHT MAIL CLERK*

## Montgomery County Detention Facility
# INMATE REQUEST FORM

DATE: __9-4-2007__   TIME: __8:00__
NAME: __NATHANIEL SHAW__   BOOKING # __893454__   CELLBLOCK: __3B3__

_Please check ONLY ONE of the following:_

_____ LAUNDRY
_____ RECREATION
_____ CHARGES/BOND INFORMATION
__✓__ MAIL
_____ CANTEEN
_____ ATTORNEY FORM - (Hardship Affidavit)
_____ COURT REQUEST FORM

_____ PROPERTY
_____ VISITATION
_____ FOOD SERVICE
_____ GENERAL LIBRARY
_____ MONEY INFORMATION
_____ OTHER

_Briefly state your request_

DEAR MS WRIGHT, I NOTICE YOU HAD OPEN MY LEGAL MAIL PRIOR TO YOUR
BRING IT TO ME WHICH IS A VIOLATION OF THE POLICY OF MCDF AND
FEDERAL LAW. I REQUEST THAT I MAY HAVE A LIST OF ALL INCOMING
AND OUTGOING MAIL FROM MAY 9th 2007 UNTIL SEPTEMBER 4, 2007 THANK YOU.

## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

Date: _____   _ACTION TAKEN_   Time: _____

_____
_____
_____
_____

Action Taken by: _____
                     Signature

## PLACE THIS FORM IN INMATE HANDMAIL BOX FOR PICK-UP

_Inmate Request Forms will be routed to the appropriate supervisor or administration for disposition._
_Request Forms will be completed and placed in inmate's file._
_Inmates will receive a copy when a written response is required._

**Legal Mail**

INMATE'S NAME _Nathaniel Shaw_    SENDER _Office of Clerk_    DATE REC'D _9-5-07_

ADDRESS _POB 711_    _US Dist Ct_    REC'D OPENED ___ UNOPENED _✓_

_36101_

REMARKS _[signature: Nathaniel Shaw]_    _[signature]_ _9/6/07_

Delivering Officer's Signature

---

INMATE'S NAME _____    SENDER _____    DATE REC'D _____

ADDRESS _____    REC'D OPENED ___ UNOPENED ___

Inmate's Signature _____    Delivering Officer's Signature _____

REMARKS _____

---

INMATE'S NAME _____    SENDER _____    DATE REC'D _____

ADDRESS _____    REC'D OPENED ___ UNOPENED ___

Inmate's Signature _____    Delivering Officer's Signature _____

REMARKS _____

3D

33

INMATE'S NAME _Harry Jones_ SENDER _Court, Criminal Appeals_ DATE REC'D. _9/6/07_

ADDRESS _300 Dexter Ave_ REC'D. OPENED ___ UNOPENED

3130-1555

Inmate's Signature _Harry Cain_ Delivering Officer's Signature ___

REMARKS ___

INMATE'S NAME _Nathaniel Shaw_ SENDER _Office of the Clerk_ DATE REC'D. _9/6/07_

ADDRESS _PO Box 911_ REC'D. OPENED ___ UNOPENED

3130-0711

Inmate's Signature ___ Delivering Officer's Signature ___

REMARKS ___

INMATE'S NAME ___ SENDER ___ DATE REC'D. ___

ADDRESS ___ REC'D. OPENED ___ UNOPENED

Inmate's Signature ___ Delivering Officer's Signature ___

REMARKS ___

INMATE'S NAME ___ SENDER ___ DATE REC'D. ___

ADDRESS ___ REC'D. OPENED ___ UNOPENED

Inmate's Signature ___ Delivering Officer's Signature ___

REMARKS ___

MS SONDRA WU SHT MAIL CLERK

COPY/I

Montgomery County Detention Facility

# INMATE REQUEST FORM

DATE: 9-4-2007    TIME: 8:00
NAME: NATHANIEL SHAW    BOOKING # 89354    CELLBLOCK: 3R3

*Please check ONLY ONE of the following:*

_____ LAUNDRY

_____ RECREATION

_____ CHARGES/BOND INFORMATION

✓ MAIL

_____ CANTEEN

_____ ATTORNEY FORM - (Hardship Affidavit)

_____ COURT REQUEST FORM

_____ PROPERTY

_____ VISITATION

_____ FOOD SERVICE

_____ GENERAL LIBRARY

_____ MONEY INFORMATION

_____ OTHER

*Briefly state your request*

DEAR MS WRIGHT, I NOTICE YOU HAD OPEN MY LEGAL MAIL PRIOR TO YOUR BRING IT TO ME WHICH IS A VIOLATION OF THE POLICY OF MCDF AND FEDERAL LAW. I REQUEST THAT I MAY HAVE A LIST OF ALL INCOMING AND OUTGOING MAIL FROM MAY 9th 2007 UNTIL SEPTEMBER 4, 2007 THANK YOU.

## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

Date: _____    *ACTION TAKEN*    Time: _____

_____

_____

_____

Action Taken by: _____
                    Signature

9/7/07 - Copies (Available for guest)
Delivered to Inmate Shaw
@ 9:40 AM

SW

PLACE THIS FORM IN INMATE HANDMAIL BOX FOR PICK-UP

*Inmate Request Forms will be routed to the appropriate supervisor or administration for disposition.*
*Request Forms will be completed and placed in inmate's file.*
*Inmates will receive a copy when a written response is required.*

# MONTGOMERY COUNTY DETENTION FACILITY

## *Inmate Clothing Inventory*

Inmate Name: _Shaw, Nathaniel_    Booking #: _____

Date: _5/9/07_    Time: _____ AM/PM

### Initial Intake:

|  |  | Color | Type or Brand | Condition |
|---|---|---|---|---|
| ( ) | Shoes: | Black | *David Geo* Wingtip dress Shoes | |
| ( ) | Belt: | NO | Belt | |
| ( ) | Hat/Cap: | | | |
| ( ) | Jacket: | | | |

Inmate's Signature: _Nathaniel Shaw_ Date: _5/9/07_

Officer's Signature: _C.O. Dill_    Date: _5/9/07_

* * * * * * * * * * * * *

### Completion Intake

|  |  | Color | Type or Brand | Condition |
|---|---|---|---|---|
| ( ) | Shirt/Blouse: | Blue | T-Shirt | worn |
| ( ) | Pants/Skirt: | Olive | Slacks | worn |
| ( ) | Socks: | | | |
| ( ) | Boxers: | Green | Boxers | worn |

Locker Number: _355_

Extra property to be picked up by a friend or relative within 7 days. If not picked up, extra property WILL BE DESTROYED.

Inmate's Signature: _Nathaniel Shaw_    Date: _5/9/07_

Officer's Signature: _C.O. Dill_    Date: _5/9/07_

Supervisor's Signature: _____    Date: _5-19-07_

*Montgomery County Detention Facility*
**Policy and Procedure Directive**

# INMATE MAIL
# SEARCHED FOR CONTRABAND
# INCOMING/OUTGOING,
# INMATE LETTERS, MONEY ORDERS

**Issued January 28, 2003 (Revised October 28, 2004)**          **Policy No. E-601**

---

**POLICY**:

It is the policy of the Montgomery County Detention Facility to provide guidance and requirements for Detention Facility personnel logging and searching incoming/outgoing inmate mail and letters for contraband.  Mail sent to inmates from court officials, governmental officials or attorneys should be opened and inspected for contraband in the presence of the inmate.

*Definitions:*   **Legal Mail**:  Correspondence to or from an inmate's attorney, court officials, and other governmental officials.

**General Mail:**  All correspondence to and from an inmate that is not privileged.

**Contraband:**  Any item not approved by this Facility.

**PROCEDURE:**

A.   Incoming Mail

1.   The designated clerk should pick mail up from the downtown postal station at approximately 9:30 A.M. each morning with the exception of holidays.

2.   After returning with the mail, the designated clerk should send all mail picked up from the postal service through the x-ray machine.

3.   Using the Facility computer, the designated clerk should look up the inmate cell location and make a notation on each envelope the housing area of that inmate.

4.   The designated clerk should separate the mail by floors.

5.      The designated clerk should open all general mail, checking for contraband, money orders and pictures.  All money orders received should be removed from the envelopes.

6.      If contraband is found, the designated clerk should return the entire contents of the envelope, along with a letter stating why the mail is being returned to the sender.

7.      The designated clerk should make a notation on the envelope as to the contents of the envelope (i.e. letter, pictures, or money orders and amount).

8.      The designated clerk should log all incoming mail in the Facility computer (i.e. date, inmate's name, senders name/address and contents of the envelope).

9.      After completion of inspecting the incoming mail, the designated clerk should distribute all completed incoming mail to each individual inmate the following business day with the exception of holidays.

10.     The designated clerk should check out key #14 from Central Control prior to reporting to the floors.

11.     The designated clerk should unlock the feed doors, one at a time, with the keys received from Central Control booth operator.  The feed doors should be secured once the designated clerk has completed the cellblock.

12.     Each inmate should be called to the feed door by the designated clerk to receive his/her mail.  Inmates must present their identification in order to receive their mail.

13.     Mail received for inmates who are classified as suicidal should be given to the Shift Commander for distribution.

14.     The designated clerk should notify Central Control prior to going to the Medical Unit, the Isolation Units and 4-D. Central Control will have an Officer accompany the clerk into these cellblocks.

