IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATHANIEL SHAW, | * |
| | * |
| Plaintiff, | * |
| | *   Civil Action No. |
| vs. | * 2:07-CV-606-ID |
| | * |
| D. T. MARSHALL, et al., | * |
| | * |
| Defendants. | * |

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

COME NOW Defendants D. T. Marshall, Gina M. Savage, Cassandra Smith and Sondra Wright, and for answer to the Plaintiff's Amended Complaint, state as follows:

**COUNT ONE**

Count One of the Amended Complaint is not directed against these Defendants and therefore requires no response from these Defendants. To the extent a response is required, denied.

**COUNT TWO**

Count Two of the Amended Complaint is not directed against these Defendants and therefore requires no response from these Defendants. To the extent a response is required, denied.

**COUNT THREE**

Count Three of the Amended Complaint is not directed against these Defendants and therefore requires no response from these Defendants. To the extent a response is required, denied.

## COUNT FOUR

Count Four of the Amended Complaint is not directed against these Defendants and therefore requires no response from these Defendants. To the extent a response is required, denied.

## COUNT FIVE

Count Five of the Amended Complaint is not directed against these Defendants and therefore requires no response from these Defendants. To the extent a response is required, denied.

## COUNT SIX

Count Six of the Amended Complaint is not directed against these Defendants and therefore requires no response from these Defendants. To the extent a response is required, denied.

## COUNT SEVEN

Count Seven of the Amended Complaint is not directed against these Defendants and therefore requires no response from these Defendants. To the extent a response is required, denied.

## COUNT ONE, "MEDICAL NEGLIGENCE"

Count One entitled "Medical Negligence" is not directed against these Defendants and therefore requires no response from these Defendants. To the extent a response is required, denied.

## COUNT TWO, "MEDICAL NEGLIGENCE"

The allegations in Count Two entitled "Medical Negligence" are denied.

## COUNT THREE, "DENIAL OF ACCESS TO THE COURTS"

The allegations in Count Three entitled "Denial of Access to the Courts" are denied.

## COUNT FOUR, "CRUEL AND UNUSUAL PUNISHMENT"

The allegations in Count Four entitled "Cruel and Unusual Punishment" are denied.

## CONCLUSION

Defendants deny the material allegations in the Conclusion and by way of further answer submit that the Plaintiff's mail was shredded in accordance with jail policy that prohibits the use of ink pens at the Montgomery County Detention Facility.

## DEFENSES

1. The Amended Complaint fails to state a claim against these Defendants upon which relief can be granted.

2. Defendants did not violate any of the Plaintiff's constitutional rights afforded him under law.

3. Defendants are entitled to immunity under the Eleventh Amendment to the United States Constitution with respect to Plaintiff's claims against them in their official capacities.

4. All official capacity claims against these Defendants must be dismissed because in their official capacities, Defendants are not considered "persons" subject to liability under 42 U.S.C. § 1983.

5. Defendants are entitled to qualified immunity with respect to Plaintiff's claims against them in their individual capacities.

6. Defendants aver that they acted in a manner that was in accordance with previous court rulings regarding the operation of the Montgomery County Detention Facility.

7. Defendants aver that the prison regulations in question were reasonably related to legitimate penological interests.

8. Defendants aver that Plaintiff's claim for deliberate indifference to serious medical needs is due to be dismissed because Plaintiff was afforded more than adequate medical care by the Defendants.

9. Plaintiff's claims for medical negligence are due to be dismissed because negligence cannot support a claim under 42 U.S.C. § 1983.

10. Plaintiff's claim for denial of access to the courts is due to be dismissed because Plaintiff cannot show an actual injury.

11. Plaintiff's claim for emotional distress is due to be dismissed because Plaintiff has not suffered any physical injury.

12. Plaintiff's claims are due to be dismissed because he failed to exhaust administrative remedies.

13. Plaintiff has failed to satisfy the requirements for injunctive relief therefore all claims for injunctive relief are due to be dismissed.

14. Plaintiff's claims are due to be dismissed because he cannot demonstrate that he suffered a constitutional violation.

/s/Constance C. Walker
Thomas T. Gallion, III  (ASB-5295-L74T)
Constance C. Walker (ASB-5510-L66C)
Attorneys for Defendants D. T. Marshall, Gina M. Savage, Cassandra Smith and Sondra Wright

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.**
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 (fax)

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 9th day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the **CM/ECF** system that will send notification of such filing to the following counsel:

Wayne P. Turner
Post Office Box 152
Montgomery, Alabama  36101-0152

Allison H. Highley
City of Montgomery
Legal Department
Post Office Box 1111
Montgomery, Alabama  36101

      and that I caused a true and complete copy of same to be deposited in **the United States Mail,** sufficient first class postage prepaid, on this the 9th day of October, 2007, addressed as follows:

Nathaniel Shaw
Montgomery County Detention Facility
Post Office Box 4599
Montgomery, Alabama  36103


s/Constance C. Walker
Of Counsel