IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 OCT 29 A 10:04
DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

NATHANIEL SHAW )
           PLAINTIFF, )
vs. ) CASE NO. 2:07-CV-606-ID
D.T. MARSHALL, et. al. )
           DEFENDANTS. )

## A RESPONSE IN OPPOSITION

COMES NOW THE PLAINTIFF NATHANIEL SHAW, "PROSE" PURSUANT TO THE APPROPRIATE RULE AND AUTHORITY HEREIN RESPECTFULLY MOVES THIS HONORABLE COURT TO PROCEED WITH AN EVIDENTIARY HEARING AND TRIAL. THE PLAINTIFF ASSERT THERE ARE SUFFICIENT MATERIAL FACTS AND AUTHORITY TO MOVE THIS HONORABLE COURT TO PROCEED TO TRIAL. THE PLAINTIFF ASSERTS THERE ARE SPECIFIC FACTS THAT HAS BEEN SHOWN BY THE PLAINTIFF TO WARRANT A GENUINE ISSUE FOR AN EVIDENTIARY HEARING AND TRIAL. THE PLAINTIFFS RESPONSE IN OPPOSITION TO DEFENDANTS ART BAYLOR, C.J. COUGHLIN AND J.W. HALL, ANSWER TO PLAINTIFF COMPLAINT AND AMENDED COMPLAINT.

## DEFENDANTS DEFENSE

DEFENDANT BAYLOR, COUGLIN AND HALL ASSERT THE FOLLOWING DEFENSES:

(1) DEFENDANTS GENERALLY DENY ALL MATERIAL ALLEGATIONS OF THE COMPLAINT DEMAND STRICT PROOF THEREOF, AND DENY THAT PLAINTIFF IS ENTITLE TO ANY RELIEF

(1.A) THE PLAINTIFF ASSERT THAT AT THE TIME OF ARREST THERE WERE IN FACT NO WARRANTS OF ARREST. AT THE TIME OF APPROXIMATELY 11:10 AM WHICH IS THE TIME OF CONTACT WITH (MPD) STATED IN THE SPECIAL REPORT THE PLAINTIFF STATE THERE WERE NO WARRANTS OF ARREST. (SEE SPECIAL REPORT DOC. 47-7 PAGES (2 THROUGH 6) WARRANT OF ARREST) THE FIRST WARRANT ACCORDING THESE DOCUMENTS WAS SIGNED BY A MAGISTRATE 4 HOURS AND 6 MINUTES AFTER THE ARREST (WEDNESDAY MAY 09, 2007 AT 3:16 PM DOC. 47-7 PAGE 5 OF 6. THE SECOND WARRANT OF ARREST WAS SIGNED BY A MAGISTRATE (WEDNESDAY MAY 09, 2007 AT 3:19 PM DOC. 47-7 PAGE 4 OF 6 4 HOURS 9 MINUTES AFTER THE SAID ARREST, THE THIRD WARRANT OF ARREST SIGNED BY A MAGISTRATE (WEDNESDAY MAY 09, 2007 AT 3:24 PM DOC. 47-7 PAGE 2 OF 6) 4 HOURS, 14 MINUTES AFTER THE ARREST. FOURTH WARRANT OF ARREST SIGNED BY A MAGISTRATE (WEDNESDAY MAY 09, 2007 AT 3:27 PM DOC. 47-7 PAGE 3 OF 6) 4 HOURS AND 17 MINUTES AFTER THE ARREST.

FIFTH WARRANT OF ARREST SIGNED BY A MAGISTRATE (WEDNESDAY MAY 09, 2007 AT 4:28 PM DOC. 47-7 PAGE 6 OF 6) 5 HOURS, 18 MINUTES AFTER THE ARREST. THE PLAINTIFF AVER THAT THE DEFENDANT HAD NO OUTSTANDING WARRANTS IN MONTGOMERY, ALABAMA AT THE POINT OF ARREST AT 11:10 AM. THE DEFENDANTS TO COVER THE VIOLATIONS OF THE PLAINTIFF FOURTH, FOURTEENTH AND EIGHTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION, THE DEFENDANTS HAD TWO DIFFERENT MAGISTRATES SIGNING WARRANTS OF ARREST 5 HOUR AND 18 MINUTES AFTER THE ARREST, SEE WARRANTS OF ARREST LOWER LEFT HAND CORNER DAY-DATE-TIME SIGNATURE OF MAGISTRATE, SEE DOCUMENT 47-7 PAGE 2 THROUGH 6 WARRANTS OF ARREST. THUS ESTABLISHED ALL WARRANT OF ARREST IN MONTGOMERY TOOK PLACE SOME FOUR HOURS AFTER THE ARREST.

