IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 OCT 29 A 10 05
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

NATHANIEL SHAW
    PLAINTIFF,
VS.                                    CASE NO. 2:07-CV-606-ID
D.T. MARSHALL, et al.
    DEFENDANTS,

## A RESPONSE IN OPPOSITION

COMES NOW THE PLAINTIFF NATHANIEL SHAW, "Pro se" PURSUANT TO THE APPROPRIATE RULE AND AUTHORITY HEREIN RESPECTFULLY MOVES THIS HONORABLE COURT TO PROCEED TO TRIAL. THE PLAINTIFF ASSERTS THAT THERE ARE SPECIFIC FACTS THAT HAVE BEEN SHOWN BY THE PLAINTIFF TO WARRANT A GENUINE ISSUE FOR AN EVIDENTIARY HEARING AND TRIAL. THE PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT DR. JOHNNY E. BATES, ANSWER TO PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT; DR. BATES', SUPPLEMENTAL RESPONSE AND AFFIDAVIT IS AS FOLLOWS:

(1.) BATES STATES; "THE COMPLAINT AND AMENDED COMPLAINT FAIL TO STATE A CLAIM AGAINST THIS DEFENDANT UPON WHICH RELIEF CAN BE GRANTED."

(1.A) The Plaintiff asserts that he has in fact stated a claim of inadequate medical treatment, medical negligence and deliberate indifference. See p. 9 Ground 2 and pages 10 and 11 of the Amended Complaint, which the Plaintiff seeks relief for.

In Farrow v. West 320 F.3d 1235, 1243 11th Cir. 2003. Courts addressing claims under the Eighth Amendment have further clarified that "a prison officials deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment.

The Plaintiff further asserts that his claims have merit and that Dr. Bates did in fact disregard and knew of an excessive risk to this Plaintiff's health and by not allowing the Plaintiff upon his own expense and request (per the Inmate Handbook) to seek outside treatment - Page 14 Section F - labeled Medical Services, in fact was and is medically negligent for which the Plaitiff seek relief for. See Farmer v. Brennan, 511 U.S. 825, 828 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). It is well settled that the deliberate indifference to serious medical needs of prisoners

constitutes the unnecessary and wanton infliction of pain prescribed by the Eight Amendment. (McElligot v. Foley 182 F.3d 1248, 1254 (11th Cir. 1999) and Lancaster, 116 F.3d at 1425.)

(2.) Bates states: "This defendant denies that he has violated any of the plaintiff's constitutional rights."

(2.)(A) The plaintiff asserts: That Bates did in fact violate his constitutional rights albeit by NOT promptly treating the plaintiff's injury to his head and to his eye as well as changing medication necessary for the treatment of the plaintiff's diabetes as well as not allowing the plaintiff a snack to assuage insulin surges to any diabetic inmates and depletions. Bates, further denied the plaintiff's rights by disregarding the plaintiff's request for private treatment therefore denial of adequate medical treatment. Dr. Bates' "deliberate indifference" to the plaintiff's substantial risk of serious harm does in fact violate the Eight Amendment to the Constitution. Where once again Bates, acted with deliberate indifference to the serious medical

needs of the plaintiff. For which the plaintiff seeks relief for. <u>See Code of Ala. 14-6-20 & 14-6-19</u>

(3.) Bates states: "This defendant is due qualified immunity with respect to plaintiff's claims against him in his individual capacity.

(3.A) The plaintiff asserts: That Bates is not due qualified immunity for the following reasons: When a violation of a fundamental right is so obvious, <u>as was the case where Bates did not treat with respect nor respond to the plaintiff's request for outside treatment - even after Bates found his exams inadequate. See Bates' affidavit dated August 7th, 2007 page 3</u>, that no half way intelligent public official could conclude in good faith that his proposed action is constitutional, a public official who does it anyway <u>cannot claim qualified immunity</u>. - The purpose of qualified immunity is to protect Gov't. officials from liability for conduct they could not reasonably have known was unlawful. The plaintiff re-asserts that Bates, <u>knew</u> that his actions were unlawful and did have a blatant disregard for this plaintiff's well being.

