IN THE DISTRICT COURT OF THE UNITED STATED
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 OCT 29 A 10:05
DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA)

NATHANIEL SHAW
  PLAINTIFF,
V.                                   CASE NO. 2:07-CV-606-ID
D.T. MARSHALL, et al.
  DEFENDANTS,

## A RESPONSE IN OPPOSITION

COMES NOW THE PLAINTIFF NATHANIEL SHAW, "PRO Se" PURSUANT TO THE APPROPRIATE RULE AND AUTHORITY HERE IN RESPECTFULLY MOVES THIS HONORABLE COURT TO PROCEED TO TRAIL. THE PLAINTIFF ASSERTS THERE ARE SUFFICIENT MATERIAL FACTS AND AUTHORITY TO MOVE THIS HONORABLE COURT TO PROCEED WITH AN EVIDENTIARY HEARING AND A TRIAL.

THE DEFENDANTS IN THEIR DEFENSES STATE THAT:
D.T. MARSHALL, et al. DEFENTANTS.
(1) THE AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST THESE DEFENDANTS UPON WHICH RELIEF CAN BE GRANTED
(1.A) THE PLAINTIFF ATTEST THAT HIS AMENDED COMPLAINT DOES IN FACT STATE A CLAIM BASE UPON CONSTITUTIONAL LAW.

AND IRREPARABLE HARM HAS BEEN CAUSED BY THESE DEFENDANTS. SEE ORIGINAL AND AMENDED COMPLAINT. THE PLAINTIFF RE<u>ASSERTS</u> THAT HE IS SEEKING SOUGHT RELIEF TO BE GRANTED.

(2.) THE DEFENDANTS STATE THAT: DEFENDANTS DID NOT VIOLATE ANY OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS; ALBEIT, DELIBERATE INDIFFERENCE AS SHOWN IN THE ORIGINAL AND AMENDED COMPLAINTS REGARDING THE DEFENDANTS ACTIONS. THE DEFENDANTS ACTED IN SUCH A MANNER TO CREATE A SUBSTANTIAL RISK OF SERIOUS HARM TO AN INMATE VIOLATES THE EIGHT AMENDMENT. SUCH A VIOLATION CAN ARISE WHERE A JAIL OFFICIAL ACTS WITH INDIFFERENCE TO THE SERIOUS MEDICAL NEEDS OF AN INMATE. THE PLAINTIFF WOULD LIKE TO POINT OUT THAT THERE ARE <u>THREE</u> COMPONENTS INVOLVED IN HIS CLAIM FOR DELIBERATE INDIFFERENCE. (1.) SUBJECTIVE KNOWLEDGE OF A RISK OF SERIOUS HARM - THE DEFENDANTS KNEW IN FACT THAT THEIR ACTIONS WERE INAPPROPRIATE AND WOULD CAUSE FRUSTRATION AND DELAY REGARDING THE ISSUE OF DENIAL OF ACCESS TO THE COURTS. THE DEFENDANTS ACTIONS REGARDING INADEQUATE MEDICAL TREATMENT (SEE BATES RESPONSE) AND THAT DELIBERATE INDIFFERENCE STEMS FROM THE FACT THAT THE DEFENDANTS DID NOT ALLOW THE PLAINTIFF SPECIALIZED TREATMENT UPON REQUEST PER

THE HANDBOOK ON INMATE RULES AND REGULATIONS. THE (2nd) COMPONENT IS DISREGARD OF THAT RISK OF HARM. THE (3rd) COMPONENT IS BY CONDUCT THAT IS MORE THAN MERE NEGLIGENCE — <u>AS AN EXAMPLE</u> " THE PLAINTIFF HAD TO SEEK A COURT ORDER TO GET MEDICAL TREATMENT AND THE FAILURE OF THE DEFENDANTS TO RESPOND TO GRIEVANCES AND REQUESTS SUBMITTED BY THE PLAINTIFF, THE SHREDDING OF HIS MAIL AND RETALIATORY BEHAVIOR COVERED UP WITH FALSE STATEMENTS WHICH ARE IN FACT PERJURY.

