Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

March 26, 2008

**Appeal Number: 08-10767-H**
Case Style: Nathaniel Shaw v. D. T. Marshall
District Court Number: 07-00606 CV-F-N

TO:   Debra P. Hackett

CC:   Nathaniel Shaw (89354)

CC:   Constance C. Walker

CC:   Wayne Paulk Turner

CC:   Thomas T. Gallion, III

CC:   Allison Hale Highley

CC:   Troy King

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Thomas K. Kahn
Clerk

For rules and forms visit
www.ca11.uscourts.gov

March 26, 2008

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

**Appeal Number: 08-10767-H**
Case Style: Nathaniel Shaw v. D. T. Marshall
District Court Number: 07-00606 CV-F-N

The enclosed certified copy of this Court's order dismissing the appeal for lack of jurisdiction is issued as the mandate of this court. See 11th Cir. R. 40-4 and 11th Cir. R. 41-4.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Liz McDonald (404) 335-6187

Encl.

DIS-4 (3-2005)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT



_____

No. 08-10767-H

_____

NATHANIEL SHAW,

                                                               Plaintiff-Appellant,

versus

D. T. MARSHALL,
Sheriff,
ART BAYLOR,
Chief of Police Montgomery Police Department,
C. J. COUGHLIN,
Sgt.,
DOCTOR BATES,
Doctor Montgomery County Detention Facility,
GINA SAVAGE,
Jail Administrator, et al.,

                                                               Defendants-Appellees.

_____

Appeal from the United States District Court for the
Middle District of Alabama

_____

Before MARCUS, WILSON, and PRYOR, Circuit Judges.

B Y   T H E   C O U R T:

    This appeal is DISMISSED, <u>sua sponte</u>, for lack of jurisdiction. The district court's February 4, 2008, order, which overruled Nathaniel Shaw's construed objections to the magistrate judge's January 9, 2008, orders denying his motions for leave to file a motion for declaratory judgment and for transfer to a federal correctional facility are not final because they did not resolve

all of the claims of all of the parties. See 28 U.S.C. § 1291; Haney v. City of Cumming, 69 F.3d 1098, 1101 (11th Cir. 1995); Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). Specifically, Shaw's claims for compensatory and punitive damages remain pending.

No motion for reconsideration may be filed unless it complies with the timing and other requirements of 11th Cir.R. 40-4 and all other applicable rules.

A TRUE COPY ATTESTED
CLERK, U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

DEPUTY CLERK
ATLANTA, GEORGIA