IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NATHANIEL SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07cv606-ID |
| | ) | (WO) |
| D. T. MARSHALL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the court is the Recommendation of the Magistrate Judge, filed April 9, 2008 (Doc. No. 80), and Plaintiff's Objection, filed April 23, 2008. (Doc. No. 86.) Having conducted a *de novo* determination of those portions of the Recommendation of the Magistrate Judge to which Plaintiff objects, the court finds that Plaintiff's Objection is due to be overruled in its entirety, but that one aspect of the Recommendation is due to be modified as follows.

Citing 28 U.S.C. § 1367(c)(3), the Magistrate Judge opines that, "[i]n view of this court's determination that the federal claims against Dr. [Johnny] Bates should be dismissed, the court concludes that the supplemental state law claim against this medical defendant should also be dismissed without prejudice." (Doc. No. 80 at 23.) Because the Fourth Amendment excessive force claims brought pursuant to § 1983 remain pending against Officers C. J. Coughlin and J. W. Hall, the court has not "dismissed all claims

over which it has original jurisdiction" and, thus, § 1367(c)(3) is inapplicable.[1]  The court, however, agrees with the Magistrate Judge that dismissal of the state-law claim is appropriate, but for a different reason.

The supplemental jurisdiction statute also provides that a court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."  28 U.S.C. § 1367(c)(2); see Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 744 (11th Cir. 2006).  The state-law claim will focus on whether Dr. Bates "failed to exercise such reasonable care, skill, and diligence as other similarly situated health care providers" in treating Plaintiff's eye and other medical conditions.  Ala. Code § 6-5-548(a).  In contrast, on the remaining federal-law claims, that is, the § 1983 Fourth Amendment excessive force claims against Officers Coughlin and Hall, the inquiry will focus on whether, on the day of Plaintiff's arrest, Officers Coughlin and Hall "used force against [Plaintiff], whether there was a need for the use of force, and whether the force

---

[1] Dr. Bates is a pendent-party defendant, and 28 U.S.C. § 1367(a) allows a court to exercise supplemental jurisdiction over "claims involving parties not named in any independently cognizable federal claim."  Hammond v. Clayton, 83 F.3d 191, 194 (7th Cir. 1996).  Specifically, the supplemental jurisdiction statute, i.e., 28 U.S.C. § 1367(a), codifies the doctrine of pendent party jurisdiction and encompasses "claims that involve the joinder . . . of additional parties."  28 U.S.C. § 1367(a); see Ortega v. Brock, 501 F. Supp.2d 1337, 1340-41 (M.D. Ala. 2007) (Thompson, J.) ("pendent-party jurisdiction is . . . cognizable as a form of supplemental jurisdiction under 28 U.S.C. § 1367(a)"); Walters v. City of Andalusia, 89 F. Supp.2d 1266, 1286 (M.D. Ala. 2000) (DeMent, J.) (same).  The statute, thus, makes "no distinction . . . between pendent-claim and pendent-party cases."  Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 559 (2005).

used was excessive under the circumstances." (Doc. No. 80 at 20.) Having considered these inquiries, the court finds that the federal- and state-law claims do not share common facts or have similar or overlapping elements of proof but, rather, raise issues which will require wholly distinct legal and factual analyses. See Szendrey-Ramos v. First Bancorp, 512 F. Supp.2d 81, 86 (D.P.R. 2007) (declining to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(2) where state-law claims had elements distinct from federal claims); Walters, 89 F. Supp.2d at 1288 n.29 (recognizing that declining supplemental jurisdiction under § 1367(c)(2) based on "unrelatedness" of federal- and state-law claims would be appropriate).

    Moreover, given the legal complexities which often arise in presenting medical malpractice claims, particularly where the legal issue is fought by competing experts, it is likely that the state-law claim would require substantially more judicial resources to try than the federal claims and would command the majority of the jury's time both in the courtroom and during deliberations. Cf. Hubbard v. Moore, 537 F. Supp. 126, 131 (W.D. Ark. 1982) (declining exercise of pendent jurisdiction over state-law claims because proof would be "simple" on federal-law claims, but "considerably more" complicated on state-law claims). Similarly, the court finds that combining Plaintiff's state- and federal-law claims would create the potential for jury confusion and delay. Based on the foregoing, the court declines to exercise supplemental jurisdiction over the state-law claim on the ground that it would "substantially predominate[]" over the remaining

federal-law claims. 28 U.S.C. § 1367(c)(2). In all other respects, the court finds that the Recommendation is due to be adopted.

Based on the foregoing, it is CONSIDERED and ORDERED as follows:

(1) Plaintiff's Objection be and the same is hereby OVERRULED;

(2) the Recommendation of the Magistrate Judge, as MODIFIED above, be and the same is hereby ADOPTED, APPROVED and AFFIRMED;

(3) the motion for summary judgment with respect to Plaintiff's claims concerning retaliation against C. Smith ("Smith") (Doc. Nos. 22 & 49), the destruction of mail against Gina Savage ("Savage"), Smith, and Sondra Wright (Doc. Nos. 22 & 49), and the conditions of confinement against D. T. Marshall and Savage (Doc. No. 22) be and the same is hereby GRANTED and these claims are hereby DISMISSED without prejudice;

(4) to the extent that Plaintiff claims that Officers Coughlin and Hall used excessive force against him in a supermarket parking lot, the motion for summary judgment be and the same is hereby DENIED (Doc. Nos. 23 & 47);

(5) the motion for summary judgment with respect to the remaining claims against Defendants be and the same is hereby GRANTED (Doc. Nos. 22, 23, 41, 47, 48, 49);

(6) to the extent that Plaintiff has alleged a state-law claim of medical malpractice against Dr. Bates, the court in its discretion declines supplemental jurisdiction over said claim and said state-law claim is hereby DISMISSED without prejudice. See 28 U.S.C. § 1367(c)(2) & (d); and

(7) by separate Order, the excessive force claims against Officers Coughlin and Hall shall be set for a jury trial.

DONE this 1st day of May, 2008.

/s/ Ira Dement
SENIOR UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

    (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

    Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a)   **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b)   **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c)   **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d)   **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e)   **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).