IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATHANIEL SHAW, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:07cv606-ID |
| ) | |
| D. T. MARSHALL, *et al.,* ) | |
| ) | |
| Defendants. ) | |

## SCHEDULING ORDER

For good cause shown, it is ORDERED as follows:

(1) This case is set for jury selection and trial on **Monday, October 20, 2008**, at 10:00 a.m., at the United States Courthouse in Montgomery, Alabama. The persons having custody of the plaintiff are ORDERED to produce plaintiff at 9:00 a.m. at the United States Courthouse in Montgomery, Alabama, to allow him an opportunity to review the jury list prior to jury selection. **The Clerk of Court is DIRECTED to provide the Montgomery County Detention Facility a copy of this order.**

(2) The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, on or before **September 29, 2008.** The parties are **DIRECTED** to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions. The jury questionnaire is available on the court's website at http://www.almd.uscourts.gov/juryinfo.htm.

(3)     The failure to file a response to any motion – either dispositive or non-dispositive – within the time allowed by the court shall indicate that there is no opposition to the motion.

(4)     The parties shall file with the court no later than **September 19, 2008**, a list of all witnesses expected to be called by them to testify at the trial, and to furnish the other parties with a copy of the witness list.  Only persons on the list will be heard.  Plaintiff is proceeding pro se and in forma pauperis.  If plaintiff desires to procure the attendance of witnesses at trial by writ or subpoena, his witness list should contain the addresses of all witnesses (whether a subpoena is sought or not, inmate or civilian status) and a brief statement of the expected testimony of each witness, whether a subpoena is sought or not.  The plaintiff should be specific in stating the expected testimony of each witness, because if a witness' testimony is not material or simply repetitive of another witness, the court may in its discretion decline to order the subpoena of the witness.  See Lloyd v. McKendree, 749 F.2d 705, 707 (11th Cir. 1985).

Plaintiff should be aware that whether the witness is subpoenaed to testify at trial by a pauper or not, Rule 45(b) requires that a subpoena must be accompanied by a per diem fee ($40 per day), and a subsistence fee if overnight stay is required, and mileage at $0.505 per mile each way, or it need not be obeyed.  The witness will be so informed by the subpoena.  It is the responsibility of the subpoenaing party to provide that money to the clerk's office for tender with the subpoena.  However, even if the plaintiff cannot

tender the required fee, witnesses still may be subpoenaed and may still attend if they agree to do so without payment of the per diem fee and reimbursement of expenses.

(5)     **On or before September 8, 2008,** the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, identify any part of a deposition or other document that a party expects to use at trial.  Adverse parties shall within **ONE WEEK THEREAFTER** identify any responsive parts of depositions expected to be used, and a party shall within **THREE DAYS** of the designation of such responsive parts designate any part which is desired as a rebuttal thereto.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment.  Except to the extent written objections are served and filed **FOURTEEN days prior to the trial date**, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

(6)     **On or before September 8, 2008,** the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, furnish the opposing party for copying and inspection all exhibits or tangible evidence to be used at the trial, and the proffering party shall have such evidence marked for identification prior to trial.

Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment. Except to the extent written objections are served and filed no later than **FOURTEEN days prior to the trial date**, the evidence shall be deemed genuine and admissible. The offering party shall file a written response to the objections not later than **SEVEN days** prior to trial and shall include a premarked copy of the evidence at issue. The written objections shall set forth the grounds and legal authorities. All trial exhibits must be premarked prior to trial.

Plaintiff is reminded that it is his responsibility to keep the clerk's office advised of any change of address.

DONE this 28th day of July, 2008.

                                            /s/ Ira DeMent
                                  SENIOR UNITED STATES DISTRICT JUDGE