B.    Legal Mail

1.      The designated clerk should separate "legal mail" from the general mail.

2.      The designated clerk should log all legal mail on the *Inmate Legal Mail Log Form* (i.e. inmate's name, senders name/address and date).

    3.      The designated clerk should enter all legal mail information in the Facility computer (i.e. date, inmate's name, sender's name/address).

    4.      The designated clerk should distribute all completed legal mail to each individual inmate and obtain the inmate's signature on the *Legal Mail Log Form.*

C.    Returned Mail

    1.      The designated clerk should place all incoming mail that does not have a return address listed on the envelope in the inmate's personal property.

    2.      The designated clerk should return all unopened mail to sender that has a return address on the envelope if the inmate is no longer incarcerated in the Detention Facility.  A notation should be made on the envelope that the inmate is no longer at the Facility.

    3.      The designated clerk should return all mail containing contraband to sender with a letter stating why the mail is being returned unless the contraband is considered criminal in nature.

    4.      The designated clerk should enter all returned mail in the Facility computer (i.e. inmate's name, senders name/address, date and reason why mail is being returned).

D.    Inmate to Inmate Correspondence

    1.      Inmate to inmate correspondence must be approved by the administration prior to any inmate receiving mail from another corrections facility.

    2.      All inmate to inmate correspondence should be sent through US Mail and treated as **incoming mail**.

E.    Inoperable Computer

    1.      In the event the computer becomes inoperable, the designated clerk should obtain a notebook from the office of Inmate Records.  The designated clerk should log all incoming and outgoing inmate mail manually.

    2.      Notebooks will be marked *"Incoming Mail"* and *"Outgoing Mail"*.  These books will be stored in the office of Inmate Records.

Policy No. E-601
Page 4

     3.     When the computer becomes operable, the designated clerk should refer to
the *Mail Log Book* in order to enter all mail entries in the Facility
computer.

F. Outgoing Mail

     1.     A clerk designated by the Captain of Inmate Programs should be
responsible for picking up the outgoing mail each morning in Booking.

     2.     The designated clerk should verify the mail ensuring that each piece
contains the following information.

         a.     The inmate's full name (no nick names or initials) and booking
number
         b.     The Facility's mailing address in the upper left hand corner of the
envelope:

                          MCDF
                          P. O. Box 4599
                          Montgomery, AL  36103

     3.     The outgoing mail should include the following information:

         a.     The person's full name (no nick names or initials), complete
address, city, state and zip code

     4.     The designated clerk should ensure the following:

         a.     The writing on each envelope is written in pencil
         b.     There are no handmade envelopes
         c.     There is no toothpaste on the envelope seal
         d.     No tape or used stamps are on the envelopes
         e.     Each envelope has the correct amount of postage

     5.     The designated clerk should shred any outgoing mail not containing the
above listed information.

     6.     The designated clerk should enter the date, inmate's name, and the name
and address posted on all outgoing mail.  This information should be
stored on a diskette in the office of Inmate Records.

     7.     The designated clerk should stamp each piece of outgoing mail in bold
letters **"Inmate Mail"**.

8.    The designated clerk should deliver all completed outgoing mail to the County Mail Room each day at 3:00 P.M.

G.    Money Orders

1.    The designated clerk should deliver all money orders received to the Account Manager's office for processing once the incoming mail has been completed.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

NATHANIEL SHAW,          )
                                 )
           **Plaintiff,**      )
                                 )
     **v.**                   )      **CIVIL ACTION NO. 2:07-CV-606-ID**
                                 )
D. T. MARSHALL,  et al.,       )
                                 )
           **Defendants.**    )

## <u>AFFIDAVIT OF SONDRA WRIGHT</u>

Before me, a Notary Public, personally appeared Sondra Wright and after being duly sworn, did say as follows

1.       My name is Sondra Wright.  I am employed with the Montgomery County Sheriff's Office Detention Facility as a Clerk Typist.  A part of my duties include documenting and distributing inmate mail.

2.       On August 7, 2007, I compiled a list of the outgoing mail of Inmate Nathaniel Shaw. When I compiled that list, I did overlook mail that was sent by Inmate Shaw during the period May 9, 2007 through May 20, 2007 and June 1, 2007 through June 21, 2007.  I am including a revised list of mail processed for Inmate Shaw to show that he did have outgoing mail during these periods of time.

3.       The policy of the Detention Facility is that all inmate mail not properly addressed will be destroyed.  The Inmate Handbook states that pencils, as well as envelopes, stamps, and paper

supplies are available for purchase from the Canteen for correspondence. Ink pens are

considered contraband therefore it is against policy for inmates to use them.

Sondra Wright

Sworn to and subscribed before me this *17th* day of *September*, 2007.

Notary Public
My Commission Expires September 13, 2010