(2) DEFENDANT STATE: NONE OF MPD DEFENDANTS WERE PRESENT AT THE SCENE OF THE ARREST. (EXHIBITS A, B, C, D AND E) AND NONE OF THE MPD DEFENDANT HAD PHYSICAL CONTACT WITH OR USED ANY FORCE AGAINST MR SHAW (ID.) DEFENDANT BAYLOR, COUGHLIN AND HALL DID USE EXCESSIVE FORCE AGAINST PLAINTIFF SHAW.

(2A) THE PLAINTIFF ASSERT THAT EXCESSIVE FORCE WAS USED BY J.W. HALL, AND HE AND C.J. COUGHLIN, WAS AT THE ARREST AND IT WAS J.W. HALL,

4 of 9

who slam the plaintiff head down on the hood of the truck and held it in that position until plaintiff now has no vision in his left eye. Both, defendants claim to not have been on the scene of the arrest and it is said the arrest was without incident. The plaintiff to attack these tort claims will state that documentation will place J.W. Hall, at the scene and the badge number if correct shall place C.J. Coughlin at the scene also. The plaintiff will refer to the <u>Montgomery Police Department Vehicle Impound Report Document 47-3 Page 7 of 7 Impound Report Number 1419 Date 5-9-2007 Time 1511.</u> The hour is 3:11pm and to give further proof there wasn't an arrest warrant on the time of arrest by <u>NCIC Check</u>. This document is undisputed and place J.W. Hall, to have been at the scene of the arrest and establish a lie to be found in this special report. The plaintiff asserts that <u>MPD Vehicle Impound Report Number 1419</u>. The plaintiff is now in possession of the Alabama Uniform Arrest Report. Arresting Officer (Last, First, M) Coughlin C.J. ID#1008 Arresting Officer (Last, First, M) Hall J.W. ID 1316 The plaintiff now being in possession of this said document and having three perjured

AFFIDAVITS THOSE BEING (AFFIDAVIT C.J. COUGHLIN DOCUMENT 47-5), AFFIDAVIT OF J.W. HALL DOCUMENT 47-2, AFFIDAVIT OF K.L. BYRD DOCUMENT 47-4. THE OFFICERS CONSPIRED ON FEDERAL AFFIDAVITS THEREBY COMMITTING PERJURY AND VIOLATING PLAINTIFF'S FOURTH, FOURTEENTH AND EIGHTH AMENDMENT RIGHTS TO UNITED STATES CONSTITUTION. THE PLAINTIFF ASSERTS HE IS ENTITLE TO ALL RELIEF SOUGHT BE GRANTED.

(3.) PLAINTIFF ALSO CLAIMS DEFENDANT COUGHLIN AND HALL USED THEIR UNIFORMS AND BADGE TO "ROB AND STEAL FROM THE PLAINTIFF NAMELY: PERSONAL PROPERTY (1) OVER ONE THOUSAND DOLLARS IN AMERICAN MONEY (2) A WALLET (3) A GOLD CHAIN NECKLACE WITH GOLD CROSS AND MEDALLION (4) ALL EXPENSIVE GOLD WATCH MADE BY ELGIN (5) A SOLID GOLD MASONIC RING."

(3.A) THE PLAINTIFF ASSERTS THAT THE DEFENDANTS ONLY BY ORDER OF THIS HONORABLE COURT HAS PLACE A LIST OF PERSONAL PROPERTY IN THEIR SPECIAL REPORT. THE PLAINTIFF REMAIN TO SEE THE GOLD CHAIN WITH GOLD MEDALLION. THE PLAINTIFF ASSERTS THAT HE REQUEST THE COURT TO HAVE THE DEFENDANTS TO HAVE ALL OF HIS MONEY PLACED INTO HIS INMATE ACCOUNT AND HIS JEWLRY PLACED INTO INMATE

PROPERTY AT M.C.D.F

(4.) PLAINTIFF GOES ON TO SAY DEFENDANT COUGHLIN AND HALL TESTIFIED THAT THEY HAD NOT ARRESTED PLAINTIFF ON MAY 9, 2007. THE RECORD REFLECTS THAT COUGHLIN AND HALL DID NOT IN FACT ARREST MR. SHAW.

(4.A) THE PLAINTIFF ATTEST THAT COUGHLIN AND HALL DID IN FACT ARREST AND ABUSE PLAINTIFF IN THE PROCESS OF THEREBY USING EXCESSIVE FORCE IN VIOLATION OF PLAINTIFF FOURTH AND FOURTEENTH AND EIGHTH AMENDMENT RIGHTS AND THEN WITH CRIMINAL INTENT CONSPIRED TO CONCEAL THE FACTS AND FALSIFIED THIS HONORABLE COURTS RECORDS, LIED IN BOTH, FEDERAL AND STATE COURT PROCEEDINGS WHICH AMOUNT TO PERJURY IN THE 1st DEGREE. SEE ALABAMA UNIFORM ARREST REPORT. THE PLAINTIFF REQUEST RELIEF SOUGHT BE GRANTED

(5.) PLAINTIFF CLAIMS IT WAS ILLEGAL FOR DEFENDANTS COUGHLIN AND HALL TO TRANSPORT PLAINTIFF TO M.C.D.F. WITHOUT TRANSFERRING THE PERSONAL PROPERTY THAT HAD BEEN SEIZED FROM HIM.