See Lskurtenis v. Jones 236 F.3d 678. 2000 U.S. App. Lexis 33793 (11th Cir 2000). The plaintiff has legal merits to pursue a claim against Bates. Because of the above and due to the above there is no such qualified immunity for Bates in his individual capacity and is not subject to protection by the Eleventh Amendment Immunity clause. Bates is an employee of Quality Correctional Health Care who is responsible as well for Bates, actions. The plaintiff asserts that he has demonstrated that Bates is not entitled to qualified immunity by showing: that Bates violated his constitutional right and that constitutional right is and was clearly established. The plaintiff sought an injunctive relief for the lack of medical treatment which cause plaintiff to have no vision in his left eye.

(4.) Bates states: "This defendant denies that he was negligent in his treatment of the plaintiff and avers that his treatment met and exceeded the standard of care required of physicians in Alabama.

(4.A) The plaintiff asserts: that Dr. Bates identifies himself in his affidavit

ON AUGUST 7, 2007 AS BEING BOARD CERTIFIED IN INTERNAL MEDICINE. HE DOES NOT IDENTIFY HIMSELF AS AN OPTHAMOLOGIST, AND HAD ACCORDING TO SAME AFFIDAVIT SOME DIFFICULTY IN HIS EXAMINATION OF PLAINTIFF'S INJURED EYE. ONCE AGAIN THE PLAINTIFF AVERS THAT BATES WAS NEGLIGENT AND HAS OFFERED PROOF IN HIS COMPLAINT, THE AMENDED COMPLAINT AND THIS RESPONSE IN THE ABOVE RESPONSES.

THE PLAINTIFF AVERS THAT BATES WAS NEGLIGENT BY NOT PAYING ATTENTION TO THE INTAKE QUESTIONIARE ON 5-9-07 AND THE QCHC INITIAL INMATE HEALTH ASSESSMENT ON 5-12-07 BOTH DOCUMENTS LISTED AN INJURY TO PLAINTIFF'S EYE AS WELL AS THIS PLAINTIFF'S VERBAL COMPLAINTS. ALSO (SEE EXHIBIT A) IN AMENDED COMPLAINT.

THE PLAINTIFF ALSO ASSERT THAT THE DEFENDANT IS NEGLIGENT IN THE TREATMENT OF THIS PLAINTIFF'S DIABETES MELLITIS. THAT THE PLAINTIFF HAS NOT BEEN PRESCRIBED THE PROPER DIET NOR THE PROPER MEDICATIONS WHICH TAKEN AS A WHOLE IS CAUSING IRREPAIRABLE HARM AND CAN LEAD TO SERIOUS PHYSICAL

HARM.

THE PLAINTIFF IS NOW SUFFERING FROM LOSS OF VISION IN HIS LEFT EYE, NUMBNESS, INDIGESTION AND STRESS WHICH PLAINTIFF SEEKS RELIEF FOR.

(5.) BATES STATES THAT: "THIS DEFENDANT DENIES THAT HE IS GUILTY OF DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED, AS THE PLAINTIFF WAS AFFORDED MORE THAN ADEQUATE CARE.

(5.A.) THE PLAINTIFF ASSERTS: THAT ONCE AGAIN BATES IS GUILTY OF DELIBERATE INDIFFERENCE SEE PAGE 2 OF THIS RESPONSE ALSO THE PLAINTIFF HAS ESTABLISHED A CAUSE OF ACTION BASED UPON FACT REGARDING BATES' DELIBERATE INDIFFERENCE AND HAS PRESENTED EVIDENCE FOR THIS ISSUE FOR WHICH THE PLAINTIFF SEEKS RELIEF FOR. THE PLAINTIFF HAS ESTABLISHED A PRIMA FACIE CAUSE AND SHOULD PROCEED. See (FARROW V. WEST)

(6) BATES STATES THAT: THIS DEFENDANT DENIES THAT THE PLAINTIFF IS ENTITLED TO DAMAGES FOR EMOTIONAL DISTRESS BECAUSE HE HAS NOT SUFFERED ANY PHYSICAL INJURY.