THE PLAINTIFF WOULD LIKE TO POINT OUT THAT ACCORDING TO §13A-10-100 " A STATEMENT IS MATERIAL REGARDLESS OF THE ADMISSIBILITY OF THE STATEMENT UNDER THE RULES OF EVIDENCE IF IT COULD HAVE AFFECTED THE COURSE OR OUTCOME OF THE OFFICIAL PROCEEDING " — 13A-10-101 — PERJURY IN THE FIRST DEGREE. "<u>A PERSON COMMITS THE CRIME OF PERJURY IN THE 1st DEGREE WHEN IN ANY OFFICIAL PROCEEDING HE SWEARS FALSELY AND HIS FALSE STATEMENT IS MATERIAL</u> TO THE PROCEEDING IN WHICH IT IS MADE. THE ABOVE DEFINITION GIVE RISE TO THE AFFIDAVITS OF SONDRA WRIGHT, AND CASSANDRA SMITH. THE PLAINTIFF REFUTES BOTH, AND FURTHER STATES THAT THEIR STATEMENTS FIT THE (3rd) COMPONENT " BY

conduct that is more than mere negligence"- these defendants proceeded to issue statements that are material to this proceeding and may affect the outcome. However, regarding Smith's affidavit and actions- The Plaintiff has (3) three witnesses to refute her statements- The are [1] Michael John Harding, M.C.D.F Booking #88319 [2] James Deshawn Williams, and Tyrone Thomas, (Both are in the D.O.C.) The Plaintiff wishes to subpoena them in accordance with Rule "45" (Rules of Civil Procedure) as material witnesses who observed the Plaintiff give Smith the letter and pen and witnesses her attempt to incite other inmate to cause him bodily harm. Surely this is conduct that is more than negligence. Officer Smith, did in fact have contact with this Plaintiff and did in fact pick up mail from the Plaintiff and as a result led to circumstances that Plaintiff seeks relief for. Officer Smith, did in fact attempt to incite inmates to assault him, for which Plaintiff seeks relief for.

Concerning Sondra Wright; the Plaintiff asserts that Wright did in fact violate his constitutional right to access to the court by frustrating and impeding mail that was destined to this Honorable Court by shredding

said mail without the Plaintiff being present. The Plaintiff asks this Honorable Court to view the <u>Handbook on Inmate Rules and Regulations</u>, page 10, the section dealing with outgoing mail paragraph "3" - which states normally outgoing mail will not be opened for inspection unless there is a reasonable cause to suspect it contains contraband that may affect the security of the facility, inmates, and/or staff. Such suspected mail will be opened <u>only by order</u> of the <u>Director</u> or Assistant Director, <u>and then only in the presence of the sender</u>, in this instance, the Defendants decided not to abide this rule and to the detriment of the Plaintiff destroyed said legal mail without notifying the Plaintiff. This act of omission did in fact impede and frustrate the Plaintiff's goal of submitting a claim and cause to this Honorable Court. The Defendant's disregard of the above harm (the 2nd component in the Plaintiff's claim for Deliberate Indifference) violate this Plaintiff's constitutional rights and relief sought should be granted.

The Plaintiff further asserts that there are <u>no visiable directives regarding the use of a pen by the detainee</u> as not allowed or being contraband in the Handbook on

<u>INMATE RULES AND REGULATIONS</u>: IF SUCH WAS THE CASE THE PLAINTIFF WOULD NOT HAVE USED SAID PEN AND WHEN THE PLAINTIFF WAS MADE AWARE THAT SAID <u>PEN</u> WAS CONTRABAND, HE DID IN FACT DELIVER IT TO OFFICER CASSANDRA SMITH, UPON HER REQUEST. THE PLAINTIFF STIPULATES THAT IF HE WERE MADE AWARE OF A POLICY AND PROCEDURE DIRECTIVE ISSUED 1-28-03 AND REVISED 1-28-04 THAT IT MUST BE FOR THE <u>MAIL CLERK EYES ONLY</u> BECAUSE IT IS NOT POSTED IN ANY INMATE CELL BLOCKS. ON PAGE 4 - POLICY NO. E-601 OUTGOING MAIL - SECTION 4. THE DESIGNATED CLERK SHOULD ENSURE THE FOLLOWING:

(A.) THE WRITING ON EACH ENVELOPE IS IN PENCIL. IF SUCH INFORMATION WERE MADE KNOWN TO DETAINEES AND SPECIFICALLY THIS PLAINTIFF THIS PROBLEM WOULD NOT HAVE OCCURRED. HOWEVER, THE DEFENDANT'S CAN NOT BE ALLOWED TO HIDE BEHIND THE POLICY AFTER SAID VIOLATION. THE RELIEF SOUGHT SHOULD BE GRANTED.

(3.) THE DEFENDANTS STATES: "DEFENDANTS ARE ENTITLE TO IMMUNITY UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WITH RESPECT TO PLAINTIFF'S CLAIM AGAINST THEM IN THEIR OFFICIAL CAPACITIES."

7 of 16

(3.A) The Plaintiff asserts that the only exceptions to state sovereign immunity for a Sheriff or Deputy are "action brought
(1) to compel him to perform his duties.
(2) to compel him to perform minsterial acts
(3) to enjoin him form enforcing unconstitutional laws
(4) to enjoin him from acting in bad faith. Parker v. Amerson 579 So. 2d 442, 443 (Ala. 1987) and further that the named defendants are not due qualified immunity because the Plaintiff has produced detailed and specific facts (see original and amended complaint) and exhibits concerning each individual defendant and how their actions are relevant to the Plaintiff's claims and how their actions caused harm. See Smith v. State of Alabama 996 F. Supp 1203, 1212 (M.D. Ala. 1998) The Plaintiff has further established the causal connection necessary to remove the cloak of immunity from Director Savage, who by act or an act of omission as stated in the <u>Hand Book on Inmate Rules and Regulations,</u> page 10, paraphrase, "such suspected mail will be opened only by <u>order</u> of the <u>Director</u> or Assistant Director, and then only in the

PRESENCE OF THE SENDER..

THE PLAINTIFF FURTHER ASSERTS THAT TO BE ELIGIBLE FOR QUALIFIED IMMUNITY, THE OFFICIAL MUST FIRST ESTABLISH THAT THEY WERE A DISCRETIONARY FUNCTION AT THE TIME THE ALLEGED VIOLATION OF FEDERAL LAW OCCURRED.

ONCE THE OFFICIAL HAS ESTABLISHED THAT HE WAS ENGAGED IN A DISCRETIONARY FUNCTION, THE PLAINTIFF BEARS THE BURDEN OF DEMONSTRATING THAT THE DEFENDANT IS NOT ENTITLED TO QUALIFIED IMMUNITY, THE PLAINTIFF MUST SHOW TWO THINGS: (1) THAT THE DEFENDANT HAS COMMITTED A CONSTITUTIONAL VIOLATION. THE PLAINTIFF STIPULATE THAT HE HAS INDEED SHOWN PROOF THAT A CONSTITUTIONAL VIOLATION HAS OCCURRED. (2.) THAT THE CONSTITUTIONAL RIGHT THE DEFENDANT VIOLATED WAS "CLEARLY ESTABLISHED AT THE TIME HE DID IT." THE PLAINTIFF AFFIRMS THAT IT IS CLEAR TO A REASONABLE OFFICER THAT HIS CONDUCT WAS UNLAWFUL IN THE SITUATION HE CONFRONTED." HOPE v. PELZER, 536 U.S. 730 (2002) AND SAUCIER v. KATZ, 533 U.S. 194, 202 (2001).