(5.A) THE PLAINTIFF ASSERT THAT THE ARREST ITSELF WAS ILLEGAL AND THERE WAS NO CRIME COMMITTED BY THE PLAINTIFF THEREFORE ASSERTS HIS MONEY AND JEWLRY SHOULD HAVE BEEN TRANSPORTED WITH PLAINTIFF.

(6.) PLAINTIFF CLAIMS DEFENDANTS COUGHLIN AND HALL HAVE WITHHELD HIS RECEIPT FOR SEIZED PROPERTY, COPIES OF THE RELEVANT PROPERTY INVENTORIES ARE ATTACHED HERE TO:

(6:A) THE PLAINTIFF ASSERTS THAT PLAINTIFF HAS YET TO SEE HIS GOLD CHAIN AND CROSS ON THIS LIST. THE PLAINTIFF REQUEST HIS MONEY BE PLACED INTO HIS INMATE ACCOUNT AND THAT HIS JEWLRY BE PUT INTO INMATE PROPERTY.

(7.) PLAINTIFF CLAIMS POLICE USED EXCESSIVE FORCE, MAULING HIM INTO THE HOOD OF A VEHICLE CAUSING INJURY TO HIS LEFT EYE. THE [DOC 1; DOC 28-2] THE EVIDENCE REFLECTS THAT DEFENDANT BAYLOR, COUGHLIN AND HALL NOT PRESENT OR INVOLVED IN SHAW'S APPREHENSION AND ARREST.

(7.A) THE PLAINTIFF AVER THAT DEFENDANTS COUGHLIN AND HALL WERE IN FACT THE ARRESTING OFFICERS AND HALL DID USE EXCESSIVE FORCE THAT CAUSE THE PLAINTIFF TO HAVE NO VISION IN HIS LEFT EYE. THE DEFENDANTS HAVE LIED ON SWORN AFFIDAVITS STATING THEY WASN'T EVEN ON THE SCENE OF THE ARREST. THE PLAINTIFF OUT OF RESPECT FOR THE F.O.P. AND FRATERNAL ORDERS WORLD WIDE I HAVE EXTENDED A SETTLEMENT OFFER.

8 of 9

## CONCLUSION

THE PLAINTIFF AVER THAT DEFENDANTS COUGHLIN, HALL AND BYRD ACTIONS HAS BEEN CRIMINAL OF CONSPIRACY, PERJURY, FALSIFYING BOTH, FEDERAL AND STATE DOCUMENTS THEREFORE DENYING THEM ANY TYPE IMMUNITY WHATSOEVER.

## CONSTITUTIONAL LAW

WHEN A VIOLATION OF A FUNDAMENTAL RIGHT IS SO OBVIOUS THAT NO HALF-WAY INTELLIGENT PUBLIC OFFICIAL COULD CONCLUDE IN GOOD FAITH THAT HIS PROPOSED ACTION IS CONSTITUTIONAL, A PUBLIC OFFICIAL WHO DOES IT ANYWAY CANNOT CLAIM QUALIFIED IMMUNITY; THE PURPOSE OF QUALIFIED IMMUNITY IS TO PROTECT GOVERNMENT OFFICIALS FROM LIABILITY FOR CONDUCT THEY COULD NOT REASONABLY HAVE KNOWN WAS UNLAWFUL. SKURSTENIS v. JONES. 236 F.3d 678, 2000 U.S. APP. LEXIS 33793 (11th CIR. 2000)

THE PLAINTIFF IN HIS PURSUIT OF JUSTICE HAS UNCOVERED A FULL BLOWN CONSPIRACY WITHIN M.P.D. AND CARRIED OVER INTO M.C.D.F. THE PLAINTIFF FEEL HE HAS PRESENTED A GENUINE ISSUE FOR AN EVIDENTIARY HEARING

AND TRIAL. THE PLAINTIFF PRAY THIS HONORABLE COURT THROUGH ITS INGENIOUS INTELLECT CAN SEE THAT THE BATTLE IS NOT MINE BUT THE LORDS. THE PLAINTIFF PRAY THAT THESE GROSS VIOLATIONS OF HIS CONSTITUTIONAL RIGHTS CAN SOON BE RESOLVED.

IT IS SO PRAYED
UNDER THE PENALTY OF PERJURY

RESPECTFULLY SUBMITTED THIS 25 DAY OF OCTOBER 2007

/s/ Nathaniel Shaw
NATHANIEL SHAW "Pro se"
#89354 M.C.D.F.
P.O. BOX 4599
MONTGOMERY, AL.
36103