(6.A) THE PLAINTIFF ASSERTS: THAT HE HAS SUFFERED LOST OF VISION IN HIS LEFT EYE DUE TO PHYSICAL USE OF EXCESSIVE FORCE BY THE MONTGOMERY CITY POLICE THAT A COURT ORDER HAD TO COMPELL BATES' TO PROVIDE

MEDICAL TREATMENT WHICH THROUGH MEDICAL NEGLIGENCE HAS SERIOUSLY CAUSE EMOTIONAL DISTRESS WHICH PLAINTIFF SEEK RELIEF FOR.

(7.) BATES STATES: "THIS DEFENDANT DENIES THAT THE PLAINTIFF IS ENTITLED TO ANY RELIEF BASED ON THE FACTS ALLEGED IN THE COMPLAINT AND THE AMENDED COMPLAINT."

(7.A) THE PLAINTIFF ASSERTS THAT: HE HAS PROVIDED SUFFICIENT MATERIAL FACT AND AUTHORITY TO JUSTIFY CLAIMS AND ALL RELIEF SOUGHT.

(8.) BATES STATES: "THIS DEFENDANT DENIES THAT HE HAS DAMAGED THE PLAINTIFF IN ANY WAY."

(8.A) THE PLAINTIFF ATTESTS: THAT BATES' LACK OF EXPERTISE AND DELIBERATE INDIFFERENCE HAS CAUSED IRREPAIRABLE HARM TO PLAINTIFF. NAMELY: LOST OF VISION; CHRONIC HEADACHES; NUMBNESS IN HIS EXTREMITIES NOT WITHSTANDING THE EMOTIONAL DIS-EASE AND STRESS OF DEALING ON A DAILY BASIS WITH THE MEDICAL STAFF DUE TO HIS ORDERING OF MEDICATIONS.

(9.) BATES STATES: "THIS DEFENDANT DENIES ANY ACT OR OMISSION ON HIS PART WAS THE PROXIMATE CAUSE OF THE PLAINTIFF'S ALLEGED DAMAGES."

(9.A) THE PLAINTIFF ASSERTS: THAT BATES' ACTION AND INACTION IS THE CRUCIBLE OF THIS LITIGATION AND AS STATED BEFORE IN THIS RESPONSE, THE PLAINTIFF HAS PRESENTED

MATERIAL FACT THAT BATES DELIBERATE INDIFFERENCE DID IN FACT VIOLATE THIS PLAINTIFF'S CONSTITUTIONAL RIGHTS. FOR WHICH THE PLAINTIFF SEEKS RELIEF FOR:

IT IS SO PRAYED
UNDER THE PENALTY OF PERJURY.

RESPECTFULLY SUBMITTED THIS THE 25th DAY OF OCTOBER 2007

/s/ Nathaniel Shaw
NATHANIEL SHAW "PRO-Se"
# 89354 M.C.D.F.
P.O. BOX 4599
MONTGOMERY, AL.
36103

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 OCT 29
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

NATHANIEL SHAW
   PLAINTIFF,

V.

D.T. MARSHALL, et al.,

CASE NO. 2:07-CV-606-ID

### AFFIDAVIT

BEFORE ME THE UNDERSIGNED AUTHORITY, PERSONALLY APPEARED NATHANIEL SHAW, WHO AFTER FIRST BEING DULY SWORN, SAYS AS FOLLOWS:

(1) MY NAME IS NATHANIEL SHAW, I AM 58 YEARS OF AGE. I HAVE FIRST-HAND KNOWLEDGE OF THE FACTS CONTAINED HEREIN AND AM COMPETENT TO TESTIFY THERETO.

(2.) I AM A 100% TOTAL DISABLE VETERAN OF THE VIETNAM ERA.

(3.) ON MAY 9, I WAS THE VICTIM OF EXCESSIVE FORCE BY OFFICERS OF THE MONTGOMERY POLICE DEPARTMENT (MPD) WHERE AS MY FACE WAS HELD TO THE HOT HOOD OF THEIR TRUCK WHICH CAUSED AN INJURY TO MY LEFT EYE.

(4.) I WAS NEVER READ MY MIRANDA RIGHTS DURING THE ARREST NOR DID I RESIST THE OFFICERS OF

THE ARREST WHATSOEVER.