"THE APPLICABLE LAW MUST BE SUFFICIENTLY CLEAR THAT A REASONABLE OFFICIAL WOULD UNDERSTAND THAT WHAT HE IS DOING

VIOLATES THAT RIGHT." ANDERSON V. CREIGHTON, 483 U.S. 635, 640 (1987)

THE PLAINTIFF ASSERTS THAT HE HAS IN FACT MET THE PRE REQUISTES DESIGNED TO REMOVE QUALIFIED IMMUNITY FROM THE NAME DEFENDANTS IN THE COMPLAINT AND AMENDED COMPLAINT; AND THAT THE PLAINTIFF HAS PRESENTED APPROPRIATE AUTHORITY TO THE BEST OF HIS ABILITY TO SHOW CAUSE WHY THE DEFENDANTS SHOULD NOT BE AFFORDED QUALIFIED IMMUNITY IN ANY INSTANCE — BECAUSE THEIR ACTIONS WERE UNLAWFUL FOR WHICH RELIEF SOUGHT SHOULD BE GRANTED.

(4.) ALL OFFICIAL CAPACITY CLAIMS AGAINST THESE DEFENDANTS MUST BE DISMISSED BECAUSE IN THEIR OFFICIAL CAPACITIES, DEFENDANTS ARE NOT CONSIDERED PERSONS SUBJECT TO LIABILITY UNDER 42 U.S.C. 1983

(4A.) PLEASE SEE PLAINTIFF RESPONSE NUMBER (3.A) SUPRA.

(5.) DEFENDANT ARE ENTITLED TO QUALIFIED IMMUNITY WITH RESPECT TO PLAINTIFF'S CLAIMS AGAINST THEM IN THEIR INDIVIDUAL CAPACITIES.

(5.A) PLEASE SEE PLAINTIFF'S RESPONSE NUMBER (3.A) SUPRA.

(6.) THE DEFENDANTS STATE: "THAT THEY ACTED IN A MANNER THAT WAS IN ACCORDANCE WITH PREVIOUS COURT RULINGS REGARDING THE OPERATION OF THE MONTGOMERY COUNTY DETENTION FACILITY.

(6.A) THE PLAINTIFF ASSERTS THAT THE DEFENDANTS DID NOT ACT NOR DO THEY ACT AS SUCH. THE DEFENDANTS STATE THAT THEY SPRAY FOR INSECTS, HAVE PROPER VENTILATION, ECT, AD-NAUSEUM — THE PLAINTIFF ASSERTS THAT ONLY A PHYSICAL, VISUAL INSPECTION BY THIS HONORABLE COURT COULD SATISFY THE ABOVE STATEMENT.

(7.) THE DEFENDANTS STATE: "THAT THEY AVER THAT THE PRISON REGULATIONS IN QUESTION WERE REASONABLY RELATED TO LEGITIMATE PENOLOGICAL INTERESTS.

(7.A) THE PLAINTIFF WOULD LIKE TO POINT OUT THE DEFENDANTS ATTORNEY'S USE REPITITIOUS STATEMENTS THAT SERVE NO PURPOSE OF STANDING. IT IS A FACT THAT THE REGULATIONS IN QUESTION WERE RELATED TO PENOLOGICAL INTERESTS. HOWEVER; THE DEFENDANTS ABUSE OF THOSE REGULATIONS AND INTERESTS ARE WELL DOCUMENTED.

(8.) THE DEFENDANTS STATE: "THAT PLAINTIFF CLAIM FOR DILIBERATE INDIFFERENCE TO SERIOUS MEDICAL IS TO BE DISMISSED BECAUSE PLAINTIFF WAS AFFORDED MORE THAN ADEQUATE MEDICAL CARE BY DEFENDANTS.

(8.A) THE PLAINTIFF DISAGREES AND HAS PROVIDED PROOF IN THE COMPLAINT AND AMENDED COMPLAINT SEE ALSO PLAINTIFF RESPONSE IN THIS CAUSE (2.A) SUPRA.

(9.) PLAINTIFFS CLAIMS FOR MEDICAL NEGLIGENCE ARE TO BE DISMISSED BECAUSE PLAINTIFF CANNOT SHOW AND ACTUAL INJURY.