5. AT THE TIME OF ARREST APPROXIMATELY 11:10 AM ACCORDING TO THE WARRANTS OF ARREST THERE WERE NO WARRANTS SIGNED IN MONTGOMERY COUNTY AGAINST ME AT 11:10 (SEE SPECIAL REPORT DOC. 47-7 PAGES (2 THROUGH 6) WARRANT OF ARREST). THE FIRST WARRANT ACCORDING TO THESE DOCUMENTS WAS SIGNED BY A MAGISTRATE 4 HOURS AND 6 MINUTES AFTER THE ARREST (WEDNESDAY, MAY 09, 2007 AT 03:16 PM) DOC 47-7 PAGE 5 OF 6. THE SECOND WARRANT OF ARREST WAS SIGNED BY A MAGISTRATE (WEDNESDAY, MAY 09, 2007 AT 03:19 PM DOC. 47-7 PAGE 4 OF 6) 4 HOURS 9 MINUTES AFTER. THIRD WARRANT OF ARREST SIGNED BY A MAGISTRATE (WEDNESDAY MAY 09, 2007 03:24 PM DOC. 47-7 PAGE 2 OF 6) 4 HOURS 14 MINUTES AFTER THE ARREST, FOURTH WARRANT OF ARREST SIGNED BY A MAGISTRATE (WEDNESDAY, MAY 09, 2007 AT 03:27 PM DOC. 47-7 PAGE 3 OF 6) 4 HOURS 17 MINUTES AFTER THE ARREST, FIFTH WARRANT OF ARREST SIGNED BY A MAGISTRATE (WEDNESDAY, MAY 09, 2007 AT 4:28 DOC. 47-7 PAGE 6 OF 6) 5 HOURS 18 MINUTES AFTER THE ARREST. THERE WAS NO WARRANTS OF ARREST AT THE POINT OF ARREST. THERE WAS (2) TWO MAGISTRATES SIGNING ARREST WARRANTS WITHIN THE TIME SPAN OF 1 HOUR 12 MINUTES SOME FIVE HOURS AND 18 MINUTES AFTER THE ARREST. THERE WAS NO ARREST WARRANT AGAINST ME IN MONTGOMERY

ALABAMA AT 11:10 WEDNESDAY MAY 9, 2007

(6) I WAS NOT HIGH NEITHER DID I HAVE CRACK COCAINE ON MY PERSON. POSSESSION OF COCAINE IS A CRIMINAL OFFENSE HOWEVER NONE OF THE WARRANTS OF ARREST STATE POSSESSION OF COCAINE (see DOC. 47-7 PAGES 2 THROUGH 6 WARRANTS OF ARREST.)

(7) I DO KNOW MY NAME IS NATHANIEL SHAW, AND CARRY THREE PIECES OF MILITARY IDENTIFICATION ON ME AT ALL TIMES IDENTIFYING ME AS A PERMANENTLY DISABLE VETERAN WHICH WAS THE ONLY IDENTIFICATION TAKEN OFF MY PERSON WHICH CAN BE ATTESTED BY THE RECORDS OF THE OFFICERS WHO APPEARED AT THE PRELIMINARY HEARING OF JUNE 8, 2007. THE COURT MUST ORDER THIS TRANSCRIPT BE PRODUCED AT SOME POINT OF THESE PROCEEDING BECAUSE I HAVE STATED THAT THE OFFICERS APPEARING AT THE PRELIMINARY HEARING COMMITTED PERJURY AND I AM GIVING THIS SWORN AFFIDAVIT. I DEMAND THAT THE OFFICERS IN QUESTION PROVE BEYOND A DOUBT I WAS HIGH ON CRACK COCAINE.

(8) I WAS NOT DRIVING AT THE POINT OF ARREST NOR DO I OWN A FOUR DOOR BLUE FORD FOCUS 2002 VIN# 1FAFP33P32W190284 TAG# 044DRO ST. FL YEAR 07 PLEASE SEE

IMPOUND REPORT.