(9.A) THE PLAINTIFF ASSERTS THAT HE HAS SHOWN AN ACTUAL INJURY AND A VIOLATION OF CONSTITUTIONAL RIGHTS (SEE BATE RESPONSE)

10. PLAINTIFF CLAIM FOR DENIAL OF ACCESS TO COURT IS DUE TO BE DISMISSED BECAUSE PLAINTIFF CANNOT SHOW AN ACTUAL INJURY.

10.A) THE PLAINTIFF ASSERTS THAT RELIEF SOUGHT SHOULD BE GRANTED BECAUSE SONDRA WRIGHT, UNDER ORDERS OF GINA SAVAGE, DID IF FACT VIOLATE HIS CONSTITUTIONAL RIGHTS TO ACCESS TO THE COURT BY FRUSTRATING AND IMPEDING MAIL THAT WAS DESTINED TO THIS HONORABLE COURT BY SHREDDING SAID MAIL WITHOUT PLAINTIFF BEING PRESENT. THIS DENIAL OF ACCESS TO THE COURT CAUSE SERIOUS INJURY LEAVING THIS HONORABLE COURTS FILE INCOMPLETE. IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMEN

11.) PLAINTIFF'S CLAIM FOR EMOTIONAL STRESS IS DUE TO BE DISMISSED BECAUSE PLAINTIFF HAS NOT SUFFERED ANY PHYSICAL INJURY

11.A) THE PLAINTIFF ATTEST THAT RELIEF SOUGHT SHOULD BE GRANTED BECAUSE PLAINTIFF IS NOW PHYSICALLY BLIND IN HIS LEFT EYE. PLAINTIFF ASSERTS THAT THE EMOTIONAL STRESS OF THE CHANGES IN MEDICATION HAS FORCE PLAINTIFF TO STOP TAKING MEDICATION FOR FEAR OF DEATH FROM A WRONG DOSE. PLAINTIFF DID IN FACT WRITE A REQUEST TO THE MEDICAL DEPT. REQUESTING SINCE, DOCTOR BATES, STATED THAT PLAINTIFF MEDICATION COME IN PUNCH CARDS. THE PLAINTIFF REQUESTED THAT SAID CARD BE PLACED ON MEDICAL CART SO PLAINTIFF COULD SEE WHAT

MEDICATION PLAINTIFF IS TAKING. THE NURSE DELIVERING THE MEDICATION KATY BAILEY, ON THIS 10-19-07 STATED REQUEST DENIED. PLAINTIFF HAS NO CHOICE BUT DENY MEDICATION IF HE ISN'T ENTITLE TO KNOW WHAT EXACTLY IT IS HE IS TAKING.

12. PLAINTIFF'S CLAIM ARE DUE TO BE DISMISSED BECAUSE HE FAIL TO EXHAUST ADMINISTRATIVE REMEDIES.

(12A) THE PLAINTIFF ASSERTS THAT HE HAS IN FACT EXHAUSTED ADMINISTRATIVE REMEDIES EVEN TO THE EXTENT OF HAVING TO OBTAIN A COURT ORDER ON JUNE 8, 2007 TO RECEIVE MEDICAL TREATMENT. THERE VIOLATING BOTH, MY EIGHTH AMENDMENT AND FOURTEENTH AMENDMENT RIGHTS. THE ELEVENTH CIRCUIT COURT OF APPEALS HAS HELD THAT THE "MINIMUM STANDARD FOR PROVIDING MEDICAL CARE TO A PRE-TRIAL DETAINEE UNDER THE FOURTEENTH AMENDMENT IS THE SAME AS THE MINIMUM STANDARD REQUIRED BY THE EIGHTH AMENDMENT FOR A CONVICTED PRISONER, BOTH THE RIGHT TO DUE PROCESS AND THE RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT ARE VIOLATED BY A GOVERNMENT OFFICIAL'S DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS" LANCASTER v. MONROE COUNTY, Ala., 116 F.3d 1419, 1425 n.6 (11th CIR 1997). THE PLAINTIFF AVER THAT ALL RELIEF SOUGHT SHOULD BE GRANTED.

(13.) THE PLAINTIFF HAS FAIL TO SATISFY THE REQUIREMENTS FOR INJUNCTIVE RELIEF THEREFORE ALL CLAIMS FOR INJUNCTIVE RELIEF ARE DUE TO BE DISMISSED.