9. NOW BEING IN POSSESSION OF THE ALABAMA UNIFORM ARREST REPORT THE ARRESTING OFFICER COUGHLIN C.J. ID #1008 ARRESTING OFFICER HALL J.W. ID# 1316. THESE OFFICER CLAIM NOT TO HAVE BEEN ON THE SCENE OF ARREST AND HAVE GIVEN A SWORN AFFIDAVIT TO THIS LIE. I WAS TRANSPORTED TO M.C.D.F AT 1750 PM AND UPON ENTRY I DID INFORM THE PERSON DOING THE INTAKE QUESTIONIARE THAT I DID IN FACT HAVE AN INJURY TO MY LEFT EYE WHICH WAS NOTED ON THE INMATE INTAKE QUESTIONIARE. I WAS SEEN BY MEDICAL (3) THREE DAYS LATER I HAD FILLED OUT A SICK CALL REQUEST HAVING THE NURSE TO CALL OVER TO THE MONTGOMERY POLICE DEPARTMENT TO TRY TO GET MY GLASSES. I WAS GIVEN AND INTAKE SCREENING BY JANE LAWRENCE DATED MAY 12, 2007. I ASK DOCTOR JOHNNY E. BATES COULD I SEE AN EYE SPECIALIST. HE STATE "YOU WILL HAVE TO GET YOUR LAWYER OR A COURT ORDER TO DO THAT." AT A PRELIMINARY HEARING JUNE 8, 2007 THE HONORABLE SHARON YATES, COURT ORDER DOCTOR BATES TO GIVE ME MEDICAL TREATMENT. FROM THAT POINT ON DOCTOR BATES, MADE UP HIS MIND HE WOULD NEVER ALLOW ME TO SEEK A SECOND OPINION. HE EVEN COMMITTED PERJURY AS ALL OF THE DEFENDANT EXCEPT SHERIFF D.T. MARSHALL AND CHIEF ART BAYLOR. I HAVE HAD

My mail shredded by order of Gina Savage, mailed to the United States District Court itself then sent this gross violation of federal law to the court with an excuse. However, I wouldn't have never know unless I had purchased the entire case file. Then to have Sondra Wright, lie to the court then after I had proved her statement to be false come with another excuse. Oh I overlooked some outgoing mail for the month of May. Officer L. Smith, has lied on her affidavit which can be proven by witness because I state that I gave her an ink pen and a letter addressed to the United States District Court P.O. Box 711 Montgomery, Alabama and have witnesses that will attest to this fact. I am blind in my left eye. This battle isn't mine but it is the Lord. The plaintiff tried to have his affidavit notarized on 10-24-07 one the defendants Sondra Wright, came for this purpose however stated she would have to take plaintiff's affidavit out of the view of this plaintiff to be seen by Captain Byrd, prior to her notarizing plaintiff affidavit. She has shredded previous pleading to this honorable court. This delay hinder the plaintiff from presenting his cause to the court.

THE PLAINTIFF IS PRESENTING HIS OPPOSITION TO EACH OF THE DEFENDANTS ANSWER TO THE AMENDED COMPLAINTS. THIS EVENT WITH DEFENDANT WRIGHT WAS WITNESS BY DAVID WATTS #13340

IT IS SO PRAYED
UNDER THE PENALTY OF PERJURY.

RESPECTFULLY SUBMITTED THIS 25th DAY OF OCTOBER 2007.

*Nathaniel Shaw*
NATHANIEL SHAW
#89354 M.C.D.F
P.O. BOX 4599
MONTGOMERY, AL
36103

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE THIS 25th DAY OF OCTOBER 2007 SENT A EXACT COPY OF THE FOREGOING DOCUMENT BY U.S. MAIL POSTAGE PRE PAID AND PROPERLY ADDRESS TO THE FOLLOWING:

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA
    36101-0711

ATTORNEY CONSTANCE WALKER ESQ.
ATTORNEY FOR D.T. MARSHALL, et al. DEFENDANTS
P.O. BOX 4660
MONTGOMERY, ALABAMA 36103

*Nathaniel Shaw*
NATHANIEL SHAW
#89354 M.C.D.F.
P.O. BOX 4599
MONTGOMERY, ALABAMA
    36103