(13.A) THE PLAINTIFF AVER THAT INJUNCTIVE RELIEF IS A MEANS TO COMPELL A PARTY INTO COMPLIANCE A MEASURE THAT WOULD NOT BE NEEDED IF THE DEFENDANTS WOULD ABIDE BY M.C.D.F. HANDBOOK ON INMATE RULES AND REGULATIONS. THE PLAINTIFF WILL STIPULATE PRIOR TO SEEKING INJUNCTIVE RELIEF A FORMAL REQUEST WAS MADE TO DOCTOR BATES AND DIRECTOR GINA SAVAGE TO SEE AN EYE SPECIALIST. I QUOTE THE HANDBOOK ON INMATE RULES AND REGULATIONS PAGE 14 SUBJECT "F" <u>YOU MAY REQUEST, AT YOUR EXPENSE, A PRIVATE PHYSICIAN</u>. THE PLAINTIFF WAS IN COMPLIANCE TO THE RULES AND REGULATIONS. THE DEFENDANTS BY NOT ABIDING BY THEIR RULES AND REGULATIONS HAS VIOLATED THE PLAINTIFF EIGHTH AMENDMENT AND FOURTEENTH AMENDMENT RIGHTS COMPELLING PLAINTIFF TO SEEK INJUNCTIVE RELIEF THROUGH THE COURT. PLAINTIFF AVER THAT THROUGH THE MANY FOUND PERJURED STATEMENTS MADE TO PREVENT THE PLAINTIFF A RULE SET BY THE DEFENDANTS ALL RELIEF SOUGHT SHOULD BE GRANTED.

(14.) PLAINTIFF'S CLAIMS ARE DUE TO BE DISMISSED BECAUSE HE CANNOT DEMONSTRATE THAT HE SUFFER A

CONSTITUTIONAL VIOLATION.

(14.A) THE PLAINTIFF ATTEST THAT THE DEFENDANTS HAVE GROSSLY VIOLATED HIS EIGHTH AMENDMENT AND FOURTEENTH AMENDMENT RIGHTS LEAVING PLAINTIFF BLIND IN HIS LEFT EYE, WITHOUT THE PLAINTIFF BEING AFFORDED THE OPPORTUNITY TO SEEK A SECOND OPINION TO OBTAIN DOCUMENT EVIDENCE OF THE INJURY, THE DEFENDANTS HAS INFLICTED. THE PLAINTIFF AVER THAT THE DEFENDANTS OBJECTION TO THERE BEING A SECOND OPINION WITHIN ITSELF DEMONSTRATE THAT THERE IS A CONSTITUTIONAL VIOLATION AND DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED. CLEARLY IN VIOLATION OF THE PLAINTIFFS EIGHTH AND FOURTEENTH AMENDMENT RIGHT TO THE CONSTITUTION. THE PLAINTIFF HAS SHOWN THAT HIS CONSTITUTIONAL RIGHTS HAS BEEN VIOLATED BY CONSTITUTIONAL LAW AND REQUEST THAT ALL RELIEF SOUGHT BE GRANTED AND THIS CAUSE BE SET FOR AN EVIDENTIARY HEARING AND TRIAL.

    IS SO PRAYED
        UNDER THE PENALTY OF PERJURY

RESPECTFULLY SUBMITTED THIS THE ___ DAY OF OCTOBER 2007

s/ Nathaniel Shaw
NATHANIEL SHAW "Prose"
#89354 M.C.D.F
P.O. BOX 4599
MONTGOMERY, ALABAMA
36103

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE THIS 25 DAY OF OCTOBER, 2007 SENT A EXACT COPY OF THE FOREGOING DOCUMENT BY U.S. MAIL. BY U.S. MAIL POSTAGE PREPAID AND PROPERLY ADDRESS TO THE FOLLOWING:

OFFICE OF THE CLERK
UNITED STATE DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711

ATTORNEY CONSTANCE WALKER
FOR D.T. MARSHALL, et.al. DEFENDANTS
P.O. BOX 4660
MONTGOMERY, ALABAMA
36103-4660

s/ Nathaniel Shaw
NATHANIEL SHAW
#89354 M.C.D.F
P.O. BOX 4599
MONTGOMERY, AL.
36103